UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T., <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER, and KAVITHA CHAGANUR, <br><br> Defendants. | CASE NO: 2:24-CV-0262-TOR <br><br> JURY TRIAL SCHEDULING ORDER |

BEFORE THE COURT is the parties' Joint Status Certificate (ECF No. 141). The Court has reviewed the record and pleadings therein and is fully informed. The Court enters the following scheduling order and strikes the Scheduling Conference set for January 22, 2025, from the Court's calendar.

**ACCORDINGLY**, **IT IS ORDERED**:

    **General Court Procedures**

JURY TRIAL SCHEDULING ORDER ~ 1

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.  Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel are to review and employ Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness To Opposing Party And Counsel).

**1.  Mediation**

If parties elect to proceed to mediation, it should be completed as early as possible to avoid the unnecessary expenditure of judicial resources.

**2.  Rule 26(a)(1) Exchange**

If not already accomplished, the parties shall disclose their Fed. R. Civ. P. 26(a)(1) material no later than **January 21, 2025**.

**3.  Motions to Amend Pleadings or Add Parties**

Any motion to amend the pleadings or add parties shall be filed no later than **March 31, 2025**.

**4.  Rule 26(a)(2) Expert Identification and Reports**

The parties are cautioned that failure to timely identify experts or provide reports in accordance with Rule 26 and this scheduling order may result in

exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

JURY TRIAL SCHEDULING ORDER ~ 3

### A. Plaintiff - Initial Expert Disclosures

Each Plaintiff shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **December 22, 2025**. Each Plaintiff shall also provide dates for which those experts can be available for deposition.

### B. Defendant - Initial Expert Disclosure

Each Defendant shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **January 19, 2026**. Each Defendant shall also provide dates for which those experts can be available for deposition.

### C. Plaintiff - Rebuttal Expert Disclosure

Each Plaintiff shall identify its rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than **February 9, 2026**. Each Plaintiff shall also provide dates for which those experts can be available for deposition.

**5. Discovery Cutoff**

### A. Generally

All discovery, including depositions and perpetuation depositions, shall be completed by **March 2, 2026** ("Discovery Cutoff"). To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely

response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

### B. Depositions, Interrogatories, Requests for Production/Admission

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants. Fed. R. Civ. P. 30(a)(2)(A) and (d)(1).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1) and advisory committee notes (1993) explaining "discrete subparts".

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party. LCivR 34(d).

Unless otherwise stipulated, any one party may serve no more than 15 requests for admission, including discrete subparts, on any other party. LCivR 36(c).

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C. Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's

JURY TRIAL SCHEDULING ORDER ~ 5

deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### D. Motions to Compel

To avoid wasted time and expense, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Motions to compel seeking sanctions shall be filed in writing.

### 6. Dispositive and *Daubert* Motions

All dispositive and *Daubert* motions shall be filed on or before **March 9, 2026**. Responses and replies to dispositive and *Daubert* motions shall comply with LCivR 7. No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed without Court permission.

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing.

### 7. Motion Practice

#### A. Notice of Hearing

Parties are to comply with LCivR 7(i) when noting motions for hearing. All dispositive motion hearings in which oral argument has been approved by the

JURY TRIAL SCHEDULING ORDER ~ 6

1  Court will be set for appearance.  The Court does not conduct dispositive motion

2  hearings via telephone or other remote means.  Non-dispositive motions shall be

3  noted for hearing without oral argument.

### B.  Motions to Expedite

5   If there is a need to have a motion heard on an expedited basis, the party must

6  file a motion to expedite and an accompanying memorandum (or declaration)

7  establishing the need for an expedited hearing.  The motion shall be noted for

8  hearing, without oral argument, no earlier than seven (7) days after the filing of the

9  motion, or two (2) days after the date of filing with prior permission from the

10  Court.  Pursuant to local rule, motions (including stipulated motions) may **not** be

11  noted for hearing for the same they are filed.

### C.  Citing Previously-Filed Documents

13   All references to a previously filed document shall cite to the electronic case

14  filing (ECF) record number and page number within that ECF record, in the

15  following format, "ECF No. __ at __."  Such documents shall not be attached as

16  exhibits.

### D.  Reliance on Deposition Testimony

18   When a party relies on deposition testimony to support a position it takes in

19  support or opposition to an issue, that party shall provide the Court <u>with the

20  pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page

JURY TRIAL SCHEDULING ORDER ~ 7

and line numbers of the deposition it believes supports its position. *See generally* LCivR 56(c). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

### E. Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F. Motions to Reconsider

Motions to reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

### G. Decisions on Motions

The parties may call to inquire about the status of a decision on a motion if the Court has not issued an order within **thirty (30) days after** the hearing on said motion.

**8. Witness/Exhibit Lists**

Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **April 20, 2026**.

    **A. Witness Lists**

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts the witness may have.

    **B. Exhibit Lists**

Exhibit lists shall include a brief description of the exhibit. All exhibits shall be pre-marked with Plaintiffs' exhibits numbered 1-499 and Defendants' exhibits numbered 500-999. Exhibits shall be marked in the lower right corner of the exhibit when practicable. Electronic exhibits shall also be marked with exhibit stickers containing only the exhibit number as described above. No other numbering (e.g. Bates numbering) shall be included on the exhibit sticker.

    **C. Objections**

Objections to witnesses/exhibits shall be filed and served on or before **April 27, 2026**, AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for

the objection. The party seeking the admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

**9. Deposition Designations**

    **A. Generally**

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served <u>but not filed</u> on or before **April 20, 2026.**

    **B. Cross-Designations**

Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served <u>but not filed</u> on or before **April 27, 2026.**

    **C. Objections**

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **May 4, 2026.** Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has

1  five (5) days, excluding federal holidays and weekends, to file a response; no reply

2  shall be filed. If the deposition was videotaped, and the videotape is to be used at

3  trial, the party seeking to use the videotaped deposition shall indicate the relevant

4  portion on both the written transcript and the videotape.  Similarly, objections shall

5  be made on the written transcript as explained above along with the applicable time

6  stamp on the video tape noted.  All objections to deposition and prior testimony

7  designations shall be heard and resolved at the pretrial conference with the

8  videotape available for display.

**10. Motions in Limine**

All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by motions in limine to be filed and served on or before **April 27, 2026.**  Such motions will be addressed and resolved at the pretrial conference.  However, motions in limine may not reargue issues already decided by the Court.

**11. Pretrial Order**

    **A.  Generally**

A joint proposed pretrial order prepared in accordance with LCivR 16(e) shall be filed on or before **May 18, 2026**, and a copy e-mailed, in Microsoft Word format, to "riceorders@waed.uscourts.gov".

### B. Exhibit List

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial. Copies of the parties' witness and exhibit lists shall be e-mailed to the Court at riceorders@waed.uscourts.gov.

**12. Trial Briefs, *Voir Dire*, and Jury Instructions**

### A. Generally

Trial briefs, requested *voir dire*, and jointly proposed jury instructions shall be filed and served on or before **May 18, 2026**.

### B. Trial Brief Length

Trial briefs shall not exceed twenty (20) pages without prior court approval. To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

### C. Jury Instructions

The parties' jointly proposed jury instructions shall include a table of contents, preliminary instructions, final substantive instructions, and a verdict form. The instructions shall be sequentially numbered and include a citation of authority for each. The instructions shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief sought, and otherwise

comply with LCivR 51(a). A party proposing a Jury Instruction that differs from a Ninth Circuit Model Civil Jury Instruction should submit a memorandum analyzing cases to support the modification.

### D. Individually Proposed Jury Instructions

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the jointly proposed instructions are due. All individually submitted proposed jury instructions must adhere to the format described above and not repeat the jointly proposed instructions.

### E. Objections

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five (5) days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in question should not be used or should be altered.

### F. Courtesy Copies

Counsel are instructed to e-mail courtesy copies of their **jointly** and **individually** proposed jury instructions, as well as their respective witness and exhibit lists, in Microsoft Word format, to riceorders@waed.uscourts.gov.

**13. Pretrial Conference**

A pretrial conference will be held on **May 27, 2026, at 9:00 a.m.,** in Spokane Courtroom 902. All parties trying the case must appear for the pretrial conference.

**14. Trial**

The jury trial shall commence on **June 8, 2026, at 8:30 a.m.,** in Spokane Courtroom 902.  Counsel shall appear at 8:30 a.m. on the first day of trial to address any pending pretrial matters. Jury selection will begin promptly at 9:00 a.m.

**The telephonic Scheduling Conference scheduled for January 23, 2025, is STRICKEN from the Court's calendar.**

IT IS SO ORDERED.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

DATED January 16, 2025.



THOMAS O. RICE
United States District Judge

JURY TRIAL SCHEDULING ORDER ~ 14