THE HONORABLE THOMAS O. RICE

MARKUS W. LOUVIER, #39319
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mlouvier@ecl-law.com

*Attorney for Defendants*

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD,<br><br>　　　　　Defendants. | Cause No. 2:24-cv-00262-TOR<br><br>DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT |

Defendants, Providence Sacred Heart Medical Center and Kavitha Chaganur, MD, by and through their attorneys of records, Markus W. Louvier, of the law firm Evans, Craven & Lackie, P.S., hereby submits this Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA
CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
"SECOND" AMENDED COMPLAINT - page 1

# I. ARGUMENT & AUTHORITY

Because Plaintiff's right to amend as a matter of course has expired, amendment may only be permitted if granted leave by the Court. CR 15. However, if the proposed amendment will result in prejudice to the non-moving party, then the amendment should be denied. *See Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). In determining prejudice, a court may consider undue delay, unfair surprise, and futility of amendment. *Haselwood v. Bremerton Ice Arena, Inc.*, 137 Wn. App. 872, 889, 155 P.3d 952 (2007), *aff'd*, 166 Wn.2d 489, 210 P.3d 308 (2009). Additionally, courts may consider inexcusable neglect as a reason to deny a motion to amend to add a defendant. *Haberman v. Washington Pub. Power Supply Sys.*, 109 Wn.2d 107, 174, 744 P.2d 1032 (1987), *amended by* 109 Wn.2d 107, 750 P.2d 254 (1988). Finally, a trial court appropriately denies a motion to amend if an amended claim is duplicative or futile. *Syputa v. Druck, Inc.*, 90 Wn. App. 638, 649, 954 P.2d 279 (1998); see *Shelton v. Azar, Inc.,* 90 Wn. App. 923, 928, 954 P.2d 352 (1998) (holding that the trial court abused its discretion when it granted a motion to compel because pursuit of new claim would be futile).

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 2

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff's Motion to Amend should be denied where Plaintiff has demonstrated undue delay and inexcusable neglect in previously failing to add Dr. Timothy Ball as a defendant, and Plaintiff seeks to add futile claims.

**A. Plaintiff has unreasonably delayed in seeking to amend their Complaint, shown inexcusable neglect in failing to add Dr. Ball as a party, and presented no reasonable justification for such.**

A motion to amend may be denied where the proposed amendment will cause prejudice to the nonmoving party as a result of undue delay. See *Wilson*, 137 Wn.2d at 505, 974 P.2d 316; *see also Herron*, 108 Wn.2d at 165-66, 736 P.2d 249. Further, if the parties are apparent, or are ascertainable upon reasonable investigation, the failure to name them will be held to be inexcusable. *Haberman*, 109 Wn.2d 174, 744 P.2d 1032. In cases where leave to amend to add additional defendants has been sought, the Supreme Court of Washington has clearly held that inexcusable neglect alone is sufficient ground for denying the motion. *Id*.; *Tellinghuisen v. King Cty.*, 103 Wn.2d 221, 223, 691 P.2d 575 (1984); *South Hollywood Hills Citizens Ass'n v. King Cty.*, 101 Wn.2d 68, 77, 677 P.2d 114 (1984). Here, Plaintiff has unreasonably delayed seeking a proposed "second" Amended Complaint and demonstrated inexcusable neglect in repeatedly failing to add Dr. Ball as a Defendant to this action.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 3

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff initially filed his lawsuit against Defendants Sacred Heart Medical Center and Dr. Chaganur, among other defendants, nearly three years ago, on March 31, 2021, in the United States District Court of Montana. ECF No. 1. Plaintiff continued to file his amended complaints against Defendants as follows:

| | |
|---|---|
| April 12, 2021: | First Amended Complaint. ECF No. 5. |
| May 8, 2021: | Second Amended Complaint. ECF No. 10. |
| August 3, 2021: | Third Amended Complaint. ECF No. 43. |
| November 29, 2021: | Fourth Amended Complaint. ECF No. 84. |
| March 6, 2022: | Fifth Amended Complaint. ECF No. 109. |

On July 29, 2024, the Montana District Court severed the claims against these Washington Defendants and transferred the claims to the United States District Court for the Eastern District of Washington. ECF No. 121. Plaintiff then filed a motion to amend his Complaint on September 11, 2024. ECF No. 126. Plaintiff's most recent amended Complaint was filed on November 3, 2024. ECF No. 133. After Plaintiff filed a Motion for Default on Christmas Day, Defendants responded to this Amended Complaint on December 26, 2024. ECF Nos. 136 and 137. Plaintiff now files another motion to amend his Complaint, seeking to add Dr. Timothy Ball, M.D. as a Defendant and a claim for punitive damages. ECF No. 144.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 4

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Here, Plaintiff was well aware of his claims against these Defendants, as well as any potential claims against Dr. Ball, back in 2021. He has had ample opportunity to add a party to his claim. Plaintiff has amended his Complaint at least 6 times since 2021. Plaintiff has offered no legitimate explanation as to why he did not previously include Dr. Ball in his earlier Amended Complaints. Plaintiff even admits in his Motion for Leave to file his newly proposed amended complaint that "**Dr. Ball was notified in 2021 of this action and Plaintiff's intent to sue him**." ECF No. 144 at pg. 4. However, Plaintiff has intentionally failed to name Dr. Ball as a Defendant for nearly four years.

Further, Plaintiff was certainly aware of his potential claims against Dr. Ball based on Plaintiff's expert review conducted by Dr. Alexander Marmureanu. Plaintiff's expert, in his report, which was filed with the court on March 16, 2025, contains opinions regarding the care Dr. Ball provided to the patient Ms. Tackett. ECF No. 144-2. Plaintiff earlier disclosed this same expert report by Dr. Marmureanu as part of his Rule 26 initial disclosures. Such expert review was conducted prior to the transfer of this claim to Washington and clearly indicates Plaintiff's knowledge of his potential claims against Dr. Ball.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 5

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff's only proffered excuse for such a delay and neglect is that Plaintiff did not have information regarding Dr. Ball's relationship to Defendant Providence until after receipt of Defendants' discovery responses. ECF No. 144 at pg. 3. Such information is irrelevant to whether Dr. Ball could have been named as a party without such delay.

Defendants will undoubtedly be prejudiced if Plaintiff is allowed to amend his Complaint. Plaintiff has waited a superfluous amount of time to add additional known parties. Plaintiff's unreasonable delay and neglect should not be permitted.

**B. Plaintiff's sought claims against Dr. Timothy Ball, M.D. and sought punitive damages claims are futile.**

A court may deny a motion to amend if an amended claim is duplicative or futile. *Syputa v. Druck, Inc.*, 90 Wn. App. 638, 649, 954 P.2d 279 (1998). A court properly denies a motion to amend a pleading when the proposed amendment is futile. *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 142, 937 P.2d 154 (1997) (plurality opinion). A claim is futile "where there is no evidence to support or prove existing or additional allegations and causes of action." *Nakata v. Blue Bird, Inc.*, 146 Wn. App. 267, 279, 191 P.3d 900 (2008).

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 6

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Here, Plaintiff seeks to add Dr. Timothy Ball, M.D., as a new Defendant to this action; such claims against Dr. Ball are futile where Plaintiff's claims are not timely plead. Finally, Plaintiff seeks to add a punitive damages claim against all defendants, however such claim is futile where it is not actionable under Washington law. As such, Plaintiff's motion should be denied.

1. *<u>Plaintiff's claims against Dr. Timothy Ball, M.D. are not timely according to the applicable statute of limitations.</u>*

Plaintiff's claims arise from health care provided to Plaintiff's wife, Robbie Tackett, prior to her death on July 31, 2019. The relevant Washington health care providers administered care and treatment to Ms. Tacket in November 2018.

Plaintiff's claims against Dr. Timothy Ball are time barred by RCW 4.16.350(3):

> (3) An entity, whether or not incorporated, facility, or institution employing one or more persons described in subsection (1) of this section, including, but not limited to, a hospital, clinic, health maintenance organization, or nursing home; or an officer, director, employee, or agent thereof acting in the course and scope of his or her employment, including, in the event such officer, director, employee, or agent is deceased, his or her estate or personal representative; **based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or**

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 7

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

> **her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission.**

In a medical negligence cause of action, the onus is on the plaintiff to file suit within the timeframes established by RCW 4.16.350(3). Here, Plaintiff now attempts to add Dr. Timothy Ball as a defendant alleging the same claims of medical negligence. As previously stated, Plaintiff had actual knowledge of his potential claims against Dr. Ball, at the latest, in 2021. Again, Plaintiff admits in his Motion for Leave to file his newly proposed amended complaint that "Dr. Ball was notified in 2021 of this action and Plaintiff's intent to sue him." Moreover, Plaintiff likely knew of his potential claim against Dr. Ball as early as July 31, 2019, and the alleged malpractice occurred as early as November 2018.

Here, Plaintiff did not file within three years of the alleged malpractice by Dr. Ball. There can be no argument that Plaintiff was unaware of such claims or the statute is otherwise inapplicable, since he threatened suit against Dr. Ball in 2001. As such, any claims against Dr. Ball regarding this matter are precluded by RCW 4.16.350(3)'s three-year statutory provision. It thus follows that Plaintiff's

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 8

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

motion to amend the complaint to include such time-barred claims should be denied as futile.

### 2. *Plaintiff's sought punitive damages claim is not actionable.*

Through Plaintiff's Motion to Amend his Complaint, Plaintiff seeks to add a claim for punitive damages against Defendants "to clarify the relevance of evidence as this case proceeds…and to put the Defendants on more specific notice of the claims facing them." However, such a claim for punitive damages is not actionable against Defendants.

It is well established that punitive damages are contrary to Washington public policy. *Dailey v. N. Coast Life Ins. Co*., 129 Wn.2d 572, 575, 919 P.2d 589 (1996). Washington state has long committed itself to the view that punitive damages "**cannot be recovered except when explicitly allowed by statute**." *Grays Harbor County v. Bay City Lumber Co*., 47 Wn.2d 879, 289 P.2d 975 (1955). Washington law permits only "compensatory damages [to] fully compensate the plaintiff for all injuries to person or property, tangible or intangible." *Barr v. Interbay Citizens Bank of Tampa*, 96 Wn.2d 692, 700, 635 P.2d 441, 649 P.2d 827 (1981) (*citing Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 52-53, 25 P. 1072 (1891)).

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 9

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Here, Plaintiff brings claims of medical negligence under RCW 7.70. Punitive damages are not authorized under the Washington medical malpractice statute. An amendment to add a claim of punitive damages would in no way "clarify the relevance of evidence" where such damages are not permissible. Thus, Plaintiff's claim for punitive damages would be futile. As such, Plaintiff's Motion should be denied.

## II.   CONCLUSION

Based on the foregoing argument and authority, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion for Leave to Amend Complaint.

DATED this 23rd day of March, 2025.

> EVANS, CRAVEN & LACKIE, P.S.
> By: /s/   Markus Louvier
> MARKUS W. LOUVIER, #39319
> Attorneys for Defendants
> Evans, Craven & Lackie, P.S.
> 818 West Riverside, Suite 250
> Spokane, Washington 99201
> (509) 455-5200
> (509) 455-3632 Facsimile
> mlouvier@ecl-law.com

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 10

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

***Plaintiff, Pro Se***
Brian Tackett
POB 448
Troy, Montana 59935
Tackett59935@gmail.com

   s/*Markus Louvier*
MARKUS W. LOUVIER, #39319
Attorneys for Defendants
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/   (509) 455-3632 Facsimile
mlouvier@ecl-law.com

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "SECOND" AMENDED COMPLAINT - page 11

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632