UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, an individual<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, and<br>KAVITHA CHAGANUR, M.D.<br><br>Defendant. | NO. 2:24-CV-0262-TOR<br><br>ORDER GRANTING IN PART SECOND MOTION FOR LEAVE TO AMEND COMPLAINT |

BEFORE THE COURT is Plaintiff's Second Motion for Leave to File an Amended Complaint (ECF No. 144). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Second Motion for Leave to File an Amended Complaint (ECF No. 144) is **GRANTED IN PART**.

## DISCUSSION

This action arises out of the sudden cardiac death ("SCD") of Plaintiff's spouse, Robbie Tackett ("Robbie"), on July 31, 2019. ECF No. 1 at ¶ 26. Plaintiff

ORDER GRANTING IN PART SECOND MOTION FOR LEAVE TO AMEND COMPLAINT ~ 1

originally brought this action in the District of Montana against various defendants including Providence Sacred Heart Medical Center ("Sacred Heart") and Kavitha Chaganur, MD ("Dr. Chaganur"), on March 31, 2021. *Id.* On July 29, 2024, the District of Montana severed the claims against Providence and Dr. Chaganur and transferred those claims to this district. ECF No. 123. Plaintiff filed a motion for leave to amend his complaint (ECF No. 126) on September 11, 2024, which the Court granted on October 17, 2024 (ECF No. 129). In the Amended Complaint, Plaintiff alleges that Defendants breached their duty of care in failing to properly diagnose Robbie with a high risk of SCD and provide proper treatment that would have prevented her death. ECF No. 133 at 2. Now Plaintiff seeks leave to file a second amended complaint with this Court. ECF No. 144)

## DISCUSSION

Plaintiff originally requested leave to file an amended complaint that added Timothy Ball, M.D. as an additional defendant, a new claim for punitive damages, and additional information learned through discovery that Plaintiff asserts will flesh out the facts and allegations made in the original complaint. ECF No. 144. Defendants oppose Plaintiff's motion on the basis that adding Dr. Ball is untimely per the applicable statute of limitations and punitive damages are not available for medical malpractice claims in Washington. ECF No. 145. In Plaintiff's reply briefing, he concedes that Dr. Ball is not a necessary party to the case and that

1  punitive damages are not an available remedy under Washington law.  ECF No.

2  146.  Plaintiff therefore requests that he be permitted leave to amend the complaint

3  only with regard to the additional facts he seeks to incorporate as provided in his

4  revised proposed amended complaint (ECF No. 146-1).  *Id.*

5       Amendment of pleadings is governed by Federal Rule of Civil Procedure 15.

6  Under Rule 15(a)(2), a plaintiff seeking to amend his complaint after an answer

7  has been filed must obtain either the opposing party's written consent or leave of

8  the court.  Fed. R. Civ. P. 15(a)(2).  The standard for granting leave to amend is

9  generous: "The court should freely give leave when justice so requires."  Fed. R.

10  Civ. P. 15(a)(2).  In deciding whether leave to amend should be granted, a court

11  must consider the following five factors: "(1) bad faith; (2) undue delay; (3)

12  prejudice to the opposing party; (4) futility of amendment; and (5) whether the

13  plaintiff has previously amended his complaint."  *Nunes v. Ashcroft*, 375 F.3d 805,

14  808 (9th Cir. 2004).

15       In reviewing these factors, the Court finds they weigh in favor of granting

16  Plaintiff's motion as to the revised proposed amendment.  There is no evidence of

17  bad faith in Plaintiff seeking leave to amend to add additional facts; Plaintiff

18  reasons that the additional facts will aid the Court and Defendants of the

19  allegations made against Defendants.  ECF No. 144 at 3.  Plaintiff explains the

20  amendment incorporates information learned through recent discovery, therefore, it

ORDER GRANTING IN PART SECOND MOTION FOR LEAVE TO
AMEND COMPLAINT ~ 3

does not appear there was undue delay in seeking the amendment. *Id.* Moreover, now that Plaintiff has withdrawn his request to add an additional defendant and a claim for punitive damages, there is no prejudice to Defendants in permitting the amendment because the changes do not materially alter Plaintiff's claims. Further, Defendants did not object to the addition of the additional facts on the basis of undue prejudice. Finally, the amendment is not futile as the complaint is not currently subject to dismissal, and while Plaintiff has previously amended the complaint several times in the life of the case, this is only the second amendment filed with this Court after the claims against Defendants were severed by the Montana District Court.

For these reasons, Plaintiff's motion for leave to amend is granted with regard to the revised proposed amended complaint (ECF No. 146-1).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Second Motion for Leave to File an Amended Complaint (ECF No. 144) is **GRANTED IN PART**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED April 29, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART SECOND MOTION FOR LEAVE TO AMEND COMPLAINT ~ 4