IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION
CIVIL NO. 2:24-cv-00262-TOR

BRIAN TACKETT individually, as
Personal Representative of the Estate
of Robbie Ann Tackett, and as
Guardian of Minor Children G.T. and
G.T.                                              PLAINTIFF

vs.

PROVIDENCE SCRED HEART MECICAL CENTER,
KAVITHA CHAGANUR, M.D.
                                                  DEFENDANTS

**SECOND AMENDED COMPLAINT WITH JURY DEMAND**

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title 28 United States Code Section 1332.

2. This Court has venue pursuant to Title 28 United States Code Section 1391.

PARTIES

3. Plaintiff Brian Tackett is an individual resident of the State of Montana.

4. Defendant Providence Sacred Heart Medical Center is an association with a facility located in Spokane County, Washington. Providence is not a resident of Montana.

5. Defendant Kavitha Chaganur is a doctor practicing internal medicine at Providence Sacred Heart Medical Center, in Spokane County, Washington. Dr. Chaganur is not a resident of Montana.

SUMMARY

6. Robbie Ann Tackett died of sudden cardiac death, or SCD, on July 31, 2019. Robbie was 51 years old. She left behind a husband, a six year old daughter, and an eight year old son.

*Standard of Care*

7. When Robbie was treated by the Defendants some months before her death, it was well documented, and the Defendants knew, that she had a left bundle branch block, ejection fraction (EF) under 20%, and had been on guideline recommended optimal medical therapy for over 90 days for heart failure. The applicable standard of care for Robbie at that time was a diagnosis of the high risk of SCD with a follow-up consultation, referral, and recommendation to an electro physiologist for placement of an implantable cardiac defibrillator, or ICD.

Because this diagnosis and follow-up treatment was not made, Robbie was not provided an ICD and suffered a preventable SCD on July 31, 2019.

8. Hospitals holding themselves out to the public as experts in the treatment of cardiac patients are required to have guidelines, policies and directives available to its employees ensuring that proper diagnosis of the risk of sudden cardiac death are made when a patient presents with low ejection fraction and heart failure.

9. Hospitals providing cardiac care operating in the State of Washington are required to provide staff to provide the necessary diagnosis and treatment of the high risk of SCD where it appears upon presentation. These cardiac hospitals are required to have policies and guidelines to assist and inform its employees regarding the high risk and treatment of SCD.

*Departure from Standard of Care*

10. Defendants Dr. Chaganur, and Dr. Ball, and all the other employees of Defendant Providence Sacred Heart Medical Center, from November 1, 20218 until July 31, 2019, failed to diagnose Robbie Tackett with the high risk of SCD and to undertake the follow-up care, including but not limited to, consultations, recommendations and referrals, required with that diagnosis. Defendant Providence Sacred Heart failed to provide staff to administer the appropriate care to Robbie. This included making the diagnosis of a present high risk of SCD,

conferring with Robbie in a shared decision making process which included informing her of the seriously high risk of SCD without preventive treatment, and the actual implant of a defibrillator (ICD) or the recommendation to an electro physiologist for such implant.

11. Defendant Providence Sacred Heart Medical Center failed to provide policies, guidelines or directives to its employee health care providers for diagnosing and treating patients with high risk of SCD.

*The Departure Caused the Injury*

12. Robbie Tackett died of SCD on July 31, 2019. The placement of an ICD would have prevented her death at that time. Proper follow-up treatment would also have improved Robbie's condition. Robbie's death also forced Plaintiff to choose between caring for his business or his motherless children. Because Plaintiff could not care for both, Plaintiff lost his very profitable business.

*The Departure was a Gross Departure From the Standard of Care*

13. Upon information and belief, the departure from the applicable standard of care in this matter was gross and extreme, likely underpinned by financial motivations.

## APPLICABLE FACTS

14. Robbie Tackett passed away from a fatal heart arrhythmia on July 31, 2019. This is referred to as sudden cardiac death.

15. Plaintiff was married to Robbie when she died.

16. Plaintiff and Robbie have two children, ages 6 and 8 when Robbie died.

17. Plaintiff was just starting a new construction venture in Mississippi when Robbie died.

18. Plaintiff was unable to continue running the new construction venture and care for his two motherless children simultaneously.

19. Plaintiff lost the construction company following Robbie's death. Plaintiff had over $400,000 invested in said company.

20. Plaintiff was able to negotiate the surrender of equipment and sale of assets to mitigate the damage caused from his inability to continue in the company, but was forced to take a significant loss.

21. With the loss of the business, Plaintiff lost all opportunity at future income therefrom.

22. Robbie was insured by Montana Medicaid.

23. Montana Medicaid paid all invoices from Providence Sacred Heart Medical Center for Robbie's care.

24. Robbie had been treated for heart failure by Dr. Highfill in Montana.

25. Dr. Highfill had recommended, in March of 2018, that Robbie undergo medical treatment for 6 weeks; if the treatment failed to significantly improve Robbie's EF in that time, he recommended she be treated with heart resynchronization.

26. On November 1, 2018, at 5:02 AM, after Robbie had been on medical therapy for over 180 days under Dr. Highfill, Robbie was admitted to the Providence Sacred Heart Medical Center in Spokane, Washington. Robbie was treated at Providence until her release, on November 4, 2018, by Defendants Dr. Kavitha Chaganur, M.D. and Dr. Timothy Ball, M.D., among other employees of Defendant Providence Sacred Heart Medical Center.

27. Defendant Dr. Chaganur was an employee of the Defendant Providence Sacred Heart Medical Center from November 1, 2018 until November 4, 2018.

28. Defendant Dr. Ball was an employee of Defendant Providence Sacred Heart Medical Center from November 1, 2018 until November 4, 2018.

29. Defendant Providence Sacred Heart Medical Center contracted with Defendants Dr. Chaganur and Dr. Ball to fully indemnify them for all liability from medical malpractice claims arising from their work at the hospital.

30. From beginning to end, during Robbie's entire stay at Providence, she was never diagnosed with the high risk of SCD. A diagnosis followed with proper treatment would have prevented her death on July 31, 2019. It was well known at the time that SCD was effectively preventable with an ICD. Defendants had the duty to make the diagnosis and provide the proper care.

31. The standard of care required Defendants Dr. Changanur and Dr. Ball, among others, while Robbie was treated at Providence, to properly diagnose Robbie with the high risk of SCD, to warn Robbie of the danger, and to refer her for, or implement for her, the proper treatment.

32. All of the healthcare professionals working for Providence, including Dr. Chaganur and Dr. Ball, failed to make the high risk of SCD diagnosis for Robbie; no one, therefore, followed up with anything to address her seriously high risk of sudden death, including but not limited to, giving any care, making any recommendations, or providing any warnings to Robbie.

33. The standard of care required Providence to provide the appropriate medical staff to properly treat Robbie with the diagnosis and treatment of SCD. Providence failed to provide Robbie with the staff to provide the proper care.

34. The value of Plaintiff's loses significantly exceeds the value necessary to support diversity jurisdiction.

35. Plaintiff has attached an expert report supporting the above allegations of the standard of care, the Defendants' breach of the standard, and the causation of Robbie's preventable death from the breach of the standard.

## CLAIMS

36. Plaintiff incorporates all of the above herein.

37. Defendant Dr. Chaganur, Defendant Dr. Ball, and Defendant Providence Sacred Heart Medical Center breached their duty to properly care for Robbie by failing to diagnose the very high risk of SCD and provide Robbie with the required follow-up care and recommendations.

38. This failure was the proximate cause of Robbie's death. Had Robbie been treated with an ICD she would not have died when and where she did.

39. Plaintiff suffered the loss of his marriage with Robbie, and the loss of her comfort, aid, and support. Plaintiff suffered the loss of his business, Brian

Tackett, LLC, a contracting company located in Memphis, Tennessee, as a direct result of his inability to both run the business and care for his two motherless children following Robbie's death.

RELIEF

40. Plaintiff prays this Court will:

    A. Award compensatory damages in an amount to be determined by a jury;

    B. Award reimbursement to Montana Medicaid for the payments made to Providence;

    C. Grant a trial by jury on all issues so triable;

    D. Award all cost and fees for this action; and

    E. Grant any other relief this Court deems necessary to correct the harms done.

43. Plaintiff hereby reserves the privilege to request to amend this complaint should it become necessary.

Date: 5-3-2025.

Respectfully Submitted,

/S/ _____,
Brian Tackett
POB 448
Troy MT 59935
662/544-4500
Tackett59935@gmail.com