FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T.,<br><br>               Plaintiff,<br><br>   v.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, and KAVITHA CHAGANUR, MD,<br><br>               Defendant. | NO. 2:24-CV-0262-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

    BEFORE THE COURT are Plaintiff's First Motion to Compel (ECF No. 150), Defendants' Motion for Leave to File Excess Pages (ECF No. 156), and Plaintiff's Motion for Leave to File Excess Pages (ECF No. 157). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below,

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ~ 1

1 Plaintiff's First Motion to Compel (ECF No. 15) is **DENIED** and the remaining

2 pending motions are **DENIED as moot**.

### DISCUSSION

Plaintiff brings this fifty-two (52) page motion to compel Defendants to produce documents responsive to twenty-two (22) discovery requests that allegedly remain outstanding.  ECF No. 150.

Under Rule 37, a requesting party may move the court to compel disclosure or discovery required by Rule 26(a) if the party fails to comply with the discovery request.  Fed. R. Civ. P. 37(a).  The motion must include certification that the moving party "in good faith conferred or attempted to confer" with opposing counsel in an effort to obtain discovery before resorting to court action.  *Id*. Additionally, LCivR 7(f)(2) limits the length of nondispositive motions and responsive memoranda to ten pages.

Plaintiff states in his motion that the parties are not on speaking terms and "have de facto consented to waive the rule requiring a pre-filing conference prior to filing a motion or scheduling a deposition; thus no such conference has taken place." ECF No. 151 at 1.  Defendants respond that no such agreement to waive any pre-filing conference or disregard rules is in place nor have they refused to meet with Plaintiff.  ECF No. 153.  In reply, Plaintiff argues he complied with the "spirit and substance of Rule 26 and LCR 37 by giving notice of dissatisfaction

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ~ 2

with Defendants' responses and by advising a motion to compel would follow if supplementation was not forthcoming." ECF No. 155 at 1.

Plaintiff has not satisfied Rule 37(a)'s good faith requirement to confer or attempt to confer prior to requesting the Court intervene with an order to compel production. "It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *In re M.C. Prods., Inc.*, 205 F.3d 1351 (9th Cir. 1999) (unpublished opinion). The federal rules of civil procedure, "should be construed, administered, and employed by the court **_and the parties_** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). The Court will not waive Rule 37(a)'s meet and confer requirement because the parties agree to do so, although Defendants contend no such waiver was made. The rule exists for a reason, namely to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Harter v. CPS Sec. (USA), Inc.*, No. 2:12-CV-00084-MMD, 2013 WL 4040090, at *2 (D. Nev. Aug. 6, 2013) (quoting *Nevada Power v. Monsanto,* 151 F.R.D. 118, 120 (D. Nev. 1993)). The process demands a good faith effort at resolution or the narrowing of the issues.

Plaintiff's notice of dissatisfaction with Defendants' responses and warning that a motion to compel would be filed if supplementation was not forthcoming is not what the Court regards as an earnest attempt to "meet and confer" for purposes of a motion to compel under discovery rules. Judicial economy is not served by the Court entertaining 52-page long discovery motions simply because a party has decided they are not on speaking terms with the opposing party. Moreover, Defendants have stated that they have never refused to meet with Plaintiff. ECF No. 153 at 4. Therefore, the Court denies Plaintiff's motion to compel without prejudice. The parties are directed to meet, whether in person or telephonically, and negotiate in good faith regarding the disputed discovery issues. Should the Court's intervention thereafter become necessary, Plaintiff must bring a new motion to compel discovery which briefly details the parties' efforts to reach agreement.

Additionally, any future motions must follow the page limits set out under LCivR 7 unless the party obtains prior approval from the Court to exceed the designated page limits pursuant to LCivR 7(f)(5). Additional pages beyond the page limit will otherwise not be considered by the Court.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's First Motion to Compel (ECF No. 150) is **DENIED**.

2. Defendants' Motion for Leave to File Excess Pages (ECF No. 156) and Plaintiff's Motion for Leave to File Excess Pages (ECF No. 157) are **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel and Plaintiff.

DATED September 5, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ~ 5