FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T., <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER, and KAVITHA CHAGANUR, MD, <br><br> Defendants. | NO. 2:24-CV-0262-TOR-TOR <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DISCOVERY AND MOTION FOR EXCESS PAGES |

BEFORE THE COURT are Plaintiff's Second Motion for Discovery (ECF No. 159) and Second Motion for Leave to File Excess Pages (ECF No. 160). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Second Motion for Discovery (ECF No. 159) is

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DISCOVERY AND MOTION FOR EXCESS PAGES ~ 1

**DENIED** and Second Motion for Leave to File Excess Pages (ECF No. 160) is **DENIED as moot**.

## DISCUSSION

Plaintiff previously filed a 52-page motion to compel Defendants to comply with Plaintiff's discovery requests on August 13, 2025 (ECF No. 150). The Court denied Plaintiff's motion concluding that Plaintiff had not engaged in a good faith effort to meet and confer with Defendants prior to filing the motion to compel as required under Federal Rule of Civil Procedure 37(a). The Court directed the parties to meet and confer either in person or telephonically to address the disputed discovery issues in good faith. ECF No. 158. Only after the parties met and conferred, and court intervention was necessary, was Plaintiff permitted to file a new motion to compel that briefly detailed the parties' efforts to reach agreement. *Id.* at 4.

Twelve days after the Court issued its order, Plaintiff filed the second motion to compel now before the Court. In his renewed motion, Plaintiff asserts that the Court's previous order directing the parties to meet and confer was satisfied because the parties *attempted* to meet and confer. ECF No. 159 at 2. From the briefings provided, it appears that after the Court's previous order, the parties made one attempt to meet and confer on the discovery issues through a scheduled phone call set for September 17, 2025. *Id.* Plaintiff and defense

counsel, Markus Louvier and Stephanie Crockett, were to attend the meeting and Plaintiff was to initiate with a phone call. ECF No. 163. Plaintiff called at the agreed upon time and was told by the firm's receptionist that Ms. Crockett and Mr. Louvier were in a meeting and unavailable. ECF No. 164. This was an apparent miscommunication as Ms. Crockett and Mr. Louvier were in a meeting together awaiting Plaintiff's phone call. ECF No. 161 at 5. Plaintiff then refused to be transferred to Mr. Louvier or Ms. Crockett's voicemail and ended the call. *Id.* at 4. An hour later, Plaintiff notified counsel via email that he intended to renew his motion to compel and subsequently filed his renewed motion with the Court that afternoon. ECF No. 165-1 at 1.

Plaintiff argues this one attempt to meet and confer qualifies as a reasonable good faith effort to resolve a discovery dispute citing to *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). The Court disagrees and notes the very case Plaintiff relies on does not support his argument. As the district court there explained, "judicial intervention should be considered appropriate only when (1) informal negotiations have reached an impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege." *Nevada Power*, 151 F.R.D. at 120.

First, Plaintiff has not demonstrated that informal negotiations have reached

an impasse on substantive issues as there have been none and, second, while the apparent misunderstanding regarding the September 17 scheduled phone call may be frustrating, the evidence provided to the Court does not support a finding that Defendants' counsel was acting in bad faith.  Plaintiff's implied assertion that counsel's bad faith is evidenced by a failure to call or email Plaintiff back until after the instant motion was filed is unpersuasive as Plaintiff filed his motion with the Court less than three hours after the time for the scheduled phone call had passed.  Moreover, the evidence provided does not demonstrate a refusal by Defendants to engage in negotiations.

Pro se litigants are expected to follow the same rules of procedure as any other litigant even where their knowledge of discovery related procedures is limited.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").  Plaintiff is warned that a failure to follow procedural requirements, including any Court order, may result in sanctions up to and including dismissal of the action.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court directed the parties to meet and negotiate the discovery disputes in good faith prior to involving the Court, and only doing so if necessary.  ECF No.

158 at 4.  Plaintiff filing a second motion to compel discovery after the parties' single failed attempt to meet and confer due to a misunderstanding is not in compliance with the Court's previous order.  The parties shall meet and confer and both are expected to make every effort to engage in meaningful discovery negotiations.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Second Motion for Discovery (ECF No. 159) is **DENIED**.

2. Plaintiff's Second Motion for Leave to File Excess Pages (ECF No. 160) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to Plaintiff and counsel.

DATED October 9, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DISCOVERY AND MOTION FOR EXCESS PAGES ~ 5