THE HONORABLE THOMAS O. RICE

MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT,<br><br>    Plaintiff,<br><br>vs.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD,<br><br>    Defendants. | Cause No. 2:24-cv-00262-TOR<br><br>DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: March 2, 2026<br>Without Oral Argument |

COME NOW Defendant Dr. Kavitha Chaganur, MD, by and through her attorneys of record of the law firm Evans, Craven, & Lackie, P.S., and pursuant to Fed.R.Civ.P. 56 hereby moves the Court for an order dismissing all claims against Defendant Dr. Kavitha Chaganur with prejudice. This Motion is supported by the records and files herein, the subjoined memorandum of authorities, the LCivR 56(c)(1)(A) Statement of Facts, and the Declaration of Markus W. Louvier with supporting exhibit, filed herewith.

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR
SUMMARY JUDGMENT - page 1

## I. INTRODUCTION

This is a medical negligence lawsuit arising from health care provided to Plaintiff's wife, Mrs. Robbie Tackett in November 2018 for an acute stroke. Mrs. Tackett was discharged from Sacred Heart Medical Center in November 2018 and returned to her outpatient cardiology group in Montana. She died approximately eight (8) months later. Plaintiff claims that an implantable cardiac defibrillator ("ICD") should have been placed during the November of 2018 hospitalization. Plaintiff is critical of Defendant Dr. Kavitha Chaganur – a hospitalist – in connection with her treatment and evaluation of Mrs. Tackett. Plaintiff further asserts that Defendant Dr. Chaganur failed to provide informed consent to Mrs. Tackett. Pursuant to RCW 7.70.030 and .040, Plaintiff must produce qualified expert witness testimony establishing the standard of care in the State of Washington to the provider whom Plaintiff alleges violated the standard of care.

Plaintiff originally filed his Complaint over four years ago against Dr. Chaganur, among other defendants, in the United States District Court of Montana. *ECF No. 1*. Plaintiff has not produced the required expert testimony necessary to prove a prima facie case for his negligence and lack of informed consent claims against Defendant Dr. Chaganur. All of Plaintiff's claims are subject to dismissal as they are unsupported by sufficient evidence and expert testimony.

## II.  FACTS

Mrs. Tackett was diagnosed with heart failure by her primary cardiologist in or around March 2018. *SOF No. 4*. Dr. William Highfill, located in Libby, Montana, was Mrs. Tackett's primary cardiologist; Dr. Highfill managed Mrs. Tackett's treatment for heart failure and prescribed her medical therapy for her cardiac condition. *SOF No. 4-5*.

On November 1, 2018, Mrs. Tackett was transferred from Montana to PSHMC for an acute stroke. *SOF No. 6*. During her PSHMC admission, Mrs. Tackett was provided treatment for her stroke, which involved consultation from the PSHMC neurology team. *SOF No. 9*. Due to her pre-existing cardiac condition, Mrs. Tackett was also followed by the PSHMC cardiology team during her admission and treatment for an acute stroke. *SOF No. 10*. Dr. Chaganur was the attending provider for Mrs. Tackett from about November 2, 2018, until Mrs. Tackett was discharged on November 4, 2018. *SOF No. 8*.

Dr. Chaganur is a board-certified internal medicine specialist and has been a hospitalist at PSHMC since April 2012. *SOF No. 1*. As part of the internal medicine specialty at PSHMC, Dr. Chaganur coordinates patient care and involves the appropriate medical specialty consultants for specific patient problems. *SOF No. 2*. Accordingly, when providing treatment to Mrs. Tackett, Dr. Chaganur followed the consultants and their recommendations from the neurology and

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR
SUMMARY JUDGMENT - page 3

cardiology teams to evaluate and treat Mrs. Tackett. *SOF No. 11*. As a hospitalist, Dr. Chaganur would defer to the cardiology team regarding any recommendations for "any kind of implantable defibrillator or any kind of advanced therapy for [Mrs. Tackett's] low ejection fraction," and would follow the cardiology team's recommendations. *SOF No. 12*.

The decision to discharge Mrs. Tackett from PSHMC was a coordinated decision with the neurology and cardiology department teams and her discharge on November 4, 2018, did not occur until all teams cleared Mrs. Tackett for discharge. *SOF No. 15*. Prior to her discharge, Mrs. Tackett was provided with education and treatment for her acute stroke. *SOF No. 13*. Also prior to and at the time of her discharge on November 4, 2018, Mrs. Tackett was specifically recommended by the PSHMC cardiology team to closely follow up with her primary cardiologist Dr. Highfill, in Montana. *SOF No. 14*. About eight months after her discharge from PSHMC, Mrs. Tackett died on July 31, 2019. *SOF No. 16*.

Plaintiff filed his Second Amended Complaint, the operative Complaint, on May 3, 2025. *ECF No. 148*. Plaintiff brings medical negligence claims for alleged breach of the applicable standard of care under RCW 7.70.030 and .040. *ECF No. 148, ¶¶ 37-39*. Plaintiff specifically alleges against Defendant Dr. Chaganur that Mrs. Tackett, during her admission at PSHMC for an acute stroke, should have

been recommended and provided treatment with an implantable cardioverter defibrillator ("ICD") and diagnosed with a "high risk of [sudden cardiac death]." *Id*.

### III. LAW & ARGUMENT

**A. Summary Judgment Standard.**

Fed. R. Civ. P. 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Further, the moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).The Court is required to view facts in the light most favorable to the opposing party only if genuine issues of dispute arise as to those facts. *Scott*, 550 U.S. at 380. When the record is clear and belies the non-moving parties' assertions, summary judgment is appropriate. *Id*.

In Washington State, whenever an injury occurs as a result of health care, the action for damages for that injury is governed by RCW 7.70. Pursuant to RCW 7.70.040 the following necessary elements of proof that the injury resulted from failure to follow accepted standard of care:

(a) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, **in the state of Washington**, acting in the same or similar circumstances;

(b) Such failure was a proximate cause of the injury complained of.

Absent competent medical expert testimony on standard of care and causation, Plaintiff's medical negligence claims must be dismissed. In a medical negligence case, a health care provider "is entitled to summary judgment once [the provider] establishes that the plaintiff lacks competent expert testimony." *Morinaga v. Vue,* 85 Wn. App. 822,833,831 P.2d 637 (1997). Expert testimony is essential to establish both standard of care and causation. *Frausto v. Yakima HMA, LLC,* 188 Wn.2d 227, 231-32, 393 P.3d 776 (2017). If the plaintiff lacks expert testimony on one of the required elements, the defendant is entitled to summary judgment. *Reyes v. Yakima Health Dist.,* 191 Wn.2d 79,86,419 P.3d 819(2018).

B. **Applicable Law on Summary Judgment in Medical Malpractice Cases.**

Defendants moving for summary judgment in a medical malpractice claim may point out a lack of competent evidence to support an essential element of the

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 6

plaintiff's claim. A party seeking to establish liability must then provide expert testimony identify "specific facts" supporting their claims. *Guile v. Ballard Cmty. Hosp.*, 70 Wn. App. 18, 26, 851 P.2d 869 (1993). If no expert testimony is presented or if the expert testimony is insufficient, then summary judgment is warranted as a matter of law. *Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068, 1074 (2001) (citing *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989)). A responding party, in this case the plaintiff, "may not rest upon the mere allegations or denials of his/her pleading, but … must set forth specific facts showing that there is a genuine issue for trial." CR 56(e).

In a malpractice case, the plaintiff must establish the applicable standard of care relative to the specific moving defendant, breach of the applicable standard of care, and proximate cause linking the breach to the claimed injury. RCW 7.70.040; *Reyes v. Yakima Health Dist.,* 191 Wn.2d 79, 86, 419 P.3d 819, 822-23 (2018). By statute, the pertinent standard of care is one of reasonably prudent practice by someone in the same class or profession as the defendant at the time of the care at issue. RCW 7.70.040. Expert testimony must be based on admissible facts and not speculation or conjecture. *Seybold v. Neu,* 105 Wash.App.666, 19 P.3d 1068 (2001).

In a medical negligence case, causation evidence must link the alleged wrongful acts of the defendant and the claimed injury. *McLaughlin v. Cooke,* 112

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 7

Wn.2d 829, 837, 774 P.2d 1171, 1176 (1989). Medical testimony may not be based in speculation or conjecture. *O'Donoghue v. Riggs*, 73 Wn.2d 814, 824, 440 P.2d 823 (1968). To survive summary judgment, plaintiff's expert may not rest on conclusionary statements. *Thompson v. Everett Clinic*, 71 Wn. App. 548, 555, 860 P.2d 1054, 1059 (1993). "The expert may not merely allege that the defendants were negligent and must instead establish the applicable standard and how the defendant acted negligently by breaching that standard. Furthermore, the expert must link his or her conclusions to a factual basis. *Reyes,* 191 Wn.2d at 86-87. Causation opinion testimony "must speak in terms of probability and not mere possibility." *Colley v. PeaceHealth,* 177 Wn. App. 717, 728, 312 P.3d 989 (2013).

1. <u>There is no genuine issue of material fact demonstrating that Defendant Dr. Chaganur deviated from the required standard of care</u>.

RCW 7.70.040 sets forth the necessary elements of proof in a medical negligence action where plaintiff claims defendants failed to follow the accepted standards of care. The statute specifies these elements as follows:

> (1) the health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider in the profession or class to which he belongs, in the State of Washington, acting in the same or similar circumstances; (2) such failure was the proximate cause of the injury complained of.

It is well settled in the State of Washington that expert testimony is essential in malpractice cases where the plaintiff alleges the defendant violated the standard of care. *Stone v. Sisters of Charity,* 2 Wn. App. 607, 469 P.2d 229 (1970). In

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 8

*Harris v. Groth*, 99Wn.2d 438, 663 P.2d 113 (1983) the Washington Supreme Court emphasized that RCW 7.70.040 sets a state standard of care:

> The legislative history does, however, indicate an intent to alter existing law in one respect – **by limiting those who set the standard of care to healthcare providers within the State of Washington**. See, Legislative Report of the 44th 2nd Extraordinary Session 23 (1976). Thus, in attributing to the reasonably prudent healthcare provider the skills and training possessed by members of the same class or profession (See, RCW 4.24.290; W.Prosser §32, at 162), **the trier of fact must consider only those providers within the State of Washington**. See, RCW 7.70.040. (emphasis added).

92 Wn.2d at 447, footnote 4 (emphasis added). In the case of *Swanson v. Brigham*, 18 Wn. App. 647, 571 P.2d 217 (1977), at page 651, the Court of Appeals stated:

> Absent special exceptions, a plaintiff patient must establish the standard of professional practice at the time of the alleged injury and a violation of that standard through the testimony of the <u>professional equals</u> of the defendant physician. (Emphasis added).

From the above, it is clear that in a medical malpractice case the burden is on the plaintiff to come forward with a supporting affidavit of a medical practitioner establishing the necessary elements of a prima facie case. *Shoberg v. Kelly,* 1 Wn. App. 673, 463 P.2d 280 (1969). In *Shoberg*, the Court of Appeals upheld the trial court's summary judgment dismissal because the plaintiffs failed to produce medical testimony to support a prima facie case.

Here, unless Plaintiff comes forward with an appropriate affidavit from qualified medical experts stating that Defendant Dr. Chaganur violated the

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 9

relevant standard of care, Plaintiff's standard of care claim against Defendant Dr. Chaganur must be dismissed.

    2.    *<u>Plaintiff lacks expert testimony to establish any causal relationship between the alleged inappropriate conduct of Defendant Dr. Chaganur and Mrs. Tackett's death.</u>*

As alluded to above, RCW 7.70.040 requires plaintiffs to prove that the alleged deviation from the standard of care caused the injury complained of. In Washington, medical testimony must be proffered to establish the causal relationship between the liability-producing event and the claimed physical disability or injury resulting from the event. *O'Donoghue v. Riggs,* 73 Wn.2d 814, 440 P.2d 823 (1968). Medical testimony necessary to establish the requisite causal relationship must be definite enough to establish that the act complained of probably or more likely than not caused the subsequent injury or disability. *Orcutt v. Spokane County*, 58 Wn.2d 846, 364 P.2d 1102 (1961); *O'Donoghue,* 73 Wn.2d at 824.

In this case, unless Plaintiff comes forward with an affidavit from a qualified medical expert showing that Defendant Dr. Chaganur's conduct alleged to be in violation of the standard of care, was a proximate cause of the claimed injuries and damages, dismissal is warranted.

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 10

    3.    *<u>There is no genuine issue of material fact demonstrating that Defendant failed to inform Plaintiff of a material risk or risks relating to the treatment rendered</u>*.

RCW 7.70.030 also permits a patient to bring an action against a health care provider if the patient's injury resulted from health care to which the patient or his representative did not consent. The necessary elements of proof are:

(1)    That the health care provider failed to inform the patient of a material fact(s) relating to the treatment;

(2)    That the patient consented to the treatment without being aware of or fully informed of such material fact(s);

(3)    That a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact(s); and

(4)    That the treatment in question proximately caused injury to the patient.

Expert testimony is required to prove the existence of a risk, its probability of occurrence, and the harm which may result. *Bays v. St. Luke's Hospital*, 63 Wn. App. 876, 881, 825 P.2d 319 (1992). *See also* RCW 7.70.050(2).

Here, Plaintiff must come forward with expert testimony proving that Defendant Dr. Kavitha Chaganur failed to inform Mrs. Tackett of a material risk relating to her treatment and that Plaintiff consented to the treatment without being aware of or fully informed of such material risks or facts. In the absence of expert medical testimony regarding the existence of the risk, the materiality of the risk, the probability of the risk occurring, and the harm which may result from the risk,

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 11

Plaintiff's informed consent claim against Defendant Dr. Chaganur must be dismissed.

## IV.    CONCLUSION

Based on the foregoing, Defendant Dr. Chaganur respectfully requests the Court grant this Motion for Summary Judgment as to all of Plaintiff's claims and causes of action asserted against her with prejudice.

DATED this 9th day of January 2026.

        EVANS, CRAVEN & LACKIE, P.S.

        By: /s/ *Mark Louvier*
        MARKUS W. LOUVIER, WSBA #39319
        STEPHANIE A. CROCKETT, WSBA #62797
        Attorneys for Defendants
        Evans, Craven & Lackie, P.S.
        818 West Riverside, Suite 250
        Spokane, Washington 99201
        (509) 455-5200/(509) 455-3632 Facsimile
        mlouvier@ecl-law.com
        scrockett@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**_Plaintiff, Pro Se_**
Brian Tackett
POB 448
Troy, Montana 59935
Tackett59935@gmail.com

/s/ Markus Louvier_____
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

DEFENDANT DR. KAVITHA CHAGANUR, MD'S MOTION FOR SUMMARY JUDGMENT - page 13