FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT,<br><br>　　　　　　Plaintif,<br><br>v.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD,<br><br>　　　　　　Defendants. | NO.　2:24-cv-00262-TOR<br><br>NOTICE TO *PRO* SE LITIGANTS OF THE SUMMARY-JUDGMENT RULE REQUIREMENTS |

TO:  BRIAN TACKETT,

An opposing party in your case has filed 1) a motion for summary judgment under Federal Rule of Civil Procedure 56, or 2) a motion to dismiss that was construed by the Court as a motion for summary judgment.  For purposes of this Notice, the Court refers to this filed motion as a "summary-judgment motion."

Under the Local Civil Rules and the Federal Rules of Civil Procedure, you have a responsibility to file a timely and sufficient response to this summary-judgment motion if you wish to proceed with this lawsuit.  This Notice informs you of some of your response requirements; however, you must be familiar with the Local Civil Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

Response deadline

Local Civil Rule 7(c)(2)(A) requires that you file and serve your response 1) within 30 days after the summary-judgment motion was mailed to you, as noted on the certificate of mailing, or 2) by the date set forth in the Order construing the motion as a summary-judgment motion, whichever is later. A failure to file a timely response is considered consent to the moving party's summary-judgment motion, and the Court could then enter summary judgment in the moving party's favor and close this case without a trial. LCivR 7(e).

Response requirements

If you are the plaintiff, you cannot simply rely on what your complaint says to defeat summary judgment. If you are the defendant, you cannot simply rely on what your answer says to defeat summary judgment.

Your response to the summary-judgment motion must consist of the following: 1) a memorandum, not to exceed twenty pages, containing factual assertions and legal authority opposing the summary-judgment motion, 2) a statement of disputed facts as required by Local Civil Rule 56(c)(1)(B), and 3) evidence supporting your claims. Evidence that may be filed to support your response includes depositions, documents, electronically-stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials. *See* Fed. R. Civ. Proc. 56(c). A failure to produce evidence countering the moving party's evidence may permit the Court to accept the moving party's evidence as true and thereby enter summary judgment in the moving party's favor and close this case without a trial.

Therefore, it is important that your response is complete: you may not file anything more following the moving party's reply, without Court permission. Your response must show 1) there is a dispute of material fact that requires a factfinder to decide the material disputed fact, or 2) summary judgment is inappropriate as a matter of law. A failure to establish a dispute of material fact by providing evidence countering the moving party's evidence may result in entry of summary judgment against you and closure of this case without a trial.

Court Decision

After reviewing the briefing and evidence, the Court will determine whether complete or partial judgment in the moving party's favor is appropriate. If judgment is entered against you, the case will be closed without a trial.

Dated: 1/12/2026

                                  Sean F. McAvoy
                                  Clerk of Court