THE HONORABLE THOMAS O. RICE

MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT,<br><br>                    Plaintiff,<br><br>vs.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD,<br><br>                    Defendants. | Cause No. 2:24-cv-00262-TOR<br><br>DEFENDANT DR. KAVITHA CHAGANUR, MD'S LCivR 56(c)(1)(C) REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE<br><br>Hearing Date: March 2, 2026<br>Without Oral Argument |

Defendant Dr. Chaganur offers the following Reply Statement of Material Facts Not in Dispute pursuant to LCivR 56(c)(1)(C):

1. Defendant Dr. Chaganur's Statement of Fact No. 1 is not in dispute. Plaintiff admits to such in his Response. *ECF No. 177, pg. 1 & ECF No. 184, pg. 1.* Thus, such should be accepted by the Court as undisputed facts.

2. Defendant notes that Plaintiff agrees that Dr. Chaganur as a hospitalist coordinates patient care and involves appropriate medical specialty

DEFENDANT DR. KAVITHA CHAGANUR, MD'S LCivR 56(c)(1)(C)
REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - page 1

consultants for specific patient problems. *ECF No. 184, pg. 1-2, SOF 2*. Thus, such should be accepted by the Court as undisputed facts. The remainder of Plaintiff's Response to SOF No. 2 should not be considered by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

3. Defendant objects to Plaintiff's Response to Statement of Fact No. 3 where he is nonspecific as to any fact that directly disputes Defendant's Statement of Fact No. 3. Plaintiff cites generally to one of his expert's reports *ECF No. 185-5*, but such report does not in any way state that Dr. Chaganur give opinions on a heart failure patient. Dr. Marmureanu agrees in his report that "the standard of care does not require a hospitalist to perform cardiology procedures or subspecialty interventions." *ECF No. 185-5, pg. 1*. Dr. Marmureanu notably provides no foundation to support any contention that he is qualified to opine as to that standard of care of a hospitalist. Defendant further objects where Plaintiff's Response is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

4. Defendant notes that Plaintiff agrees that Dr. Chaganur as a hospitalist defers to cardiology specialists for certain aspects of Mrs. Tackett's care. Thus, such should be accepted by the Court as undisputed facts. The remainder of Plaintiff's Response to SOF No. 4 should not be considered

by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

5. Plaintiff's Response to Statement of Fact No. 5 claims that Mrs. Tackett was first diagnosed with heart failure by Dr. Highfill, Mrs. Tackett's primary cardiologist in Montana, in February 2018. While Defendant does not believe this is substantially different from Defendant's original indication that she was diagnosed with heart failure by the same "around March 2018," Defendant's point out that the deposition testimony Plaintiff cites by Dr. Highfill or Ms. Haats does not support his contention. *ECF No. 185-8 & 185-9*. Thus, Defendant's Statement of Fact No. 5 should be accepted by the Court as undisputed facts. The remainder of Plaintiff's Response to SOF No. 5 should not be considered by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

6. Plaintiff's Response to Statement of Fact No. 6 does not actually directly dispute Defendant's Statement of Fact No. 6 that Mrs. Tackett was being treated by Dr. Highfill for heart failure in 2018 and she was indeed undergoing medical therapy, which is the same as Plaintiff's contended "medicinal therapy" for her cardiac condition. Plaintiff's cited deposition testimony does not support his objections where Dr. Highfill states in his deposition that the members of Robbie's healthcare team were himself, Ms.

Haats, and his nursing staff, and that both Dr. Highfill and Ms. Haats were ultimately responsible for Mrs. Tackett's care. *ECF No. 185-8 (Highfill Depo 23:6-15)*. Ms. Haats also agreed in her deposition that when treating Mrs. Tackett she worked collaboratively with Dr. Highfill. *ECF No. 185-9 (Haats Depo 18:1-6)*. Thus, Defendant's Statement of Fact No. 6 should be accepted by the Court as undisputed facts. The remainder of Plaintiff's Response to SOF No. 6 should not be considered by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

7. – 11. Defendant Dr. Chaganur's Statement of Fact Nos. 7-11 are not in dispute. Plaintiff admits to such in his Response. *ECF No. 177, pgs. 2-3 & ECF No. 184, pg. 4*. Thus, such should be accepted by the Court as undisputed facts.

12. Defendant notes that Plaintiff does not actually dispute that Dr. Chaganur followed consultant recommendations during Mrs. Tackett's relevant PSHMC hospitalization. Thus, Defendant's Statement of Fact No. 12 should be accepted by the Court as undisputed facts. The remainder of Plaintiff's Response to SOF No. 12 should not be considered by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

13. Defendant objects to Plaintiff's Response to Defendant's Statement of Facts No. 13 where he does not provide specific contradicting facts in compliance with LCivR 56(c)(1)(B). Plaintiff cites generally to one of his expert's reports *ECF No. 185-5*, but such report does not in any way state that Dr. Chaganur give opinions on a heart failure patient. Dr. Marmureanu agrees in his report that "the standard of care does not require a hospitalist to perform cardiology procedures or subspecialty interventions." *ECF No. 185-5, pg. 1*. Dr. Marmureanu notably provides no foundation to support any contention that he is qualified to opine as to that standard of care of a hospitalist. Defendant further objects where Plaintiff's Response is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

14. Plaintiff does not dispute in any way Defendant's Statement of Fact No. 14 that Mrs. Tackett received education and treatment for her acute stroke prior to her discharge from PSHMC. Thus, Defendant's Statement of Fact No. 14 should be accepted by the Court as undisputed facts. Defendant does not address documentation of sudden cardiac death within Statement of Fact No. 14. The remainder of Plaintiff's Response to SOF No. 14 should not be considered by this Court as it is argumentative, not relevant, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

DEFENDANT DR. KAVITHA CHAGANUR, MD'S LCivR 56(c)(1)(C)
REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - page 5

15. Plaintiff provides no basis for his opposition to Statement of Fact No. 15 that follow-up with her primary cardiologist was not documented within the medical records. This is also factually incorrect. *ECF No. 173-1 (Dr. Ball Depo 113:1-12)*. Defendant further objects where Plaintiff's Response is argumentative, not relevant, lacks foundation, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

16. Plaintiff provides no contradicting facts to support his objections to Defendant's Statement of Fact No. 16. Plaintiff misquotes Dr. Chaganur's deposition testimony, where she in fact testified that "it is not solely my decision" to discharge and that she "made the decision to discharge after I got clearance from the other teams" referring to neurology and cardiology. ECF No. 185-1 (Chaganur Depo 38:19-23). This is cited in Defendant's original Statement of Facts, which Plaintiff ignores. Plaintiff further cites testimony from PSHMC's 30(b)(6) deponent who at no point indicated during his deposition he was providing standard of care opinions, especially not regarding a hospitalist. Defendant further objects where Plaintiff's Response is argumentative, not relevant, lacks foundation, and not responsive to Defendant's SOF. *FRE 901 & FRE 402*.

17. Defendant Dr. Chaganur's Statement of Fact No. 17 is not in dispute. Plaintiff admits to such in his Response. *ECF No. 177, pg. 4 & ECF No. 184, pg. 6*. Thus, such should be accepted by the Court as undisputed facts.

DATED this 30th day of January 2026.

EVANS, CRAVEN & LACKIE, P.S.

By: /s/ *Mark Louvier*
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

DEFENDANT DR. KAVITHA CHAGANUR, MD'S LCivR 56(c)(1)(C) REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - page 7

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**<u>Plaintiff, Pro Se</u>**
Brian Tackett
POB 448
Troy, Montana 59935
Tackett59935@gmail.com

/s/ Markus Louvier_____
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

DEFENDANT DR. KAVITHA CHAGANUR, MD'S LCivR 56(c)(1)(C)
REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - page 8