IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION
CIVIL NO.  **2:24-cv-00262-TOR**

**BRIAN TACKETT individually, as**
**Personal Representative of the Estate**
**of Robbie Ann Tackett, and as**
**Guardian of Minor Children G.T. and**
**G.T.**                                                                                 **PLAINTIFF**

vs.

**PROVIDENCE SACRED HEART MEDICAL CENTER,**
**KAVITHA CHAGANUR, M.D.**
                                                                                                **DEFENDANTS**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LIMITED SUR-RESPONSE (ECF 195)**

I. INTRODUCTION

Defendant's Opposition (ECF No. 196) mischaracterizes both Plaintiff's Motion for Leave and the procedural posture of the summary-judgment briefing. Plaintiff does not seek a sur-response as a matter of routine practice, nor to relitigate arguments already presented. Rather, Plaintiff seeks limited leave to address specific arguments first advanced in Defendant's Reply, which attempt to cure facial deficiencies in the original Motion for Summary Judgment by introducing new expert-admissibility theories after Plaintiff's opposition was filed. The issue before the Court is not whether Defendant may disagree with Plaintiff's expert. It is whether Defendant may withhold dispositive expert-admissibility

arguments from its opening motion, despite undisputed factual admissions in the record, and then deploy those arguments for the first time on reply, without affording Plaintiff an opportunity to respond.

Granting leave for a narrowly confined sur-response will assist the Court, prevent unfair surprise, and ensure the summary-judgment record is complete—without prejudice to Defendant or delay to the proceedings.

## II. THE ORIGINAL MSJ WAS FACIALLY DEFICIENT IN LIGHT OF THE ADMITTED RECORD FACTS

Defendant's Opposition attempts to reframe the dispute as whether the opening Motion broadly asserted a lack of "sufficient expert testimony." That framing misses the point.

The original Motion for Summary Judgment (ECF No. 175) was facially deficient because it did not meaningfully confront the admitted factual record developed through deposition testimony and documentary evidence—facts that, if credited, independently create triable issues of negligence.

Rather than addressing those admitted facts, Defendant's Motion relied on a conclusory assertion that Plaintiff lacked adequate expert proof, without:

- identifying any specific defect in the expert opinions,
- moving to exclude the expert under Rule 702,
- or explaining why the admitted facts could not support liability if the expert testimony were credited.

Federal courts have routinely rejected such summary-judgment motions as insufficient on their face. As the Second Circuit explained:

> "Such motions may be dismissed as facially insufficient."

Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114–117 (2nd Cir. 2017).

Similarly:

> "A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden."

Fret v. Melton Truck Lines, Inc., 706 F. App'x 824, 828 (5th Cir. 2017).

Defendant's opening MSJ fell squarely within that prohibition.

## III. DEFENDANT IMPROPERLY ATTEMPTS TO CURE MSJ DEFICIENCIES ON REPLY

Having failed to address the admitted factual record or properly challenge Plaintiff's expert in its opening motion, Defendant used its Reply (ECF No. 192) to introduce entirely new theories directed at expert admissibility and competency. Specifically, Defendant's Reply for the first time asserted that:

- Plaintiff's expert is not competent to testify as to the standard of care applicable to Dr. Chaganur specifically;
- Plaintiff's expert lacks sufficient familiarity with Washington standards;
- Plaintiff's expert opinions are legally insufficient to create a triable issue even if considered.

Those arguments were not presented in the opening Motion. They are not refinements of existing arguments; they are new theories aimed at salvaging an otherwise deficient MSJ.

Courts consistently hold that a movant may not reserve dispositive theories for reply in order to avoid response. Defendant's approach invites exactly the unfairness the rule against reply-based arguments is designed to prevent.

## IV. DEFENDANT'S POSITION WOULD IMPROPERLY COLLAPSE DAUBERT INTO REPLY BRIEFING

Defendant's Opposition effectively asks the Court to accept that any challenge to expert admissibility may be preserved by a single sentence in an opening MSJ asserting a lack of "sufficient expert testimony," and then fully developed for the first time on reply. That approach would:

- Deprive the nonmoving party of a meaningful opportunity to respond;
- Circumvent Rule 702 and Daubert procedures;
- Incentivize litigants to withhold expert-exclusion theories until reply.

This is particularly problematic where, as here, Defendant elected an all-or-nothing summary-judgment strategy rather than filing targeted Daubert motions addressing specific expert opinions. Having made that strategic choice, Defendant may not now use reply briefing to obtain expert-exclusion rulings indirectly.

## V. PLAINTIFF HAS SHOWN GOOD CAUSE; DEFENDANT SHOWS NO PREJUDICE

Plaintiff's proposed sur-response is:

- Limited in scope;
- Confined to addressing arguments raised for the first time in reply;
- Based entirely on evidence already in the record.

Defendant identifies no prejudice that would result from allowing such a response. By contrast, denying leave would require Plaintiff to accept adverse expert-admissibility determinations without any opportunity to respond—an outcome inconsistent with basic fairness and Ninth Circuit practice.

## VI. THE COURT RETAINS DISCRETION TO PERMIT A LIMITED SUR-RESPONSE

This Honorable Court retains broad discretion to allow a supplemental response where it would aid the Court's understanding or where new matters are raised in reply. That discretion is routinely exercised in complex medical-negligence cases involving expert testimony and institutional standards of care. A short, targeted sur-response will assist the Court in resolving Defendant's Motion on a complete and procedurally sound record.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that, should it decide to consider these new arguments, the Court grant leave to file the proposed Limited Sur-Response.


Date: 02-02-2026.                    Respectfully submitted,

>  /S/ Brian Tackett,
>     Brian Tackett
>     POB 448, Troy MT 59935
>     662/544-4500
>     Tackett59935@gmail.com


### Certificate of Filing and Service

I, the undersigned, hereby certify that I filed the above with all attachments with the Court Clerk for the Eastern District of Washington District Court, via its Electronic Filing System, which constitutes service upon all parties.

>  /S/ Brian Tackett,
>     Brian Tackett