IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION
CIVIL NO.  2:24-cv-00262-TOR

**BRIAN TACKETT individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T.**                                                    **PLAINTIFF**

vs.

**PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, M.D.**
                                                                                    **DEFENDANTS**

**PLAINTIFF'S LIMITED SUR-RESPONSE TO DEFENDANT
DR. KAVITHA CHAGANUR'S MOTION FOR SUMMARY JUDGMENT**

Defendant's Reply, ECF 192, argues that Plaintiff lacks competent expert testimony establishing the Washington standard of care applicable to Dr. Chaganur. That assertion is incorrect.

**I. FIRST, THE WASHINGTON STANDARD OF CARE IS NOT IN DISPUTE**

RCW 7.70.040 requires proof that a provider failed to exercise the degree of care expected of a reasonably prudent provider in Washington under similar circumstances.

Here:

- Dr. Ball testified that heart failure care is governed by nationally recognized guidelines that are applied in Washington.

- Dr. Chaganur testified that the publications attached to her deposition defined the applicable standard.

Defendant's Reply attempts to retreat from those admissions by arguing that "national guidelines" are merely guidelines and not the Washington standard. But no evidence has been submitted establishing a Washington-specific deviation from the national heart failure and SCD prevention standards at issue.

The record contains:

- No declaration from any Washington internal medicine expert stating that Washington differs.
- No evidence of a Washington-specific protocol contradicting the national standards.
- No testimony that Washington permits omission of documentation of recognized life-threatening conditions.

The only affirmative testimony in the record addressing the applicable standard reflects that the relevant heart failure standards are nationally recognized and applied. Both defense experts are licensed and practicing in Washington and rely upon those same national guidelines in their Washington clinical practice. ECF 182-1; ECF 182-4.   No evidence establishes a Washington-specific deviation.

Additionally, both defense experts expressly acknowledge that Mrs. Tackett had severe non-ischemic cardiomyopathy with an ejection fraction of

approximately 20% and likely died of arrhythmic cardiac arrest. These material facts are undisputed. ECF 182-1, 182-2, and 182-4 (Defendants' Expert Disclosures). The disagreement concerns whether Providence and Dr. Chaganur had a duty during the November 2018 admission to recognize, disclose, and initiate evaluation of that risk. That dispute alone precludes summary judgment.

## II. DR. MARMUREANU IS COMPETENT TO OPINE ON THE ISSUES PRESENTED

Defendant argues that Dr. Marmureanu is not a "professional equal" of a hospitalist. This mischaracterizes the issue.

Dr. Marmureanu does not attempt to impose a cardiothoracic surgical standard upon a hospitalist; he opines on universally applicable duties of diagnosis, documentation, and escalation once life-threatening cardiac risk is recognized. His opinions are that:

- A patient with EF ~20%, dilated cardiomyopathy, LBBB, and structural abnormalities is at high risk of sudden cardiac death.
- Recognition and documentation of life-threatening cardiac risk is required.
- Escalation or referral for appropriate evaluation is required when such risk is identified.

Dr. Chaganur herself admitted:

- The constellation of findings placed the patient at high risk of SCD.
- There is no documentation of SCD recognition in the record.

- She made the discharge decision.

The dispute is not about surgical technique, device implantation, or specialty cardiology judgment.  It is about whether a hospitalist who recognizes a life-threatening cardiac risk may discharge a patient without diagnosing, documenting, warning, or escalating that risk. That question falls within general medical standards of diagnosis, documentation, and patient safety — not within a narrow subspecialty domain. Dr. Marmureanu's opinions concern recognition of life-threatening cardiac risk and discharge safety obligations, not performance of electrophysiology procedures.

To the extent Defendant suggests Dr. Marmureanu is unqualified under Rule 702, that argument fails. Rule 702 does not require identical specialty, only that the expert possess sufficient knowledge, training, and experience to assist the trier of fact. Dr. Marmureanu is a board-certified thoracic and cardiovascular surgeon with extensive experience treating patients with severe cardiomyopathy and life-threatening cardiac conditions. His opinions concern recognition of sudden cardiac death risk and discharge safety obligations—matters within general medical practice and patient safety—not subspecialty electrophysiology procedure technique. Any disagreement goes to weight, not admissibility.

## III. SUMMARY JUDGMENT IS IMPROPER WHERE THE DEFENDANT ADMITS THE RISK BUT NO DOCUMENTATION EXISTS

Dr. Chaganur admits:

- The patient was high risk.
- There is no documentation of SCD risk.
- She does not know whether documenting life-threatening conditions is required under the Washington standard of care.

A provider's admission that a patient was at high risk of sudden cardiac death, coupled with the absence of documented recognition, warning, or escalation, is evidence from which a reasonable jury may infer breach.

Defendant's motion seeks:

- To weigh competing interpretations of provider duties.
- To resolve factual disputes regarding documentation and discharge.
- To determine proximate cause.

Defendants repeatedly argue that implantation of an ICD during an acute stroke admission would have been inappropriate. ECF 182-1, 182-2, and 182-4. Plaintiff does not contend that immediate implantation was required. The standard-of-care dispute concerns whether documented severe cardiomyopathy and EF ≈20% required recognition, disclosure, and initiation of electrophysiology evaluation prior to discharge. Whether implantation ultimately occurred is a separate downstream determination.

**CONCLUSION**

Defendant's Reply fails to eliminate genuine disputes of material fact regarding:

1. The applicable Washington standard of care;

2. Whether Dr. Chaganur breached that standard;

3. Whether such breach was a proximate cause of Mrs. Tackett's death.

For those reasons, Defendant Dr. Chaganur's Motion for Summary Judgment should be denied.


Date: 02-26-2026.                           Respectfully submitted,

                                          /S/ Brian Tackett,
                                              Brian Tackett
                                              POB 448, Troy MT 59935
                                              662/544-4500
                                              Tackett59935@gmail.com


Certificate of Filing and Service

I, the undersigned, hereby certify that I filed the above with all attachments with the Court Clerk for the Eastern District of Washington District Court, via its Electronic Filing System, which constitutes service upon all parties.

                                              /S/ Brian Tackett,
                                              Brian Tackett