Follow Up Regarding Gregg Hoffman or the present CFO for trial te...    📝 Summarize

**BT**  Brian T ▓▓▓▓▓▓▓▓▓▓▓▓         ☺  ↩ Reply   ↩ Reply All   → Forward   📇   ⋯
To  🟡 Mark Louvier; ✅ Stephanie Crockett; 🟡 Nakita Singleton         Fri 5/1/2026 8:49 PM

Counsel,

I am following up regarding my prior correspondence concerning the subpoena for Greg Hoffman. Having received a notice of filing, I see you are at your computer.

Please advise whether you will accept service on his behalf, or alternatively, provide his current contact information for purposes of service. Given the approaching trial date and the need to finalize witness logistics, I would appreciate your prompt response so that this issue can be resolved without unnecessary motion practice.

If I do not hear back, I will proceed with issuing the subpoena directly and, if necessary, seek appropriate relief from the Court.

I may need to add other corporate officers should this become an issue.

Thank you for your attention to this matter.

Brian Tackett

Plaintiff Pro se

---

Re: Follow Up Regarding Gregg Hoffman or the present CFO for tri...    📝 Summarize

**ML**  Mark Louvier         ☺  ↩ Reply   ↩ Reply All   → Forward   📇   ⋯
To  ○ Brian T; ✅ Stephanie Crockett; 🟡 Nakita Singleton         Sat 5/2/2026 8:43 AM

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

Brian:

I was actually not at my computer. I'm not sure why you had that impression.

In any event, can you tell us what relevant testimony Mr. Hoffman might have? I do not believe he has any relevant testimony to offer, and unless you can point me to something I'm missing, I'd like to take the issue up with the Court. Of course, if the Court agrees with your view, I can inquire as to whether I can accept service for him.

Thanks,

Mark

**Markus W. Louvier | Attorney**
**Evans, Craven & Lackie, P.S.**
818 West Riverside, Suite 250
Spokane, Washington 99201
P: (509)455-5200 | F: (509)455-3632 | E: mlouvier@ecl-law.com



## Re: Follow Up Regarding Gregg Hoffman or the present CFO for trial testi...

☺ ↩ Reply  ↞ Reply All  → Forward

**Brian T** ▪

To 🔴 Mark Louvier

Cc ✅ Stephanie Crockett; 🔴 Nakita Singleton

Sat 5/2/2026 1:26 PM

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

Mr.Louvier,

Thank you for responding. I received a notice of filing last night, which typically occurs almost instantaneously following a filing, so I assumed you had made the filing and were at your computer.

Mr. Hoffman is Providence's Chief Financial Officer and a member of its executive leadership team. His testimony is relevant to Providence's corporate structure, financial operations, and strategic affiliations, including partnerships, joint ventures, and collaborative arrangements with third parties. His testimony is also relevant to Providence's system-level priorities and operational focus as reflected in its own financial and organizational disclosures.

Based on the positions advanced by the defense—particularly regarding institutional responsibilities, referral practices, and the scope of system-level obligations—Mr. Hoffman's testimony is directly responsive and appropriate for rebuttal.

In addition, he can authenticate Providence's own financial and operational disclosures and reports, including materials reflecting the organization's structure and external relationships.

As a rebuttal witness, the precise scope of his testimony will depend on the evidence presented at trial.

If you believe there is a basis to challenge his testimony, I have no objection to presenting the issue to the Court.

Please let me know whether you will accept service on his behalf.

Thank you,

Brian Tackett

Plaintiff Pro-se

## Re: Follow Up Regarding Gregg Hoffman or the present CFO for trial testi...     Summarize

**Mark Louvier**
To ○ Brian T
Cc ✓ Stephanie Crockett; ○ Nakita Singleton

😊 ↩ Reply    ↩ Reply All    → Forward    👥    •••

Mon 5/4/2026 9:01 AM

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

Brian:

I see. I did not file that document.

In any event, as to Mr. Hoffman, I really do not understand your email below. It appears that you believe Mr. Hoffman's testimony is relevant due to his purported knowledge of financial operations and other relationships with third party institutions. You also indicate that he can authenticate Providence's "financial and operational disclosures and reports." I do not know what you are referring to in terms of documents.

Part of the problem I am having is that you refer to documents but I don't know what they are. The exhibits need to be marked and identified so that I know what they are. I have reviewed your exhibit lists (initial and amended) and instead of identifying specific documents you seem to identify categories of documents. We have objected, since we do not know what is actually contained in your exhibits. Pursuant to ECF No. 142 pg. 9, section 8, I would like to inspect your exhibits, and presume that they will be discretely identified as required by ECF No. 142. Our exhibits have been discretely identified with specific Bates page numbering and ECF numbers. Please let me know when we can have copies of your exhibits or inspect them.

Mark

Markus W. Louvier | Attorney
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, Washington 99201
P: (509)455-5200 | F: (509)455-3632 | E: mlouvier@ecl-law.com

## Re: Follow Up Regarding Gregg Hoffman or the present CFO for trial testi...     Summarize

**BT** Brian T ▮▮▮▮▮▮▮▮▮▮▮    ☺ | ↩ Reply | ↩ Reply All | → Forward |

To 🟠 Mark Louvier    Mon 5/4/2026 9:34 AM

Cc ✅ Stephanie Crockett; 🟠 Nakita Singleton

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

Mr. Louvier,

Your email raises two separate issues: (1) trial exhibits subject to disclosure under the Court's scheduling order, and (2) materials that may be used for impeachment.

First, with respect to trial exhibits, Plaintiff will comply with ECF No. 142. The exhibits intended for use in Plaintiff's case-in-chief will be discretely identified and made available for inspection. Those materials are available for inspection at my residence, consistent with the scheduling order. Please let me know a mutually agreeable date and time for you to review them.

Second, your request appears to extend beyond disclosed exhibits and into materials that may be used for impeachment or rebuttal. Such materials are not subject to advance disclosure under Rule 26 or the Court's order, and Plaintiff does not intend to preview impeachment evidence.

With respect to Mr. Hoffman, his anticipated testimony is not limited to a single document. As previously stated, he is expected to testify regarding Providence's corporate structure, financial operations, and external relationships, including Providence's own financial and operational disclosures to the extent they are introduced. The precise scope of rebuttal testimony will depend on the evidence presented at trial.

Finally, during discovery Defendants required in-person inspection of materials at counsel's office rather than producing copies. Plaintiff's offer to make exhibits available for inspection is consistent with that practice and the Court's order.

Please let me know your availability for inspection.

As Defendants do not intend to accept service for Mr. Hoffman or other corporate agents, Plaintiff will proceed with direct service of subpoenas.

Brian Tackett
Plaintiff, Pro Se

On Mon, May 4, 2026 at 5:13 PM Mark Louvier ████████████████████ wrote:

Brian:

I respectfully ask you to reconsider your position that I need to drive to your house in Montana to review your trial exhibits. It is not practical, reasonable, and to put it bluntly: I don't trust you.

I should have been permitted to review exhibits in some form weeks ago. You have refused to produce your exhibits, identify them specifically so that I can try to hazard a reasonable guess, or permit inspection at a reasonable location. This delay is compromising our ability to prepare for trial. Your email states "during discovery Defendants required in-person inspection of materials at counsel's office rather than producing copies." I do not know what you are referring to, but I would point out that this case has been pursued in Spokane. It will be tried about 150 feet from my office. It is not unreasonable to expect matters to occur where the court case exists.

As to Mr. Hoffman "or other corporate agents," your email does not make sense. You continue to indicate that Mr. Hoffman or others would be called in rebuttal. Rebuttal testimony is permitted to respond to the defendants' case in chief. You have never pointed to any specific evidence that you believe the defense intends to offer that remotely fits the generic (possibly AI generated) categories alluded to in your emails. The only conclusion that I can draw is that you intend to harass Providence via Mr. Hoffman by issuing an unnecessary subpoena.

I look forward to your response.

Mark

Markus W. Louvier | Attorney
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, Washington 99201
P: (509)455-5200 | F: (509)455-3632 | E: mlouvier@ecl-law.com

## Re: Follow Up Regarding Gregg Hoffman or the present CFO for trial testi...



Brian T

To  Mark Louvier
Cc  Stephanie Crockett;  Nakita Singleton

Mon 5/4/2026 4:52 PM

(i) If there are problems with how this message is displayed, click here to view it in a web browser.

Mr. Louvier,

I will address your points directly.

First, contrary to your characterization, Plaintiff is not refusing exhibit inspection. Plaintiff has made case-in-chief trial exhibits available for inspection in accordance with ECF No. 142. You were advised of how and where. I will also bring a copy to the pretrial conference on May 27, 2026, for your inspection.

Second, your statement that Plaintiff has "refused" to identify or permit inspection of exhibits is not accurate. To the extent there is a dispute regarding timing or method of inspection, that can be resolved without characterizations of conduct.

Third, the discovery history matters. Plaintiff previously sought production of discoverable materials, including by motion to compel, after Defendants declined to provide copies and resisted Plaintiff's discovery efforts. Defendants cannot now fairly characterize inspection as unreasonable when they previously took the position that inspection, rather than copy production, was acceptable.

Fourth, rebuttal and impeachment are separate from case-in-chief exhibit disclosure. Plaintiff is not required to preview impeachment evidence or disclose the precise rebuttal use of evidence before the defense case is presented. Mr. Hoffman remains a potential rebuttal/impeachment witness depending on the evidence Defendants present at trial, including evidence or argument concerning Providence's corporate structure, operations, financial disclosures, external relationships, institutional practices, or the credibility and completeness of Providence's trial presentation.

Your disagreement with that position does not make the subpoena harassment.

Finally, Plaintiff will not respond further to comments regarding trust, speculation about artificial intelligence, or personal characterizations. The parties can either coordinate exhibit review or present the issue to the Court.

Brian Tackett
Plaintiff, Pro Se