

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T.,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, and KAVITHA CHAGANUR,<br><br>Defendants. | NO. 2:24-CV-0262-TOR<br><br>ORDER DENYING MOTION FOR SUBPOENAS FOR REMOTE TRIAL TESTIMONY |

BEFORE THE COURT is Plaintiff's Motion for Subpoenas (ECF No. 209). The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's motion is **DENIED**.

Plaintiff requests the Court authorize the issuance of subpoenas for certain witnesses to appear at trial by remote means. ECF No. 209 at 1. Plaintiff notes that several key witnesses have scheduling conflicts that prevent in-person

ORDER DENYING MOTION FOR SUBPOENAS FOR REMOTE TRIAL TESTIMONY ~ 1

testimony.  Additionally, other witnesses reside out of state.

In-person testimony at trial is strongly preferred unless there is "good cause in compelling circumstances" that warrant remote testimony "with appropriate safeguards."  Fed. R. Civ. P. 43(a).  As the Ninth Circuit has emphasized, "[t]he importance of presenting live testimony *in court* cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a power force for truth-telling."  *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (emphasis in original).  Thus, district courts have discretion to deny a request for remote testimony.  *See Draper v. Rosario*, 836 F.3d 1072, 1082 (9th Cir. 2016).

The Court does not find compelling circumstances warrant remote testimony by any of the listed witnesses.  The trial date in this matter was set well over a year ago and is scheduled to begin in less than a month.  ECF No. 142.  Plaintiff presumably knew that his key witnesses, Dr. Marmureanu and Dr. Ralston, could not attend in person due to professional conflicts well before this motion.  The asserted conflicts of international travel and a simultaneous trial are not ordinarily unexpected conflicts.  In any event, scheduling conflicts alone do not constitute compelling reasons for remote testimony.  *See, e.g.*, *Wilson v. United States*, 2023 WL 2795866, at *1 (D. Nev. Apr. 5, 2023) ("A scheduling conflict alone does not constitute good cause.") (citations omitted).  Moreover, the testimony of Dr. Marmureanu and Dr. Ralston are critical to Plaintiff's case, therefore, their in-

ORDER DENYING MOTION FOR SUBPOENAS FOR REMOTE TRIAL TESTIMONY ~ 2

person testimony is crucial.

Plaintiff's reasoning that other witnesses should be able to testify remotely due to distance is similarly not a compelling reason to overcome the "strong" preference for in-person testimony at trial. *In re Kirkland*, 75 F.4th at 1043-45. "As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.' Courts most frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (cleaned up). Plaintiff has not demonstrated special circumstances warranting remote testimony of the listed witnesses.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Subpoenas (ECF No. 209) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED May 15, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR SUBPOENAS FOR REMOTE TRIAL TESTIMONY ~ 3