Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
509-426-4415

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBBIE ANN TACKETT, <br><br> PLAINTIFF, <br><br> V. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D., <br><br> DEFENDANTS. | **Cause No. 2:24-cv-00262-TOR** <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(c)** |

Plaintiff Brian Tackett, as Personal Representative of the Estate of Robbie Ann Tackett and for the statutory beneficiaries under RCW 4.20.020, through undersigned counsel and pursuant to Federal Rule of Evidence 601, Federal Rule of Evidence 611(a), and Federal Rule of Civil Procedure 17(c), respectfully moves the Court for an Order (i) granting leave to present the live testimony of

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 1 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

the decedent's surviving minor children, Grayson T. and Gretta T., as fact witnesses at trial, subject to reasonable safeguards; and, if this Court so requires, (ii) conditional on that leave, appointing a Guardian ad Litem under Rule 17(c)(2) for the limited purpose of supervising the children's testimony preparation and accompanying them at trial.

## I. <u>INTRODUCTION</u>

This is a wrongful-death medical-negligence action arising from the July 31, 2019 death of Robbie Ann Tackett, who left behind her husband, Brian Tackett, and two then-young children, Grayson and Gretta. Plaintiff brings the action as Personal Representative on behalf of the statutory beneficiaries enumerated in RCW 4.20.020, and the children are the first-tier statutory beneficiaries entitled to recover for the loss of their mother's love, care, companionship, and guidance. "[T]he personal representative is the only one entitled to bring a wrongful death action, and the personal representative can only bring the action for the benefit of the statutory beneficiaries listed in RCW 4.20.020." *Huntington v. Samaritan Hosp.*, 101 Wn.2d 466, 471, 680 P.2d 58 (1984); accord *Wood v. Dunlap*, 83 Wn.2d 719, 723, 521 P.2d 1177 (1974).

On April 14, 2026, Plaintiff designated Grayson T. and Gretta T. on his Witness List (ECF No. 204 at items 10 and 13) as fact witnesses on "Robbie Tackett, family relationships, and damages." Their testimony is uniquely

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 2 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

probative on the loss-of-parental-care, loss-of-companionship, and loss-of-guidance damages categories under WPI 31.03.01—categories of recovery that survive the Court's May 14, 2026 Order (ECF No. 241), which denied as "unnecessary" the prior *pro se* motion to formalize Rule 17(c) representation of the children as parties, and preserved the children's recovery through the Personal Representative by operation of statute. ECF No. 241 at 2.

The relief Plaintiff seeks is procedural, materially distinct from the relief denied at ECF No. 241, and consistent with the Court's observation that the children are not separately-captioned parties under Washington wrongful-death law.

## II.  BACKGROUND

Robbie Ann Tackett died on July 31, 2019 of fatal arrhythmia in the setting of severe, untreated cardiomyopathy following a discharge from Providence Sacred Heart Medical Center in November 2018. At the time of her death, her son Grayson was approximately eight years old and her daughter Gretta was approximately six years old. Today, Grayson is fifteen years old and Gretta is twelve years old.

The children are first-tier statutory beneficiaries under RCW 4.20.020. As amended in 2019, that statute provides that "[e]very action under RCW 4.20.010 shall be for the benefit of the spouse, state registered domestic partner, child or

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 3 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

children, including stepchildren, of the person whose death shall have been so caused." The Washington Supreme Court has described the framework as a two-tier system in which the first tier comprises the surviving spouse and children. *Philippides v. Bernard*, 151 Wn.2d 376, 385, 88 P.3d 939 (2004). The Personal Representative is the "only one entitled to bring" the wrongful-death action and prosecutes it on the beneficiaries' behalf. *Huntington*, 101 Wn.2d at 471.

Plaintiff's Witness List, filed April 14, 2026, identifies Grayson T. and Gretta T. as fact witnesses on Robbie Tackett, family relationships, and damages. ECF No. 204 at 3 (items 10 and 13). Defendants have not, to date, separately objected to the children's designation as fact witnesses in the witness-list briefing exchanged among the parties under Doc 142. See ECF No. 213 (Defendants' Response to Plaintiff's Objections to Defendants' Exhibits).

The Court's May 14, 2026 Order (ECF No. 241) denied as unnecessary a prior *pro se* motion seeking to formalize Rule 17(c) representation of the children as parties. ECF No. 241 at 2. The instant motion does not revisit that ruling; the distinction is addressed in Section IV below.

### III. <u>LEAVE TO PERMIT THE CHILDREN TO TESTIFY</u>

**A.** <u>**The children are competent witnesses under Federal Rule of Evidence 601, and Plaintiff, as their father and as Personal Representative, has authorized their testimony**</u>.

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 4 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

Plaintiff Brian Tackett is the surviving father of Grayson and Gretta and holds capacity to consent to their appearance and testimony in this action. He has authorized their testimony in his capacity as their parent, and as Personal Representative prosecuting this wrongful-death action on their behalf as first-tier statutory beneficiaries under RCW 4.20.020.

Federal Rule of Evidence 601 establishes a general presumption of competency, imposing no age threshold; competency turns on the witness's capacity to perceive, recall, communicate, and understand the duty to testify truthfully. Fed. R. Evid. 601. Because this Court sits in diversity, the second sentence of Rule 601 incorporates Washington's competency framework, which likewise presumes competency of child witnesses. Grayson and Gretta will be approximately fifteen and thirteen at trial—well within the range at which children routinely testify in federal and state proceedings. To the extent the Court wishes to conduct a preliminary inquiry under Rule 104(a), Plaintiff has no objection.

**B. <u>Federal Rule of Evidence 611(a) authorizes reasonable safeguards for the children's testimony, and Plaintiff requests a tailored set</u>**.

Federal Rule of Evidence 611(a) authorizes the Court to exercise reasonable control over the mode of examining witnesses, including measures to protect witnesses from harassment or undue embarrassment. Fed. R. Evid. 611(a).

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 5 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

Plaintiff respectfully requests that, upon granting leave for the children's testimony, the Court enter the following safeguards under Rule 611(a):

a. Cross-examination duration. Cross-examination of each child witness shall be limited to thirty (30) minutes, subject to extension on a showing of good cause.

b. Breaks. The Court shall permit reasonable breaks during direct and cross-examination upon request of the witness, counsel, or the supervising Guardian ad Litem (if appointed), and shall otherwise control the pace of examination in keeping with each child's capacity and stamina.

c. Supportive presence. Each child witness shall be permitted the presence of a supportive adult, including the appointed Guardian ad Litem (if any), within the courtroom and visible to the witness during testimony.

d. Scope. Examination shall be limited to the topics on which Plaintiff has designated the children as fact witnesses—namely Robbie Tackett, family relationships, and damages (ECF No. 204 at items 10 and 13)—and shall not extend to collateral matters not encompassed by that designation.

These safeguards are routine in courts that hear testimony from minors. Each is grounded in Rule 611(a)'s express authority to "make those procedures effective for determining the truth" and to "protect witnesses from harassment or undue embarrassment," and none impairs Defendants' ability to cross-examine.

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 6 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

**C.** **The children's testimony is uniquely probative on the WPI 31.03.01 damages categories the jury must determine**.

The children's testimony is uniquely probative on damages the jury must determine. Washington Pattern Jury Instruction 31.03.01 sets out the recoverable damages on behalf of surviving children, including the loss of the parent's love, care, companionship, and guidance. WPI 31.03.01. Plaintiff has included WPI 31.03.01 in the proposed jury instruction package filed concurrently with the Trial Brief.

No other witness can speak to what Grayson and Gretta lost personally from their mother's death: the daily routines and conversations, the parenting moments, the homeschooling, the bedtime rituals, and the small forms of guidance and care that, in aggregate, constitute the relationship a child has with a parent. The trial jury cannot fairly value those losses on the WPI 31.03.01 measure unless it hears from the children themselves to the extent age, capacity, and the safeguards described above permit.

## IV. CONDITIONAL APPOINTMENT OF A GUARDIAN AD LITEM

**A.** **The conditional GAL appointment per FRCP 17(c) is materially distinct from the representation-of-parties relief denied at ECF No. 241**.

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT
MINOR CHILDREN TO TESTIFY AND FOR
APPOINTMENT OF GUARDIAN AD LITEM UNDER
FRCP 17(C) – PAGE 7 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

The Court's May 14, 2026 Order (ECF No. 241) denied as unnecessary a prior motion to formalize legal representation of the children as parties. ECF No. 241 at 2.

Plaintiff embraces that ruling—the children are not, and need not be, separately captioned plaintiffs. The relief sought here is materially distinct: ECF No. 241 addressed the appointment of legal representation for the minor children qua parties—an appointment that, the Court correctly observed, was unnecessary because under Washington wrongful-death law the Personal Representative is the sole proper plaintiff and the children's recovery is channeled through the Personal Representative by operation of RCW 4.20.020.

This motion does not seek to make the children parties. It seeks two distinct forms of procedural relief: (i) leave to call the children as fact witnesses, an issue ECF No. 241 did not address; and (ii) conditional on that leave, a limited-purpose Guardian ad Litem under Federal Rule of Civil Procedure 17(c) to protect the children's welfare during the testimony process. Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c) authorizes representation that is protective in nature, not representation of legal interests as a party. Plaintiff seeks the former here, not the latter.

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 8 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

**B. The proposed GAL appointment is narrowly tailored to protect the children as minor witnesses, and Plaintiff is prepared to coordinate engagement.**

On the Court's granting of leave to permit the children to testify, Plaintiff respectfully requests that the Court appoint, under Federal Rule of Civil Procedure 17(c), a Guardian ad Litem for the limited purpose of (i) supervising the children's testimony preparation in coordination with undersigned counsel; (ii) accompanying the children to the courthouse and into the courtroom on the day of testimony; (iii) communicating with the children regarding what the trial will involve in age-appropriate terms; and (iv) advising the Court, the Personal Representative, and counsel on any issue bearing on the children's welfare during the testimony process.

The appointment is narrow—it exists solely to protect the children's welfare while testifying and does not authorize the GAL to participate in litigation strategy or represent the children's legal interests in the underlying action. The appointment is consistent with Rule 17(c)(2)'s instruction that the Court may issue "another appropriate order" to protect a minor.

Plaintiff is prepared to coordinate the identification and engagement of a qualified Guardian ad Litem upon entry of the Court's order. Counsel will confer with Defendants' counsel on a mutually-agreeable candidate or, failing

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 9 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

agreement, submit candidates to the Court for selection; the GAL's reasonable fees will be borne by Plaintiff.

Trial is set to begin June 8, 2026. Plaintiff respectfully requests that the Court enter the requested order in advance of the May 27, 2026 pretrial conference so that the appointed GAL has adequate time to confer with counsel and prepare the children.

## V. **CONCLUSION**

For the reasons stated, Plaintiff respectfully requests that the Court enter an Order: (i) granting leave to call Grayson T. and Gretta T. as fact witnesses at trial under Federal Rule of Evidence 601, subject to the safeguards described above pursuant to Federal Rule of Evidence 611(a); and (ii) conditional on the granting of that leave, appointing a Guardian ad Litem under Federal Rule of Civil Procedure 17(c)(2) for the limited purpose of supervising the children's testimony preparation and accompanying them at trial. A proposed order is submitted concurrently with this motion.

DATED this 18th day of May, 2026

/s/ Justin D. Leigh
Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
P.O. Box 855
Goldendale, WA 98620
(509) 426-4415
justindleigh@gmail.com

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 10 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

## CERTIFICATE OF SERVICE

I, Justin D. Leigh, certify under penalty of perjury under the law of the United States and the State of Washington that on May 18, 2026, I caused to be served the foregoing Plaintiff's Motion for Leave to Permit Minor Children to Testify and for Appointment of Guardian Ad Litem Under FRCP 17(c) on the individuals listed below via the Court's CM/ECF electronic filing system and via electronic mail:

**EVANS, CRAVEN & LACKIE, P.S.**

Markus W. Louvier, WSBA No. 39319
Stephanie A. Crockett, WSBA No. 62797
818 W. Riverside, Suite 250
Spokane, WA 99201
mlouvier@ecl-law.com
scrockett@ecl-law.com
Attorneys for Defendants

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307

PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 11 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415