**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

BRIAN TACKETT, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBBIE ANN TACKETT,

        PLAINTIFF,

        V.

PROVIDENCE SACRED HEART MEDICAL CENTER AND KAVITHA CHAGANUR, M.D.,

        DEFENDANTS.

**Cause No. 2:24-cv-00262-TOR**

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(c)**

THIS MATTER having come before the Court on Plaintiff's Motion for Leave to Permit Minor Children to Testify at Trial, and, if Granted, and if so ordered by this Court, for Appointment of Guardian ad Litem for the Limited Purpose of Supervising Testimony under FRCP 17(c)(1); the Court having reviewed the motion, any response and reply, the proposed safeguards under

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 1 OF 6

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

Federal Rule of Evidence 611(a), and the file and record herein; and being fully advised in the premises,

## **FINDINGS**

Plaintiff brings this wrongful-death action as Personal Representative of the Estate of Robbie Ann Tackett on behalf of the statutory beneficiaries enumerated in RCW 4.20.020, including the surviving minor children Grayson T. and Gretta T.

The minor children Grayson T. and Gretta T. are designated on Plaintiff's Witness List (ECF No. 204 at items 10 and 13) as fact witnesses regarding Robbie Tackett, family relationships, and damages.

Federal Rule of Evidence 601 establishes a general presumption of competency and imposes no age threshold. To the extent Washington law governs competency on the wrongful-death claim, Washington likewise presumes the competency of child witnesses subject to threshold inquiry.

Federal Rule of Evidence 611(a) authorizes the Court to exercise reasonable control over the mode and order of examining witnesses to protect witnesses from harassment or undue embarrassment, among other purposes.

Federal Rule of Civil Procedure 17(c)(2) authorizes the Court to appoint a guardian ad litem—or issue another appropriate order—to protect a minor who is unrepresented in an action.

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PERMIT MINOR CHILDREN
TO TESTIFY AND FOR APPOINTMENT OF
GUARDIAN AD LITEM UNDER FRCP 17(C) –
PAGE 2 OF 6

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

The Court's May 14, 2026 Order (ECF No. 241) denied a prior motion for representation of minor plaintiffs on the ground that the children are not parties to this action. The relief addressed in this Order is procedural in nature, concerns protection of the minor children as witnesses rather than representation of them as parties, and is materially distinct from the relief denied at ECF No. 241.

## ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Leave to testify**. Plaintiff is granted leave to call Grayson T. and Gretta T. as fact witnesses at trial as designated at ECF No. 204, items 10 and 13.

2. Safeguards under Federal Rule of Evidence 611(a). The following safeguards shall apply to the testimony of Grayson T. and Gretta T.:

a. Cross-examination of each child witness shall be limited to thirty (30) minutes, subject to extension on a showing of good cause.

b. Reasonable breaks shall be permitted during direct and cross-examination upon request of the witness, counsel, or the appointed Guardian ad Litem.

c. A supportive adult, including the appointed Guardian ad Litem, shall be permitted in the courtroom and visible to the witness during testimony.

d. Examination shall be limited to the topics on which Plaintiff designated the children as fact witnesses, namely Robbie Tackett, family relationships, and

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 3 OF 6

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

damages, and shall not extend to collateral matters not encompassed by that designation.

e.  The Court reserves discretion under Rule 611(a) to receive either child's testimony in chambers or by closed-circuit video on motion and showing of need.

**3.  Guardian ad Litem Determination.**  The Court, having considered the motion and the record, makes the following determination regarding appointment of a Guardian ad Litem under FRCP 17(c):

☐  **OPTION A:  GUARDIAN AD LITEM IS APPOINTED**

**Appointment.**  Pursuant to Federal Rule of Civil Procedure 17(c), a Guardian ad Litem is appointed for the limited purpose of (i) supervising the preparation of Grayson T. and Gretta T. for testimony in coordination with Plaintiff's counsel; (ii) accompanying the children to the courthouse and into the courtroom on the day of testimony; (iii) communicating with the children regarding what the trial will involve in age-appropriate terms; and (iv) advising the Court and counsel on any issue bearing on the children's welfare during the testimony process.

**Limitations.**  The appointment does not authorize the Guardian ad Litem to participate in litigation strategy, to settle claims on behalf of the minor children, to communicate with the jury, or otherwise to represent the

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PERMIT MINOR CHILDREN
TO TESTIFY AND FOR APPOINTMENT OF
GUARDIAN AD LITEM UNDER FRCP 17(C) –
PAGE 4 OF 6

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

children's legal interests in the underlying action. The Personal Representative remains the sole proper plaintiff under RCW 4.20.010 and prosecutes the action on behalf of the statutory beneficiaries under RCW 4.20.020.

**Identification.** Plaintiff's counsel shall confer with Defendants' counsel and shall, within seven (7) days of entry of this Order, either (a) jointly propose one or more qualified candidates for appointment, or (b) submit separate candidates to the Court for selection. The Court reserves authority to appoint a Guardian ad Litem on its own motion.

**Fees and Costs.** The reasonable fees and costs of the appointed Guardian ad Litem shall be borne by Plaintiff in the first instance, subject to potential taxation as a cost of suit at the conclusion of the action.

☐ **OPTION B: NO GUARDIAN AD LITEM IS APPOINTED**

The Court determines that appointment of a Guardian ad Litem is not warranted under the circumstances. The safeguards set forth in paragraph 2 are sufficient to protect the welfare of the minor witnesses. Plaintiff's counsel shall bear responsibility for ensuring the minor witnesses are appropriately prepared and supported during the testimony process.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) – PAGE 5 OF 6

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

**4. Reservation.** The Court reserves authority to modify the safeguards set forth in paragraph 2 and the scope of the Guardian ad Litem's appointment set forth in paragraph 3 on motion of any party or on the Court's own motion as circumstances at trial may require.

**SO ORDERED this _____ day of _____, 2026.**


_____
**THOMAS O. RICE**
United States District Judge


Presented this 18th day of May, 2026

/s/ Justin D. Leigh_____
Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
P.O. Box 855
Goldendale, WA 98620
(509) 426-4415
justindleigh@gmail.com

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PERMIT MINOR CHILDREN
TO TESTIFY AND FOR APPOINTMENT OF
GUARDIAN AD LITEM UNDER FRCP 17(C) –
PAGE 6 OF 6