THE HONORABLE THOMAS O. RICE

MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mlouvier@ecl-law.com
scrockett@ecl-law.com

*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT,<br><br>               Plaintiff,<br><br>vs.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD,<br><br>               Defendants. | Cause No. 2:24-cv-00262-TOR<br><br>JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) |

A pretrial conference was held in the above-entitled cause on May 27, 2026 with Judge Thomas O. Rice presiding. Plaintiffs were represented by Justin D. Leigh of the Law Office of Justin D. Leigh and Defendants were represented by Markus W. Louvier and Stephanie A. Crockett of the law firm Evans, Craven & Lackie, P.S. their respective attorneys of record.

The following Pretrial Order has been formulated and settled as follows:

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 1

## NATURE OF PROCEEDINGS AND
## STATEMENT OF JURISDICTION

Plaintiffs bring the following claims against Defendants: Medical negligence pursuant to RCW 7.70.020 - .040, including claims under the doctrine of corporate negligence (see *Lowy v. PeaceHealth*, 159 Wn. App. 715, 717, 247 P.3d 7 (2011), *review granted*, 171 Wn.2d 1027, 257 P.3d 662 (2011) and *aff'd,* 174 Wn. 2d 769, 280 P.3d 1078 (2012)).

This case was originally filed on March 31, 2021 in the United States District Court for the District of Montana Missoula Division. ECF No. 1. On July 29, 2024, the Montana United States District Court found the Montana Court lacked personal jurisdiction over the present Defendants, and severed the claims alleged against Providence Sacred Heart Medical Center and Dr. Kavitha Chaganur, and transferred them to the United States District Court for the Eastern District of Washington. ECF No. 123.

This Court holds diversity jurisdiction over the Washington State law claims. Plaintiff Brian Tackett is a resident of the State of Montana. Decedent Robbie Tackett was a citizen of Montana at the time of her death. Defendant Dr. Kavitha Chaganur is a resident of the State of Washington, and Defendant Providence Sacred Heart Medical Center's principal place of business in the State of Washington. The medical care provided as the subject of the allegations in this lawsuit all occurred in Spokane, Washington.

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 2

The following facts are agreed upon by the parties, and require no proof:

1.      Plaintiff Brian Tackett and decedent Robbie Tackett were married at all relevant times.

2.      Defendant Dr. Kavitha Chaganur is a board-certified internal medicine specialist and at all relevant times is and was licensed to practice medicine in the State of Washington.

3.      Dr. Kavitha Chaganur is and was an employee of Providence Sacred Heart Medical Center.

4.      Dr. Timothy Ball is a board-certified cardiologist and at all relevant times is and was licensed to practice medicine in the State of Washington.

5.      Robbie Tackett was transferred from a medical facility in the state of Montana to Providence Sacred Heart Medical Center in Spokane, Washington on November 1, 2018, for a higher level of care for management of her acute stroke.

6.      Robbie Tackett was admitted to Providence Sacred Heart Medical Center on November 1, 2018 and discharged on November 4, 2018.

7.      Robbie Tackett died on July 31, 2019.

## PLAINTIFFS' CONTENTIONS

Plaintiffs' contentions as to disputed issues are as follows:

1.      Defendants Dr. Kavitha Chaganur and Providence Sacred Heart Medical Center, breached the applicable standard of care by (1) failing to

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 3

specifically inform Robbie Tackett of her risk of sudden cardiac death during her inpatient hospitalization from November 1-4, 2018, (2) failing to either have her evaluated by an electrophysiologist during her inpatient hospitalization or otherwise initiate a referral to an electrophysiologist prior to her discharge on November 4, 2018, and (3) failing to specifically discuss with Robbie Tackett during her inpatient admission her candidacy for an implantable cardiac device.

2. Defendant Providence Sacred Heart Medical Center breached the applicable standard of care by (1) failing to have an "institutional mechanism" to identify patients with a risk of sudden cardiac death, (2) failing to have a specific policy for when to refer a patient to an electrophysiologist, and (3) failing to have a process to ensure a quality assurance review occurs when a patient dies outside of the hospital after they are discharged.

3. Defendants' breach of the standard of care was a proximate cause of Robbie Tackett's death.

4. Plaintiffs are entitled to an award of damages.

5. Plaintiff disputes that comparative fault may be apportioned to Robbie Tackett's Montana cardiology care providers, and alleges such due to those providers being severed from this action on July 29, 2024 (ECF No. 123).

### DEFENDANTS' CONTENTIONS

Defendants' contentions as to disputed issues are as follows:

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 4

1.    Plaintiffs cannot sustain any of the causes of action they have pled, and further, are not entitled to any damages. Plaintiffs cannot establish that any Defendant breached the applicable standard of care as to any of Plaintiff's allegations.

2.    Plaintiffs have failed to mitigate their damages.

3.    Plaintiffs' damages, if any, are the responsibility of Robbie Tackett's Montana cardiology care providers. And such comparative fault should be apportioned to such providers.

## ISSUES OF FACT

The following are the issues of fact to be determined by trial:

1.    Have Plaintiffs proved any Defendant breached the applicable standard of care in violation of RCW 7.70 et seq.?

2.    Have Plaintiffs proved that any Defendant proximately caused Plaintiffs' alleged damages?

3.    What are the damages from each of the above as to each of the Plaintiffs?

4.    Have Plaintiffs failed to mitigate any of those damages?

5.    Are Plaintiffs' damages the responsibility of Robbie Tackett's Montana cardiology team health care providers?

6.    Apportionment of damages:

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 5

a. Defendants position: What portion of Plaintiffs' damages are apportioned to Robbie Tackett's Montana cardiology team health care providers?

b. Plaintiffs' position: If the Court rules that Defendants may apportion comparative fault under RCW 4.22.070 to Robbie Tackett's Montana cardiology care providers despite their severance for lack of personal jurisdiction, what portion of Plaintiffs' damages, if any, are properly apportioned to those providers.

## ISSUES OF LAW

Defendants' Position: Defendants are unaware of any issues of law which need to be determined by the Court.

Plaintiffs' Position: Plaintiff believes there are at least six pending or anticipated issues that need to be determined by the Court: (a) Plaintiff's Motions in Limine regarding Defendants' Exhibits 520-24, 526-532 (ECF No. 208), (b) Plaintiff's Response posture on Defendants' Second Motions in Limine (ECF No. 232), (c) Deposition designation objections to be resolved at the pretrial conference, (d) admissibility of Defendats' Exhibits 507-514 (Dr. Marmureanu reports offered for impeachment), (e) whether there should be permitted apportionment of fault permitted as to Robbie Tackett's Montana cardiology team providers, and (f) foundation rulings on the autopsy report and death certificate.

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 6

## EXHIBITS

The following exhibits may be received in evidence, if otherwise admissible, without further authentication, it being admitted that each is what it purports to be:

Plaintiffs' Exhibits:

| EX | Description |
|---|---|
| 1 | Medical Records from:<br>  a. PSHMC<br>  b. Cabinet Peaks Medical Center<br>  c. Rocky Mountain Heart & Lung<br>  d. Kootenai Drug Pharmacy<br>  e. CHC |
| 2 | Autopsy Report |
| 3 | Death Certificate |
| 4 | Marriage Certificate |
| 5 | Deposition – Dr. Timothy Ball |
| 6 | Deposition – Dr. Kavitha Chaganur |
| 7 | Deposition – Marc Sowder (Rule 30(b)(6)) |
| 8 | Deposition – Dr. William Ralston |
| 9 | Deposition – Tammy Alberson |
| 10 | Deposition – Joseph Chopyak, PA |
| 11 | Expert Materials – Dr. Alexander Marmureanu |
| 12 | Business Contracts |
| 13 | Financial Records |
| 14 | Equipment Purchase and Financing Records |
| 15 | Damages and Financial Summaries |
| 16 | Photographs |
| 17 | Providence Materials |
| 18 | Professional Guidelines |
| 19 | CMS Materials |
| 20 | Demonstrative Exhibits |
| 21 | Impeachment and Rebuttal |
| 22 | Defendants' Exhibits |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 7

| 23 | Discovery Materials |
|---|---|

Defendants' Exhibits:

| EX | BATES | DESCRIPTION |
|---|---|---|
| 500 | [PSHMC-Chaganur 000001-000627] | Providence Sacred Heart Medical Center medical records |
| 501 | [PSHMC-Chaganur 000628-000642] | Providence Medical Group medical records |
| 502 | [PSHMC-Chaganur 000643-000776] | Logan Health – Kalispell Regional Healthcare medical records |
| 503 | [PSHMC-Chaganur 000777-001340] | Cabinet Peaks Medical Center medical records |
| 504 | [PSHMC-Chaganur 001341-001388] | Rocky Mountain Heart & Lung medical records |
| 505 | [PSHMC-Chaganur 001389] | Death Certificate of Robbie Tackett |
| 506 | [PSHMC-Chaganur 001390-001394] | Autopsy Report |
| 507 | [PSHMC-Chaganur 001395-001402] | Dr. Marmureanu's Report from Plaintiffs' Initial Disclosures, for impeachment purposes |
| 508 | [PSHMC-Chaganur 001403-001413] | Dr. Marmureanu's Expert Report produced to Defendants January 27, 2025 and filed as ECF No. 143, No. 144, & 179-4, for impeachment purposes |
| 509 | [PSHMC-Chaganur 001414-001421] | Dr. Marmureanu's Expert Report produced to Defendants August 18, 2025 and filed as ECF No. 179-5 & No. 179-6, for impeachment purposes |
| 510 | [PSHMC-Chaganur 001422-001425] | Dr. Marmureanu's Expert Report produced to Defendants January 12, 2026 and filed as ECF No. 179-7 & No. 181, for impeachment purposes |
| 511 | [PSHMC-Chaganur 001426-001427] | Dr. Marmureanu's Expert Report filed as ECF No. 179-8, No. 183-2, & 185-2, for impeachment purposes |
| 512 | [PSHMC-Chaganur 001428-001432] | Dr. Marmureanu's Supplemental Rebuttal Report to Dr. Chaganur's Motion for Summary |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 8

| | | |
|---|---|---|
| | | Judgment filed as ECF No. 183-5, 184-1, & 185-5, for impeachment purposes |
| 513 | [PSHMC-Chaganur 001433-001440] | Dr. Marmureanu's Rebuttal Report to Dr. Nazer, provided to Defendants February 5, 2026, for impeachment purposes |
| 514 | [PSHMC-Chaganur 001441-001447] | Dr. Marmureanu's Rebuttal Report to Dr. Yakovlevitch, provided to Defendants February 5, 2026, for impeachment purposes |
| 515 | [PSHMC-Chaganur 001448-001457] | Dr. Babak Nazer Expert Witness Report filed as ECF No. 182-1 |
| 516 | [PSHMC-Chaganur 001458-001460] | Dr. Babak Nazer Addendum to Expert Witness Report filed as ECF No. 182-2 |
| 517 | [PSHMC-Chaganur 001461-001468] | Dr. Marko Yakovlevitch Expert Witness Report filed as ECF No. 182-4 |
| 518 | [PSHMC-Chaganur 001469-001471] | Dr. Robert Stark Opinion Letters dated February 12, 2021 and April 12, 2021, filed as ECF No. 110-1 |
| 519 | [PSHMC-Chaganur 001472-001485] | Curriculum Vitae of Dr. Robert Stark |
| 520 | - | *Tackett v. Combs*, 1994 U.S. App. 10444, **for impeachment purposes** |
| 521 | - | *Tackett v. Wilt*, 1994 U.S. App. 11749, **for impeachment purposes** |
| 522 | - | *United States v. Pierce*, 62 F.3d 818, 1995 U.S. App. 22669, 1995 FED App. 0256P (6th Cir.), 42 Fed. R. Evid. Serv. (Callaghan) 1300, **for impeachment purposes** |
| 523 | - | *Tackett v. Payne*, 1998 U.S. App. 31358, **for impeachment purposes** |
| 524 | - | *United States v. Tackett*, 193 F.3d 880, 1999 U.S. App. 25501, 1999 FED App. 0363P (6th Cir.), **for impeachment purposes** |
| 526 | - | *Tackett v. Duncan*, 2014 MT 253, 376 Mont. 348, 334 P.3d 920, 2014 Mont. 599, **for impeachment purposes** |
| 527 | - | *Tackett v. Wheelis*, 2015 Mont. 612, 382 Mont. 410, 363 P.3d 1147, **for impeachment purposes** |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 9

| 528 | - | *United States v. Owens*, 2018 U.S. Dist. 221100, **for impeachment purposes** |
| 529 | - | *Tackett v. Mont. Nineteenth Jud. Dist. Ct.*, 2023 Mont. 839, 413 Mont. 532, 535 P.3d 1131, 2023 WL 6466483, **for impeachment purposes** |
| 530 | - | *Tackett v. Mont. HHS*, 2024 U.S. App. 13423, 2024 WL 2826223 (unpublished opinion), **for impeachment purposes** |
| 531 | - | *Tackett v. Feller*, 2024 MT 96N, 2024 Mont. 490, 417 Mont. 552, 547 P.3d 664, **for impeachment purposes** |
| 532 | Available for Inspection | Book authored by Brian Tackett, *Inside the Ku Klux Klan: The Rise and Fall of a Grand Dragon*, (Authorhouse, 2009), **for impeachment purposes** |
| 544 | - | Deposition testimony of Joseph Chopyak, PA-C, taken November 15, 2023 |
| 545 | - | Deposition testimony of Tammy Alberson, taken May 11, 2023 |
| 546 | - | Deposition testimony of Larry Hobson, taken May 11, 2023 |

The following Plaintiffs exhibits are objected to by Defendants:

| EX | Description | Objection(s) |
| --- | --- | --- |
| 2 | Autopsy Report | Objection. Hearsay – FRE 801-802.<br><br>Defendants object to any use of autopsy photos pursuant to ER 403 as any probative value of these photographs is outweighed by the prejudicial effect admission of them would cause. Such photographs would also be irrelevant. FRE 401-402. |
| 3 | Death Certificate | Objection. Hearsay – FRE 801-802. |
| 4 | Marriage Certificate | No Objection, subject to those objections to Plaintiff's deposition designations. |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 10

| EX | Description | Objection(s) |
|---|---|---|
| 5 | Deposition – Dr. Timothy Ball | Objection. Hearsay – FRE 801-802. |
| 6 | Deposition – Dr. Kavitha Chaganur | Objection. Hearsay – FRE 801-802. |
| 7 | Deposition – Marc Sowder (Rule 30(b)(6)) | Objection. Hearsay – FRE 801-802. Defendants object to the use of any deposition testimony of Defendant PSHMC's Rule 30(b)(6) deponent which consists of standard of care testimony. Expert opinion testimony is beyond the scope of a Rule 30(b)(6) deponent. *Boyer v. Reed Smith LLP*, 2013 WL 5724046 (W.D. Wash. 2013); *Sierra Club v. BNSF Railway Co.*, 2016 WL 4528452 *3 (W.D. Wash. 2016). |
| 8 | Deposition – Dr. William Ralston | Objection. Hearsay – FRE 801-802. In addition, subject to the objections in Defendants' deposition designation objections. |
| 9 | Deposition – Tammy Alberson | Objection. Hearsay – FRE 801-802. In addition, subject to the objections in Defendants' deposition designation objections. |
| 10 | Deposition – Joseph Chopyak, PA | Objection. Hearsay – FRE 801-802. In addition, Plaintiff has not independently designated any portion of Mr. Chopyak's deposition transcript. |
| 11 | Expert Materials – Dr. Alexander Marmureanu | Defendants object insofar as Plaintiff has failed to identify the specific materials to which he refers. There have been multiple expert witnesses throughout the course of this litigation, stemming back to its initial filing in March 2021. Defendants cannot fairly raise objections where they can only do so generally. Plaintiff must specify the reports, CVs, or summaries to which he refers. FRE 702, 802: Some reports contemplated by these exhibits are inadmissible because they contain expert testimony that cannot be admitted through a report. *Reckley v. Cmty. Nursing, Inc.*, |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 11

| EX | Description | Objection(s) |
|---|---|---|
| | | No. CV 19-119-M-KLD, 2021 U.S. Dist. 163976 *3 (D. Mont. Aug. 30, 2021))<br><br>FRE 401-402: Some of the material referred to is not relevant, and does not make a fact or consequence more or less likely.<br>FRE 602: Some of the material referred to may contain statements for which the author lacks personal knowledge.<br>FRE 802: It is hearsay. Any curriculum vitae is hearsay.<br>FRE 805: It contains hearsay within hearsay.<br>FRE 403: Any probative value of it is outweighed by the waste and confusion admission of it would cause. |
| 12 | Business Contracts | Plaintiff writes "contracts" between Brian Tackett, LLC and Coltek and Cable Tel, dated July 2019, however Defendants have only identified one such agreement which meets this description which Plaintiff provided during his initial disclosures. Defendants are unaware of any other contracts which impliedly exist based on the way Plaintiff has described Exhibit No. 12. Defendants object to the use of any exhibit which has not been specifically identified.<br><br>FRE 26(a)(1)(A)(iii): Plaintiff has failed to produce a sufficient, current, computation of monetary damages.<br>FRE 901: No such evidence has been authenticated.<br>FRE 802: It is hearsay.<br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely.<br>FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause. |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 12

| EX | Description | Objection(s) |
|---|---|---|
| 13 | Financial Records | Defendants object insofar as Plaintiff has failed to identify any specific materials relating generally to "bank banks statements and related financial records of Brian Tackett, LLC." Defendants cannot fairly raise objections where they can only do so generally. Plaintiff should not be permitted to make use of any record which has not been identified with specificity.<br><br>FRE 26(a)(1)(A)(iii): Plaintiff has failed to produce a sufficient, current, computation of monetary damages.<br>FRE 901: No such evidence has been authenticated.<br>FRE 802: It is hearsay.<br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely.<br>FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause. |
| 14 | Equipment Purchase and Financing Records | Defendants object insofar as Plaintiff has failed to identify the specific "Arvest Bank and De Lage Laden loan documents," nor provide such to Defendants.. Plaintiff should not be permitted to make use of any record which has not been identified with specificity.<br><br>FRE 26(a)(1)(A)(iii): Plaintiff has failed to produce a sufficient, current, computation of monetary damages.<br>FRE 901: No such evidence has been authenticated.<br>FRE 802: It is hearsay.<br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely. |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 13

| EX | Description | Objection(s) |
|---|---|---|
|  |  | FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause. |
| 15 | Damages and Financial Summaries | Defendants object insofar as Plaintiff has failed to identify any specific materials regarding any alleged damages. Defendants cannot fairly raise objections where they can only do so generally. Plaintiff must identify specific materials. Plaintiff has only specific insofar as they "include those disclosed in Plaintiff's supplemental computation of damages." Plaintiff implies additional materials are included in this category as No. 15 is written.<br><br>FRE 26(a)(1)(A)(iii): Plaintiff has failed to produce a sufficient, current, computation of monetary damages.<br>FRE 901: No such evidence has been authenticated.<br>FRE 802: It is hearsay.<br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely.<br>FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause. |
| 16 | Photographs | Defendants object insofar as Plaintiff has failed to identify any specific photos. Plaintiff has not identified where the photos may have been taken, what they depict, when they were taken, or the number of photographs. Defendants cannot fairly raise objections where they can only do so generally.<br><br>FRE 401-402: These photos are irrelevant. They may depict events that predate the relevant period. They do not make a fact or consequence more or less likely. |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 14

| EX | Description | Objection(s) |
|---|---|---|
| | | FRE 404, 405, and 608: The photos may improperly offer character evidence. ER 403: any probative value of these photographs is outweighed by the waste, prejudice, and/or confusion admission of them would cause. |
| 17 | Providence Materials | Plaintiff has failed to identify any specific Providence materials listed. Plaintiff should not be permitted to make use of any record which has not been identified with specificity. Plaintiff has not identified which specific "website pages" and "marketing materials" to which he refers other than those used as exhibits in the course of the Providence 30(b)(6) deposition of Marc Sowder.<br><br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely.<br>FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause.<br>FRE 802: It is hearsay.<br><br>Expert testimony is necessary to prove standard of care and causation based on reasonable medical certainty. *McLaughlin v. Cooke*, 112 Wn.2d 829, 836-37, 774 P.2 1171 (1989); *Guile v. Ballard Comm. Hosp.*, 70 Wn. App. 18, 25, 851 P.2d 689 (1993). Policies, procedures, etc. cannot establish the applicable standard of care as such can only be established by competent medical expert testimony. |
| 18 | Professional Guidelines | FRE 801: It is hearsay.<br>FRE 703, 803(a)(18): These materials cannot be received as exhibits. "Statements contained in published treatises, periodicals or pamphlets established as a reliable authority by the |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 15

| EX | Description | Objection(s) |
|---|---|---|
| | | testimony or admission of the witness or by other expert testimony or by judicial notice, may be read into evidence." |
| 19 | CMS Materials | FRE 801: It is hearsay.<br>FRE 702, 703: Improper expert witness opinions.<br>FRE 703, 803(a)(18): These materials cannot be received as exhibits. "Statements contained in published treatises, periodicals or pamphlets established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice, may be read into evidence." |
| 20 | Demonstrative Exhibits | The information "listed" under this exhibit no. 22 is so overly broad, vague, and non-specific that Defendants cannot reasonably or meaningfully respond. Plaintiff should not be permitted to make use of any record which has not been identified with specificity and to which Defendants have not had a meaningful opportunity to assert objections to the same.<br><br>FRE 401-402: Some or all these materials are not relevant, and do not make a fact or consequence more or less likely.<br>FRE 403: any probative value of it is outweighed by the waste and confusion admission of it would cause. It is cumulative.<br>FRE 802: It is hearsay.<br>FRE 805: It contains hearsay within hearsay. |
| 21 | Impeachment and Rebuttal | The information "listed" is so overly broad, vague, and non-specific that Defendants cannot reasonably or meaningfully respond. Plaintiff should not be permitted to make use of any record which has not been identified with specificity and to which Defendants have not had a meaningful opportunity to assert objections to the same. Plaintiff has not |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 16

| EX | Description | Objection(s) |
|---|---|---|
|  |  | identified any exhibits specifically for impeachment purposes. |
| 23 | Discovery Materials | The information "listed" is so overly broad, vague, and non-specific that Defendants cannot reasonably or meaningfully respond. Plaintiff should not be permitted to make use of any record which has not been identified with specificity and to which Defendants have not had a meaningful opportunity to assert objections to the same. |

The following Defendants exhibits are objected to by Plaintiffs:

| EX | BATES | DESCRIPTION |
|---|---|---|
| 520 | - | *Tackett v. Combs*, 1994 U.S. App. 10444, **for impeachment purposes** |
| 521 | - | *Tackett v. Wilt*, 1994 U.S. App. 11749, **for impeachment purposes** |
| 522 | - | *United States v. Pierce*, 62 F.3d 818, 1995 U.S. App. 22669, 1995 FED App. 0256P (6th Cir.), 42 Fed. R. Evid. Serv. (Callaghan) 1300, **for impeachment purposes** |
| 523 | - | *Tackett v. Payne*, 1998 U.S. App. 31358, **for impeachment purposes** |
| 524 | - | *United States v. Tackett*, 193 F.3d 880, 1999 U.S. App. 25501, 1999 FED App. 0363P (6th Cir.), **for impeachment purposes** |
| 526 | - | *Tackett v. Duncan*, 2014 MT 253, 376 Mont. 348, 334 P.3d 920, 2014 Mont. 599, **for impeachment purposes** |
| 527 | - | *Tackett v. Wheelis*, 2015 Mont. 612, 382 Mont. 410, 363 P.3d 1147, **for impeachment purposes** |
| 528 | - | *United States v. Owens*, 2018 U.S. Dist. 221100, **for impeachment purposes** |

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 17

| 529 | - | *Tackett v. Mont. Nineteenth Jud. Dist. Ct.*, 2023 Mont. 839, 413 Mont. 532, 535 P.3d 1131, 2023 WL 6466483, **for impeachment purposes** |
| 530 | - | *Tackett v. Mont. HHS*, 2024 U.S. App. 13423, 2024 WL 2826223 (unpublished opinion), **for impeachment purposes** |
| 531 | - | *Tackett v. Feller*, 2024 MT 96N, 2024 Mont. 490, 417 Mont. 552, 547 P.3d 664, **for impeachment purposes** |
| 532 | Available for Inspection | Book authored by Brian Tackett, *Inside the Ku Klux Klan: The Rise and Fall of a Grand Dragon*, (Authorhouse, 2009), **for impeachment purposes** |

Plaintiffs' additional position as to Defendants' Exhibits: Plaintiffs contend that Defendants Exhibits 507-514 and 520-524, 526-532 are subject to Plaintiff's pending Motions in Limine (ECF No. 208) and to Plaintiff's FRE 403 and FRE 613 objections.

Other than for impeachment purposes, the only exhibits admitted at trial will be exhibits identified herein or on a supplemental list filed at least 14 days before trial, or at such earlier date as may have been set by the Court, which supplemental list shall bear counsel's certificate that opposing counsel has had an opportunity to examine the exhibits.

Objections to exhibits, except as to relevancy, must be heard prior to trial.

**WITNESSES**

Defendants contend that only the following witnesses may be called by Plaintiffs:

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 18

1.     Brian Tackett

2.     Dr. Alexander Marmureanu (Expert – Cardiothoracic Surgeon)

3.     Dr. Kavitha Chaganur

4.     Dr. Timothy Ball

5.     Marc Sowder, PSHMC Rule 30(b)(6) Designee

6.     Dr. William Ralston

7.     Tammy Alberson

8.     Dr. William Highfill

9.     Desiree Allen Haatz, FNP

Plaintiffs contend that the following additional witnesses may be called by Plaintiffs:

10.    Dr. Philip Newman

11.    Joseph Chopyak, PA-C

12.    Kaitlyn Owen

Defendants dispute that Plaintiff witnesses listed above in numbers 10-12 may be called at the time of trial.

The following witnesses may be called by Defendants:

1.     Brian Tackett

2.     Dr. Kavitha Chaganur

3.     Dr. Timothy Ball

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 19

4.    Dr. Marko Yakovlevitch (Expert – Cardiologist)

5.    Dr. Babak Nazer (Expert – Electrophysiologist)

6.    Dr. Alexander Marmureanu (Plaintiffs' Expert)

Other than for rebuttal purposes, no witnesses may be called unless listed above.

## RELIEF SOUGHT

1.    Plaintiffs seek damages caused by each cause of action stated above for medical and corporate negligence in amounts to be proven at trial. Plaintiffs seek:

a. Judgment against all Defendants for damages sustained, for each Plaintiff, in an amount to be proven at trial.

b. Judgment for all attorney fees and costs incurred in pursuing relief.

2.    Defendants will ask the jury to return a complete defense verdict on all claims brought by the Plaintiffs.

## TRIAL

The Parties estimate eight (8) days for trial.

An alternate juror is recommended.

No stipulation is reached as to what happens if a juror is excused during trial for good cause, or whether a verdict by five jurors would be stipulated to at that time.

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 20

Unless otherwise specified in a scheduling order, proposed instructions and trial memoranda shall be filed and served at least 7 days prior to commencement of trial.

## ACTION BY THE COURT

The Court has made the following Rulings:

It is ORDERED that the foregoing constitutes the pretrial order in the case and that upon the filing hereof all pleadings pass out of the case and are superseded by this Order. This Order may be amended by consent of the parties and approval by the Court or by the Court to prevent manifest injustice.

DATED this _____ day of _____ 2026.

_____

HONORABLE THOMAS O. RICE

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 21

*Presented By:*

EVANS, CRAVEN & LACKIE, P.S.

By: */s/ Stephanie A. Crockett*
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

LAW OFFICE OF JUSTIN D. LEIGH

By: */s/ Justin D. Leigh*
JUSTIN D. LEIGH, WSBA #55307
Attorney for Plaintiff
106 N. Grant Ave | P.O. Box 855
Goldendale, Washington 98620
Tel: (509) 426-4415
justindleigh@gmail.com

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 22

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Justin D. Leigh, WSBA #55307
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
(509) 426-4415
justindleigh@gmail.com

_____/s/ Stephanie A. Crockett_____
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

JOINT PROPOSED PRETRIAL ORDER (LCivR 16(e)) - page 23