THE HONORABLE THOMAS O. RICE

MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, <br><br> Plaintiff, <br><br> vs. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, MD, <br><br> Defendants. | Cause No. 2:24-cv-00262-TOR <br><br> DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) |

## I.    INTRODUCTION

COME NOW Defendants Providence Sacred Heart Medical Center and Kavitha Chaganur, MD, by and through their attorneys of record of the law firm Evans, Craven & Lackie, P.S., and hereby submit the following objections to Plaintiff's Individually Proposed Jury Instructions (ECF No. 244).

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 1

## II.    ARGUMENT

A few basic principles relating to jury instructions support Defendants' objections to Plaintiff's individually proposed jury instructions. First, jury instructions are proper when they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011).

Second, jury instructions that place an undue emphasis on either party's theory constitute reversible error. *Gill v. Manuel*, 488 F.2d 799 (9th Cir. 1973).

Third, "[j]ury instructions normally just say what the law requires and do not go on to describe the purposes for which the law was enacted." *Martinez v. Cty. of Alameda*, No. 20-cv-06570-TSH, 2024 U.S. Dist. 58271 (N.D. Cal. Mar. 29, 2024) (rejecting edits to jury instructions that sought to include the purpose of the law).

Fourth, a court may refuse to give a proposed instruction that is redundant of instructions already given. *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir.), cert. denied, 113 S. Ct. 504 (1992).

### 1.  Plaintiff's Proposed Instructions No. 1: WPI 31.02.01

First, Plaintiff's version of WPI 31.02.01 is modified from its original form, although Plaintiff does not represent such in ECF No. 244. Even if the Court were to consider WPI 31.02.01 as an appropriate instruction, it must reject Plaintiff's

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 2

unrecognizable version. Removing the introductory and closing language of the instruction would be confusing and misleading to the jury.

Second, this proposed instruction is objectionable since it is entirely unnecessary. This proposed instruction is redundant of joint proposed jury instructions (ECF No. 247, Instruction No. 29, MMCJI 5.1, 5.2 [Mod]) that sufficiently describes and includes damages and the framework for awarding such as to both decedent Robbie Tackett and Plaintiff Brian Tackett. Plaintiff's proposed instruction should be rejected.

## 2. Plaintiff's Proposed Instruction No. 2: WPI 31.03.01

This proposed instruction is objectionable, and entirely inappropriate, where this Court has already ruled that the minor children of Robbie Tackett are not parties to this action, and that no claims are made on their behalf. ECF No. 241. Defendants additionally incorporate by reference the arguments made in ECF No. 254.

Additionally, Plaintiff's version of WPI 31.03.01 is modified from its original template, although Plaintiff does not represent such in ECF No. 244, which is also misleading and objectionable. Plaintiff's version of WPI 31.03.01 would confuse the jury where it incorrectly references RCW 4.20.020, unnecessarily refers to apportionment between the minor two children of Robbie Tackett, and removes the opening and closing language of the instruction.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 3

Moreover, the Jointly Proposed instructions already incorporate jury instructions which contemplate damages which are alleged by Plaintiff on behalf of Robbie Tackett. A separate jury instruction as to the children would therefore be incorrect and Plaintiff's proposed instruction should be rejected.

**3. Plaintiff's Proposed Instruction No. 3: WPI 31.01.01 – RCW 4.20.046**

Plaintiff's third proposed instruction is objectionable where it deviates from any purported language set out in WPI 31.01.01, is unnecessary based on the joint proposed instructions (ECF No. 247, Instruction No. 29, MMCJI 5.1, 5.2 [Mod]), and Plaintiff has not plead or otherwise alleged any purported damages for Robbie Tackett's pre-death "pain and suffering," pre-death lost wages, or medical expenses other than those paid to "Providence." ECF No. 148. Pgs. 8-9. Any purported award for lost wages after her death is covered by Joint Proposed Instruction No. 29 (ECF No. 247).

Further, as to all the stated "pre-death" damages listed in this proposed instruction, Defendants incorporate by reference those arguments which they made in connection with Defendant's Motions in *Limine* No. 21, 22, and 25. (ECF No. 210 and No. 232). Plaintiff has not provided any requisite computation of damages or other documentation related to these newly contemplated "pre-death" damages. There should be no instruction as to any "pre-death" damages as

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 4

Plaintiff's attempt to incorporate pursuant to Plaintiff's Proposed Instruction No. 3.

**4. Plaintiff's Proposed Instruction No. 4: RCW 4.20.010, .020 [Mod]**

Plaintiff's proffered and self-authored jury instruction is highly objectionable where it seeks to combine two Washington Statutes, resulting in two incomplete and misleading statements of Washington law. Not only should this instruction be removed as misleading and inaccurate, but certain portions of the purported instruction are already accounted for elsewhere.

First, this instruction is unnecessary and would only seek to confuse the jury where it instructs them on issues that would be considered "post-verdict" and things which are "not your concern." It also seeks to instruct the jury as to the status of Brian Tackett as personal representative of the Estate and his ability to bring the present claims, which is not an issue for which the jury needs to decide. Second, no claims are made individually as to the minor children of Robbie Tackett. ECF No. 241; ECF No. 148. Third, Proposed Jury Instruction No. 42 already sufficiently instructs the jury on apportionment. ECF No. 247.

**5. Plaintiff's Proposed Instruction No. 5: Fed R. Evid. 608(b) [Mod]**

Defendants incorporate by reference those arguments set for in ECF No. 218. Defendants have already explained at length that such proposed defense exhibits, particularly Plaintiff's "self-published memoir," would be used solely for

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 5

impeachment purposes. Plaintiff's proposed instruction No. 5 is objectionable as an incorrect recitation of Fed. R. Evid. 608(b). Plaintiff's language within this proposed instruction includes that "you may not consider that evidence as evidence that Brian Tackett has any bad character or any propensity to act in any particular way." This language is confusing, where such impeachment evidence demonstrates Plaintiff's propensity to lie, and may be considered for such purpose. Finally, as Plaintiff points out, the Jointly Proposed Jury instructions already sufficiently contemplate any of Plaintiff's concerns. ECF No. 247 (MMCJI 1.11and MMCJI 2.10). Additional instruction would be confusing and is unnecessary. Plaintiff's self-authored instruction is vague, fails to define what such evidence may be considered for, and should not be adopted by this Court.

### 6. Plaintiff's Proposed Instruction No. 6: WPI 15.01.01 [Mod]

Plaintiff offers this proposed instruction as a "companion" to the Joint Proposed Instruction No. 38 (Plaintiff cited to No. 40 in error). ECF No. 247 (WPI 15.01.01). However, Plaintiff's proposed instruction is objectionable where it puts confuses the causation instructions applicable to this cause of action and puts undue emphasis on Plaintiff's theory as to causation.

Plaintiff adds expansive self-authored language to WPI 15.01.01, which is not appropriate in the present case. Generally, WPI 15.01 (Proximate Cause – Definition) or WPI 15.01.01 (Proximate Cause Definition – Alternative), are to be

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 6

used in negligence claims when instructing the jury on causation, except for in limited circumstances. A substantial factor instruction is only necessary in the narrow class of cases for which the "but for" test of causation is inapplicable, and is to be used "instead of" WPI 15.01 or WPI 15.01.01. See WPI 15.02 "Note on Use."

Here, the "Note on Use" for WPI 15.01.01 explains that WPI 15.05 (Proximate Cause – Superseding Cause) should be used when there may be more than one proximate cause; WPI 15.05 is included in the Joint Proposed Jury Instructions. Here, there is no special circumstance which would require the jury to make use of a substantial factor instruction, and the instructions already jointly submitted to the court are sufficient. The instructions submitted by the parties on causation, WPI 15.01.01 and WPI 15.05, are the correct instructions which should be submitted to the jury.

Should the Court find that a substantial factor instruction is appropriate for the present case, which Defendants believe it should not, then Plaintiff's proposed instruction should still be rejected, and the Court should instead use the language set forth in WPI 15.02.

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 7

DATED this 25th day of May 2026.

EVANS, CRAVEN & LACKIE, P.S.

By:    */s/ Stephanie A. Crockett*
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND
DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S
INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 8

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Justin D. Leigh, WSBA #55307
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
(509) 426-4415
justindleigh@gmail.com

_____/s/ Stephanie A. Crockett_____
MARKUS W. LOUVIER, WSBA #39319
STEPHANIE A. CROCKETT, WSBA #62797
Attorneys for Defendants
818 West Riverside, Suite 250
Spokane, Washington 99201
(509) 455-5200/(509) 455-3632 Facsimile
mlouvier@ecl-law.com
scrockett@ecl-law.com

DEFENDANT PROVIDENCE SACRED HEART MEDICAL CENTER AND DR. KAVITHA CHAGANUR, MD'S OBJECTIONS TO PLAINTIFF'S INDIVIDUALLY PROPOSED JURY INSTRUCTIONS (ECF No. 244) - page 9