Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
509-426-4415

## IN UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, an individual, as Personal Representative of the Estate of Robbie Ann Tackett, <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER and KAVITHA CHAGANUR, <br><br> Defendants. | CASE NO. **2:24-CV-00262-TOR** <br><br> **PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE ON INSURANCE, PAYER STATUS, AND FINANCIAL CONSIDERATIONS** |

## I. <u>INTRODUCTION</u>

Plaintiff submits this supplemental opposition focused on four overlapping defense motions that, taken together, would prevent the jury from hearing the evidence necessary to evaluate the systemic clinical and financial environment in which Defendants failed to recognize, document, and refer Robbie Ann

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE <u>1</u> OF **10**

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

Tackett's sudden-cardiac-death risk during her November 1 through 4, 2018 admission at Providence Sacred Heart Medical Center:

| Motion | Citation | What It Seeks to Bar |
|---|---|---|
| **First MIL #3** | ECF No. 210 at 5–6 | Reference to insurance (FRE 411) |
| **First MIL #11** | ECF No. 210 at 13 | Theory that Defendants treat patients differently based on insurance status |
| **First MIL #14** | ECF No. 210 at 15 | Reference to relative financial status of the parties |
| **Second MIL #24** | ECF No. 232 at 2–3 | Exclusion of rebuttal witness Hoffman (CFO) on relevance and Rule 37(c)(1) |

Defendants' framing is that "motive is not an element of any claim in this case" and "[t]here is no evidence in this case that Providence's actions were motivated by insurance or money." ECF No. 232 at 3. Both premises are wrong. The Washington Attorney General's $157.8 million enforcement resolution documents exactly such conduct at exactly this institutional defendant during the relevant period; the CMS-contractual chain makes payer status the legal predicate for the standard-of-care obligations at issue; and none of the evidentiary rules Defendants cite bars the evidence Plaintiff intends to offer. Defendants' own institutional witness, Dr. Timothy Ball, opened the door to this testimony without objection. Ball Dep. at 121:21–124:12.

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 2 OF 10

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

## II. THE AG RESOLUTION IS ADMISSIBLE PATTERN EVIDENCE

On February 1, 2024, the Washington Attorney General announced the largest charity-care enforcement resolution of its kind in the country: Providence agreed to forgive over $137.2 million in medical debt and refund more than $20.6 million to 99,446 Washingtonians for services Providence billed "despite knowing they likely qualified for free or reduced-cost health care." Washington Office of the Attorney General, *AG Ferguson: Providence must provide $157.8 million in refunds and debt relief for unlawful medical charges to low-income Washingtonians* (Feb. 1, 2024) (the "AG Resolution"), available at https://www.atg.wa.gov/news/news-releases/ag-ferguson-providence-must-provide-1578-million-refunds-and-debt-relief.

The AG's underlying enforcement complaint, filed in February 2022, alleged that Providence engaged in numerous practices between 2018 and 2022 that prevented patients from accessing financial assistance—conduct the AG characterized as more than 100,000 violations of the state Consumer Protection Act. *Id.* The conduct period directly overlaps Mrs. Tackett's November 1 through 4, 2018 admission at Providence Sacred Heart Medical Center. The details of Providence's collection practices and the AG's factual findings are set forth in the AG Resolution ("**Exhibit A**").

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 3 OF 10

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

This evidence is admissible under Federal Rule of Evidence 404(b)(2) to show motive (whether financial considerations bore on care decisions for a Medicaid patient with a $50,000-plus procedure indication), intent and absence of mistake (whether the failure to evaluate Mrs. Tackett's SCD risk was institutional design rather than accidental omission), and plan or preparation (Providence's defined institutional approach to low-income patients across the 2018–2022 period, probative on the corporate-negligence theory).

The AG Resolution is not offered for the truth of any individual factual allegation but to show that a neutral, official source—the State of Washington— formally documented an institutional pattern of conduct adverse to low-income patients during the relevant period, and that Providence accepted the consequences by paying $157.8 million. The publication is self-authenticating under Federal Rule of Evidence 902(5). Defendants' assertion that "[t]here is no evidence in this case that Providence's actions were motivated by insurance or money" (ECF No. 232 at 3) is untenable in light of the AG Resolution.

### III. MEDICAID STATUS IS DIRECTLY RELEVANT

The contractual chain through which CMS coverage directives bind Defendants directly is admitted in the record:

| | What It Establishes | Record Citation |
|---|---|---|
| **CMS NCD 20.4** | ICD candidacy criteria for Medicare/Medicaid | **Pl. Ex. 1(a)** |

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE PAGE 4 OF 10

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

|  | What It Establishes | Record Citation |
|---|---|---|
|  | patients; Mrs. Tackett met Section B(5) (familial/genetic substrate—no 3-month waiting period) at discharge. |  |
| **CMS LCD L33271** | CRT-D candidacy criteria | <u>**Pl. Ex. 1(b)**</u> |
| **Providence Medicare/Medicaid enrollment agreement** | Compliance with CMS coverage directives as condition of reimbursement. | Ball Dep. at 123:11–14 |
| **Physician employment agreements** | Compliance with "federal laws and regulations." | Ball Dep. at 11:1–14:14; Chaganur Dep. at 10:12 |

This chain converts CMS NCD 20.4 into a contractually binding minimum-care floor for Medicaid patients—not an abstract guideline. Mrs. Tackett was a Medicaid patient. ECF No. 221 at 7–8. Washington recognizes that hospitals may be held to standards of care defined by their accreditation, their own bylaws, and by statute. *Douglas v. Freeman*, 117 Wn.2d 242, 248–49, 814 P.2d 1160 (1991) ('the standards of care to which a hospital should be held may be defined by the accreditation standards of the Joint Commission on Accreditation of Hospitals and the hospital's own bylaws,' with '[o]ther decisions [holding] the standard of care for hospitals defined by statute'). Plaintiff submits that the same framework extends to federal coverage directives like CMS NCD 20.4 where Providence has contractually adopted Medicare Conditions of Participation as a condition of

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE <u>5</u> OF **10**

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

receiving Medicare and Medicaid reimbursement—those requirements function as institutional commitments akin to the JCAH and bylaws standards recognized in *Douglas*. The corporate-negligence doctrine that Washington recognizes is grounded in the hospital's independent nondelegable duty to its patients. See *Pedroza v. Bryant*, 101 Wn.2d 226, 230, 677 P.2d 166 (1984). Plaintiff offers payer-status evidence to establish the legal predicate that triggered these obligations—not to invoke jury sympathy.

## IV.  THE EVIDENCE FALLS OUTSIDE DEFENDANTS' MOTIONS

### A.  Expert Testimony (MIL #11).

Defendants' First MIL #11 targets lay testimony on a "theory that Defendants treat patients differently based on their health insurance carrier or status," citing Federal Rules of Evidence 701, 703, and 802. ECF No. 210 at 13. Each basis applies only to lay opinion or hearsay; none reaches expert testimony under Federal Rule of Evidence 702. Dr. Alexander Marmureanu—Plaintiff's retained cardiothoracic surgeon—is qualified to opine on the systemic clinical-environment factors that bear on standard-of-care compliance, including the reimbursement structure for AICD implantation and how that structure correlates with delays in SCD-risk recognition and ICD-candidacy assessment. See generally Marmureanu Reports (ECF Nos. 143, 144, 179-4 through 179-8, 181, 183-2, 183-5, 184-1, 185-2, 185-5); *Daubert v. Merrell Dow Pharms., Inc.*, 509

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE
PAGE 6 OF 10

U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). MIL #11 does not address—and cannot reach—this Federal Rule of Evidence 702 testimony.

**B. Federal Rule of Evidence 411 (MIL #3).**

Federal Rule of Evidence 411 bars evidence of liability insurance offered to prove negligence. It does not reach a patient's health-insurance status, the reimbursement rate a public program pays for a specific procedure, or an institutional defendant's contractual commitments arising from program participation. See Advisory Committee Note to Rule 411. Plaintiff's evidence concerns Mrs. Tackett's Medicaid coverage, the AICD reimbursement structure under CMS NCD 20.4 and LCD L33271, and Providence's obligations under its Medicare/Medicaid enrollment agreements—none of which constitutes "liability insurance." MIL #3, by its own terms, targets "insurance or liability insurance held by Defendants" (ECF No. 210 at 5); Plaintiff has reserved only the bias/prejudice/financial-interest exception authorized by Federal Rule of Evidence 411. ECF No. 221 at 2.

**V. THE EVIDENCE SATISFIES RULES 401 AND 403**

| | Analysis | Key Authority |
|---|---|---|
| **Probative Value** | Standard of care (CMS NCD 20.4 sets AICD-candidacy standard; Mrs. Tackett met criteria at discharge, was not evaluated); breach (no | Ball Dep. at 50:23–51:5; *Douglas v. Freeman*, 117 Wn.2d 242 (1991). |

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 7 OF **10**

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

| | Analysis | Key Authority |
|---|---|---|
| | documented ICD/EP/CRT consideration in chart); corporate negligence (AG Resolution evidences pattern consistent with failure to evaluate); causation context (systemic omission, not careful judgment call). | |
| **Prejudice** | Evidence offered with limiting instruction under Rule 404(b)(2)—not for propensity. In limine rulings are inherently provisional, and the Court may defer Rule 403 balancing on individual items to admission-stage at trial rather than imposing categorical pretrial exclusion. Moreover, Defendants' own introduction of Mrs. Tackett's 2009 memoir and decades-old litigation (Defs' Exs. 520–532) undermines any claim of unfair prejudice; Plaintiff's MIL #208 seeks to exclude that material. | *Luce v. United States,* 469 U.S. 38, 41 (1984). ("[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") |

## VI.  REQUESTED RELIEF

Plaintiff's existing Response to Defendants' First MIL (ECF No. 221 at 6–8) preserved the lane for limited payer-status evidence for proper, non-prejudicial purposes. This supplemental memorandum extends that preservation to the expert testimony, AG Resolution, and CMS-contractual-standard-of-care framework described above. Plaintiff respectfully requests that the Court:

| No. | Requested Relief |
|---|---|
| **1.** | Deny Defendants' First MIL Items 3, 11, and 14 to the extent they would bar payer-status evidence, expert testimony on systemic clinical-environment factors under Federal Rule of Evidence 702, or the CMS-contractual-standard-of-care framework already in the record. |

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 8 OF 10

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

| No. | Requested Relief |
|-----|------------------|
| 2. | Deny Defendants' Second MIL Item 24 (Hoffman) on the substantive-irrelevance premise, reserving Plaintiff's position on the Rule 37(c)(1) dispute. |
| 3. | Confirm that the AG Resolution is admissible under Federal Rule of Evidence 404(b)(2) for the specific purposes of showing motive, intent, absence of mistake, plan, and preparation, with an appropriate limiting instruction. |
| 4. | Reserve for trial any specific Federal Rule of Evidence 403 balancing on individual items of evidence. |

DATED this 25th day of May, 2026.

Respectfully submitted,

LAW OFFICE OF JUSTIN D. LEIGH

By: /s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307
106 N. Grant St. | P.O. Box 855
Goldendale, WA 98620
justindleigh@gmail.com
509-426-4415
*Attorney for Plaintiff*

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 9 OF 10

## CERTIFICATE OF SERVICE

I, Justin D. Leigh, certify under penalty of perjury under the laws of the United States and the State of Washington that on May 25, 2026, I caused to be served the foregoing on the individuals listed below via the Court's CM/ECF electronic filing system and via electronic mail:

**EVANS, CRAVEN & LACKIE, P.S.**

Markus W. Louvier, WSBA No. 39319
Stephanie A. Crockett, WSBA No. 62797
818 W. Riverside, Suite 250
Spokane, WA 99201
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 10 OF 10

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415