Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
509-426-4415

## IN UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN TACKETT, an individual, as Personal Representative of the Estate of Robbie Ann Tackett, <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE SACRED HEART MEDICAL CENTER and KAVITHA CHAGANUR, <br><br> Defendants. | CASE NO. **2:24-CV-00262-TOR** <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(c)** |

## I. INTRODUCTION

Defendants' Response to ECF No. 246 (ECF No. 254) misframes both the procedural history and the relief Plaintiff requests. Plaintiff submits this Reply to make four clarifications:

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 1 OF **11**

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

A. The record reflects continuous notice over more than a year that the children might be called as witnesses, and reflects Defendants' affirmative refusal to enter any stipulation that would have foreclosed that possibility;

B. The relief sought at ECF No. 246 is materially distinct from the relief denied at ECF No. 241—and is consistent with this Court's reasoning in that prior Order;

C. The testimony is narrow, scope-bounded, and directly probative on the statutory wrongful-death damages categories the jury must determine; and

D. The procedural defects Defendants invoke (timing and exclusion from the Pretrial Order) are not curable by denying the children leave to testify—they are curable by the modest relief Plaintiff already requests, supplemented by an FRCP 16(e) amendment to the **Pretrial Order.**

This Reply does not relitigate any matter the Court has already decided. It addresses only the procedural framing Defendants have introduced.

## II.  <u>CONTINUOUS NOTICE AND NO STIPULATION</u>

Defendants frame the children's April 14, 2026 designation on Plaintiff's Witness List (ECF No. 204, items 10 and 13) as a late-stage reversal of a prior commitment. The record Defendants attached to their own Response shows otherwise.

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 2 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

In Plaintiff's January 6, 2025 email—Defendants' Exhibit A—Plaintiff expressly conditioned his position on Defendants' conduct: "I do not intend to call my kids at trial **unless you depose them or attempt to call them as witnesses**." ECF No. 254-2 (emphasis added). The clause is conditional, not categorical.

When Defendants declined to clarify their position, Plaintiff returned to the question on January 23, 2025—Defendants' Exhibit B. Plaintiff wrote: "I want an answer about my kids. Are you going to depose them or not? If you do not, I will not call them as witnesses, or move to add them as parties. I want an answer. Do we have a stipulation or not?" ECF No. 254-3.

Defendants' counsel responded: "I doubt I will depose your kids, but I don't need to make a decision on that issue. We have a long discovery period to evaluate that issue." ECF No. 254-3. That is not a stipulation. It is an affirmative refusal to stipulate.

Plaintiff responded the same day: "If you do not stipulate, clearly, since I see you are a squirrely one, then I will move to add them as parties and call them to testify. … Consider this your Local Rule Notice of same." ECF No. 254-3.

That exchange—all of it in Defendants' own attached exhibits—establishes that Plaintiff's January 6 statement was conditional, that Defendants affirmatively declined to commit, and that Plaintiff gave formal written notice on

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 3 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

January 23, 2025 that the children would be called as witnesses absent the requested stipulation.

Plaintiff thereafter designated Grayson T. and Gretta T. on his Witness List on April 14, 2026 (ECF No. 204) as fact witnesses on "Robbie Tackett, family relationships, and damages." Defendants acknowledge—in their Response—that they then filed an objection to that designation. ECF No. 254 at 3 (citing ECF No. 212 at pp. 6-7). The act of objecting is itself an acknowledgment that the designation was received. Defendants cannot invoke their own objection as evidence of both adequate and inadequate notice.

Defendants did not, at any point after the April 14, 2026 designation, move to reopen discovery to depose the children, move under FRCP 37(c)(1) to strike them from the witness list, or seek a continuance. The procedural remedies that would have addressed any genuine prejudice were available and were not pursued.

### III.  ECF NO. 246 IS DISTINCT FROM ECF NO. 241

Plaintiff embraces the Court's ruling at ECF No. 241. The Court correctly observed that Plaintiff's minor children "are not parties to this action as they are not named as parties in Plaintiff's Second Amended Complaint nor does Plaintiff make any claims on their behalf therein." ECF No. 241 at 2. The Court therefore

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 4 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

concluded that the requested representation of minor plaintiffs was "unnecessary." Id.

The relief Plaintiff seeks at ECF No. 246 is materially different and is consistent with—not contrary to—that prior ruling. Plaintiff does not, at ECF No. 246, seek to add the minor children as parties. Plaintiff does not seek separate legal representation for the children as parties. Plaintiff seeks two narrowly defined procedural orders:

A. Leave to call the children as fact witnesses under Federal Rule of Evidence 601, subject to safeguards under Federal Rule of Evidence 611(a). Plaintiff, as the Personal Representative under RCW 4.20.020 and as the children's surviving father, has authorized their appearance and testimony. The children are not—and need not be—parties for that purpose.

B. If the Court determines that a Guardian ad Litem is warranted, appointment under FRCP 17(c)(2) for the limited protective function the rule contemplates ("the court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). Plaintiff does not contend that a GAL is necessary for the children to testify, but recognizes that the Court may conclude otherwise. If appointed, the GAL would supervise testimony preparation, accompany the children at trial, and advise the Court on welfare during testimony—but would

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 5 OF 11

not represent the children's legal interests as parties to the action—because, consistent with the Court's prior ruling, the children are not parties.

The Court's prior reasoning at ECF No. 241—that the Personal Representative is the sole proper plaintiff under Washington wrongful-death law—applies with equal force to ECF No. 246 and supports the relief Plaintiff requests. See *Huntington v. Samaritan Hosp.*, 101 Wn.2d 466, 471, 680 P.2d 58 (1984); *Wood v. Dunlap*, 83 Wn.2d 719, 723, 521 P.2d 1177 (1974); RCW 4.20.020.

## IV.  THE TESTIMONY IS NARROW AND DIRECTLY PROBATIVE

The children's testimony, as designated at ECF No. 204, is limited to "Robbie Tackett, family relationships, and damages." That scope corresponds to Washington Pattern Instruction 31.03.01, which directs the jury to award the surviving children for the loss of their mother's love, care, companionship, and guidance. The children are first-tier statutory beneficiaries under RCW 4.20.020. See *Philippides v. Bernard*, 151 Wn.2d 376, 385, 88 P.3d 939 (2004) (recognizing the first-tier structure of statutory beneficiaries under Washington wrongful-death law).

No surrogate witness can supply the proof. Grayson T. and Gretta T. are uniquely positioned to testify to the daily life they shared with their mother and to the specific dimensions of the relationship they lost. Without their testimony,

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 6 OF 11

the jury cannot fairly evaluate the WPI 31.03.01 categories the Court will instruct on.

The safeguards proposed at ECF No. 246 protect the proceeding's integrity and Defendants' right to cross-examine:

A. cross-examination of each child witness limited to thirty (30) minutes, subject to extension on a showing of good cause;

B. reasonable breaks during direct and cross upon request of the witness, counsel, or the supervising GAL;

C. a supportive adult, including the GAL, permitted to be present and visible in the courtroom during testimony; and

D. scope limited to the topics already designated at ECF No. 204—Robbie Tackett, family relationships, and damages—with no extension to collateral matters.

These safeguards are grounded in Federal Rule of Evidence 611(a)'s express authority to "make those procedures effective for determining the truth" and to "protect witnesses from harassment or undue embarrassment." None impairs Defendants' ability to cross-examine on the designated scope.

## V.  **PROCEDURAL DEFECTS CURED BY THE REQUESTED RELIEF**

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 7 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

Defendants invoke two procedural points: that the children were designated after the close of fact discovery, and that they are not listed in the Stipulated Pretrial Order at ECF No. 253. Neither point supports denial of ECF No. 246.

**Timing**. Pretrial witness disclosures are governed by FRCP 26(a)(3), not the close-of-discovery deadline. Plaintiff's designation at ECF No. 204 was made within the FRCP 26(a)(3) pretrial-disclosure window. Defendants received the designation, evaluated it, and filed a written objection. ECF No. 212 at 6-7. Any genuine timing prejudice would have been remedied by a motion to strike under FRCP 37(c)(1) or a motion to reopen discovery to depose. Defendants pursued neither.

**Pretrial Order**. It is correct that the children are not listed as witnesses in the Stipulated Pretrial Order at ECF No. 253. The Pretrial Order, however, may be amended under FRCP 16(e) "to prevent manifest injustice." Excluding statutory-beneficiary testimony from a wrongful-death trial—testimony Defendants have known was a possibility for over a year and have known was formally designated for over a month—would itself work the manifest injustice Rule 16(e) was designed to prevent.

Plaintiff accordingly requests, concurrent with the relief at ECF No. 246, that the Court enter an Order amending the Stipulated Pretrial Order pursuant to FRCP 16(e) to include Grayson T. and Gretta T. on the witness list, scope-

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

bounded to the designation at ECF No. 204. The amendment is narrow, the scope is fixed, and the cure is proportionate to the gap.

## VI.  <u>CONCLUSION AND REQUESTED RELIEF</u>

For the reasons stated, Plaintiff respectfully requests that the Court enter an Order:

1. Granting leave to call Grayson T. and Gretta T. as fact witnesses at trial, subject to the safeguards specified in Section IV above and at ECF No. 246;

2. Conditional on the granting of leave to testify, appointing a Guardian ad Litem under FRCP 17(c)(2) for the limited protective function described at ECF No. 246—supervising testimony preparation, accompanying the children at trial, and advising the Court and counsel on any issue bearing on the children's welfare during the testimony process;

3. Pursuant to FRCP 16(e), amending the Stipulated Pretrial Order at ECF No. 253 to include Grayson T. and Gretta T. as fact witnesses, scope-bounded to the designation at ECF No. 204; and

4. In the alternative, if the Court declines to appoint a GAL, permitting the children's testimony with the Personal Representative or undersigned counsel supervising preparation and attendance, subject to the same safeguards.

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 9 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

DATED this 25th day of May, 2026.

Respectfully submitted,

LAW OFFICE OF JUSTIN D. LEIGH

By: /s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307
106 N. Grant St. | P.O. Box 855
Goldendale, WA 98620
justindleigh@gmail.com
509-426-4415
*Attorney for Plaintiff*

PLAINTIFF'S SUPPLEMENTAL
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE
PAGE 10 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

## CERTIFICATE OF SERVICE

I, Justin D. Leigh, certify under penalty of perjury under the laws of the United States and the State of Washington that on May 26, 2026, I caused to be served the foregoing on the individuals listed below via the Court's CM/ECF electronic filing system and via electronic mail:

**EVANS, CRAVEN & LACKIE, P.S.**

Markus W. Louvier, WSBA No. 39319
Stephanie A. Crockett, WSBA No. 62797
818 W. Riverside, Suite 250
Spokane, WA 99201
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO PERMIT MINOR CHILDREN TO TESTIFY AND FOR APPOINTMENT OF GUARDIAN AD LITEM UNDER FRCP 17(C) PAGE 11 OF 11

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415