Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
106 N. Grant Ave. | P.O. Box 855
Goldendale, WA 98620
509-426-4415

## IN UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF WASHINGTON

BRIAN TACKETT, an individual, as Personal Representative of the Estate of Robbie Ann Tackett,

   Plaintiffs,

 v.

PROVIDENCE SACRED HEART MEDICAL CENTER and KAVITHA CHAGANUR,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **2:24-CV-00262-TOR**

**PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF MOTION IN LIMINE RE: DEFENDANTS' TRIAL EXHIBITS 520-532—DEFENDANTS' ADMISSION OF FRE 404(a)(1)-PROHIBITED PURPOSE**

## I. **INTRODUCTION**

Plaintiff Brian Tackett, individually and as Personal Representative of the Estate of Robbie Ann Tackett, respectfully submits this short supplemental notice in support of Plaintiff's Motion in Limine (ECF No. 208) on Defendants' proposed Trial Exhibits 520-532—the 2009 self-published memoir and the prior-

PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF MOTION IN LIMINE RE: DEFENDANTS' TRIAL EXHIBITS 520-532
PAGE 1 OF **7**

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

litigation opinions Defendants intend to offer for impeachment purposes under Federal Rule of Evidence 608(b).

The supplemental development is a single sentence Defendants placed in their Objections to Plaintiff's Individually Proposed Jury Instructions (ECF No. 255), filed May 25, 2026. That sentence resolves a question this Court raised on the briefing of Plaintiff's MIL: whether Defendants intend to use the impeachment evidence for the narrow credibility purpose Rule 608(b) authorizes, or for the substantive propensity inference Federal Rule of Evidence 404(a)(1) categorically prohibits. Defendants have now answered that question in writing. The answer compels granting Plaintiff's Motion in Limine in its categorical form, or, alternatively, requires the limiting instruction Plaintiff has separately proposed (ECF No. 244, Instruction No. 5).

## II.  THE SUPPLEMENTAL DEVELOPMENT

In objecting to Plaintiff's Proposed Jury Instruction No. 5—the FRE 608(b) limiting instruction Plaintiff submitted to constrain the jury's use of the impeachment evidence to the narrow credibility purpose Rule 608(b) authorizes—Defendants wrote, in the same paragraph in which they purport to disclaim any substantive use:

> "Defendants have already explained at length that such proposed defense exhibits, particularly Plaintiff's 'self-published memoir,' would be used solely for impeachment purposes. Plaintiff's proposed instruction No. 5 is objectionable as an incorrect recitation

PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF MOTION IN LIMINE RE: DEFENDANTS' TRIAL EXHIBITS 520-532 PAGE 2 OF 7

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

of Fed. R. Evid. 608(b). Plaintiff's language within this proposed instruction includes that 'you may not consider that evidence as evidence that Brian Tackett has any bad character or any propensity to act in any particular way.' This language is confusing, where such impeachment evidence demonstrates Plaintiff's propensity to lie, *and may be considered for such purpose*." ECF No. 255 at 6 (emphasis added).

The italicized clause—"and may be considered for such purpose"—articulates the substantive propensity inference Rule 404(a)(1) categorically bars. Defendants are no longer simply asserting a narrow Rule 608(b) credibility-of-witness use. They are asserting that the impeachment evidence "may be considered" by the jury as substantive evidence of Plaintiff's character trait of "propensity to lie." That use is the very mode of reasoning Rule 404(a)(1) prohibits.

### III.  **ADMISSION RESOLVES THE MOTION IN LIMINE**

The Federal Rules of Evidence draw a sharp distinction between (a) using credibility evidence to assess whether the jury should believe what a witness is saying on the stand and (b) using character-trait evidence to support a substantive inference that the witness acted in accordance with the trait. The first is the narrow lane Rule 608(b) authorizes; the second is the categorical bar Rule 404(a)(1) imposes.

Federal Rule of Evidence 404(a)(1): "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

The Rule 404(a)(3) exception is narrow: "Evidence of a witness's character may be admitted under Rules 607, 608, and 609." The exception authorizes the kinds of evidence those three rules permit—and only those kinds.

Federal Rule of Evidence 608(b): Extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness. The court may, on cross-examination, allow such instances to be inquired into if they are probative of truthfulness or untruthfulness. The rule permits cross-inquiry; it does not authorize substantive propensity reasoning.

The distinction is constitutive of the rule structure: a 608(b) cross-inquiry tests the witness's credibility as a witness—should the jury believe what the witness is saying today. A 404(a)(1) propensity inference uses a character trait as substantive proof of conduct in accordance with the trait. The first is permitted within Rule 608(b)'s narrow constraints. The second is barred without exception.

Defendants' statement that the evidence "may be considered for such purpose" of demonstrating "Plaintiff's propensity to lie" articulates the second use, not the first. Defendants have, by their own admission, identified the

PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF MOTION IN LIMINE RE: DEFENDANTS' TRIAL EXHIBITS 520-532 PAGE 4 OF 7

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

impeachment evidence as character-trait evidence to be used for a 404(a)(1)-prohibited substantive purpose.

## IV.  **REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

| No. | Relief Requested |
|---|---|
| 1. | Grant Plaintiff's Motion in Limine (ECF No. 208) and exclude Defendants' proposed Trial Exhibits 520-532 categorically from the case-in-chief, including from any cross-examination inquiry, on the ground that Defendants have now affirmatively identified the evidence's intended use as the Rule 404(a)(1)-prohibited substantive propensity inference rather than the Rule 608(b)-authorized narrow credibility cross-inquiry; or in the alternative; |
| 2. | Grant Plaintiff's Motion in Limine as to the extrinsic evidence itself (the book at Exhibit 532 and the prior-litigation opinions at Exhibits 520-524 and 526-531), permitting any Rule 608(b) cross-inquiry only on the narrow credibility purpose the rule authorizes; AND |
| 3. | Require the limiting instruction Plaintiff has proposed at Plaintiff's Proposed Jury Instruction No. 5 (ECF No. 244), or a substantively equivalent instruction directing the jury that the cross-examination evidence may be considered only on the witness's credibility and may not be considered as evidence of any character trait or propensity to act in any particular way. |

This filing supplements the briefing on Plaintiff's Motion in Limine. It does not request additional briefing or oral argument; the supplemental development consists only of identifying Defendants' written statement of intended use as it appeared in Defendants' Objections to Plaintiff's Individually Proposed Jury Instructions on May 25, 2026.

PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF MOTION IN LIMINE RE: DEFENDANTS' TRIAL EXHIBITS 520-532 PAGE 5 OF 7

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

DATED this 28th day of May, 2026.

Respectfully submitted,

LAW OFFICE OF JUSTIN D. LEIGH

By: /s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307
106 N. Grant St. | P.O. Box 855
Goldendale, WA 98620
justindleigh@gmail.com
509-426-4415
*Attorney for Plaintiff*

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415

## CERTIFICATE OF SERVICE

I, Justin D. Leigh, certify under penalty of perjury under the laws of the United States and the State of Washington that on May 28, 2026, I caused to be served the foregoing on the individuals listed below via the Court's CM/ECF electronic filing system and via electronic mail:

**EVANS, CRAVEN & LACKIE, P.S.**

Markus W. Louvier, WSBA No. 39319
Stephanie A. Crockett, WSBA No. 62797
818 W. Riverside, Suite 250
Spokane, WA 99201
mlouvier@ecl-law.com
scrockett@ecl-law.com
*Attorneys for Defendants*

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307

PLAINTIFF'S SUPPLEMENTAL NOTICE IN
SUPPORT OF MOTION IN LIMINE RE:
DEFENDANTS' TRIAL EXHIBITS 520-532
PAGE 7 OF 7

LAW OFFICE OF **JUSTIN D. LEIGH**
106 N. GRANT ST. | P.O. BOX 855
GOLDENDALE, WA 98620
T 509.426.4415