# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

P.O. BOX 1493
SPOKANE, WASHINGTON 99210
(509) 458-2470

August 12, 2026

Re: *Tackett v. Providence Sacred Heart Medical Center et al.;*
2:24-CV-0262-TOR
Procedures for upcoming Civil Jury Trial

Dear Counsel:

You are currently scheduled for a civil jury trial in my Court beginning **August 31, 2026, in Spokane Courtroom 902**. I will employ the following procedures during the trial.

1. Pretrial Conference

I will meet with counsel in the courtroom at 8:30 a.m. on the first day of trial. Issues that require discussion will be addressed at that time. The parties shall each provide me and opposing counsel with their final witness lists and the joint summary of the case at this time. The pretrial conference will conclude by 8:50 a.m.

2. Jury Introduction

The jury clerk will then bring the jurors to the courtroom at 9:00 a.m. On the morning of trial, the jury staff will enter the names of the jurors into the computer which randomly assigns a number to each juror. The jurors will then receive a card with their number on it. The first 14 jurors will be seated in the jury box. The other jurors will be seated in sequence within the first rows of the seating section. The entire jury panel will then be administered the oath regarding jury qualifications.

When all jurors have been seated in this fashion, I will welcome them, read the joint summary statement of the case, and give them an estimated length of the trial. Following that, I will explain to the jurors the fundamental importance of jury duty. I will then advise the jurors that if there are any questions asked by me or by counsel that will cause embarrassment or are quite personal, they are to raise their hand and ask to approach the bench so that the matter can be discussed at the bench with me rather than in public.

3. Court Introduction and Voir Dire

After the jury panel understands their responsibilities, I will:

a) Introduce the courtroom staff, with a brief explanation of their roles;

b) Introduce the Plaintiff's counsel who will introduce those at the Plaintiff's table. I will then ask the jury panel as a whole whether they are familiar with anyone at the Plaintiff's table;

c) Introduce Defendant's counsel who will introduce those at the Defendant's table. I will ask the jury panel as a whole whether they are familiar with anyone at the Defendant's table; and

d) Read the list of possible witnesses that has been provided to me by the parties, again, asking the jury panel if they are familiar with each witness as I name them.

The following general questions will then be addressed to the entire panel:

1) Whether they are familiar with, heard or read anything about the case;

2) Whether they or any member of their immediate family have any dealings with any of the parties;

3) Whether anyone would not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law they may have; and

4) Whether anyone has a mental or physical infirmity that would make serving as a member of this jury difficult or impossible or that requires special attention during the course of the trial.

Following those general questions, each juror will be asked to stand and tell something about themselves including:

1) Their name and area of residence;

2) Any clubs, unions, or other organizations that they belong to and whether they have held any leadership positions in those groups;

3) Their favorite book, television program, or hobby;

4) Whether they regularly read any newspapers or magazines, and if so, which ones;

5) The extent of their worldly travels;

6) Whether they know any other juror; and

7) Whether they could be attentive to the evidence and be fair to the parties in this case.

I will then ask selected questions from those questions previously submitted by counsel and any additional questions I may have.

4. Counsel Voir Dire

Counsel for each party will then be allowed **15 minutes** of voir dire with the Plaintiff proceeding first.

I will once again ask whether anyone would not be able to render a verdict solely on the evidence presented at trial applying the law as given by the Court, disregarding any other ideas, notions or beliefs about the law they may have.

5. Jury Selection

Following counsel voir dire, jury selection will begin. The "struck jury" system will be used. Counsel will first approach the bench with their challenges for cause. Challenges for cause will be presented as follows:

Name and number of the juror will be written out for the Court to examine and rule on; challenges shall be taken at the Bench out of hearing of the jury and in the presence of the court reporter.

Following the for-cause challenges, peremptory challenges will be taken. They will alternate:

1 Plaintiff, then 1 Defendant;
1 Plaintiff, then 1 Defendant; and
1 Plaintiff, then 1 Defendant.

The parties are not permitted to back-strike when using their peremptory challenges; that is, a party may not strike a lower numbered juror than that party's earlier peremptory challenges. For example, if the plaintiff strikes Prospective Juror No. 5 with its first peremptory challenge, it may not strike any prospective juror with a lower number with its remaining peremptory challenges. If you waive a peremptory challenge, that peremptory challenge is lost.

Any Batson objections will then be heard at the bench on the record out of hearing of the jury. Following the rulings on any Batson objections, all jurors will be removed from the jury box and the **first 8 jurors** who have not been challenged will be seated in sequence.

The parties will then be asked on the record if the jury that is seated is the jury that they have selected. Upon receiving assurances from both parties, the jury will be sworn. Following the administration of the oath to the seated jury, the remaining jurors will be excused with the thanks of the parties through the Court.

6. Juror Notebooks

The seated jurors will each receive a notebook. The notebook will contain a page welcoming them to the court and giving them some brief instructions. The notebook will also contain a writing utensil, notebook paper, and the Initial Jury Instructions, which I will read to them at this time. A copy of this material will be provided to you at 8:30 a.m., the first morning of trial.

7. Opening Statements

Opening statements will then begin. I will allow each party up to **15 minutes** for opening statements.

8. Objections

Objections shall be stated in a simple manner as “Relevance” or “Hearsay.” There shall be no speaking objections of unnecessary length. Side bar conferences are highly discouraged. If an objection requires a conference at the Bench, counsel shall ask for a hearing during the recess, lunch, before or after court. The jury shall be kept productive while in attendance.

9. Evidence and Exhibits

All evidence, charts, summaries, and exhibits (including demonstrative or illustrative) must be viewed by opposing counsel prior to their introduction. All exhibits are to be presented through a laptop or placed on the Elmo. Poster boards will not be permitted. All exhibits shall be clearly marked with an exhibit sticker on the bottom right corner of the document and be visible during electronic presentation. The parties shall provide the Court with two copies of their exhibits in binders and one copy to each opposing party no later than **August 27, 2026**. <u>**The Court’s copies shall be provided to the Clerk’s Office in Spokane.**</u>

The parties shall provide the Court with final copies of their exhibit and witness lists in Word format via e-mail to riceorders@waed.uscourts.gov no later than **August 27, 2026**.

10. Witnesses

As a general rule, the Court believes one hour should be adequate for direct testimony of a witness. If you feel you need an exception to this, you should advise the Court prior to the beginning of trial.

By 5:00 p.m. each business day, the parties are required to disclose to the Court and opposing counsel the list of witnesses they intend to call to the witness stand the next trial day.

11. Closing Arguments

I will allow each party up to **20 minutes** for closing argument. During closing argument, counsel are reminded not to express their personal beliefs as to the credibility of any witness. Specifically, counsel should not indicate they believe or do not believe the testimony provided by particular witnesses. Counsel should refrain from using the personal pronoun "I" in closing argument. In addition, counsel must refrain from encouraging jury members to place themselves in the position of the plaintiff or defendant when considering the evidence and determining their verdict.

Throughout trial, counsel must refrain from vouching for their case by using the words "we", "us", and "we know."

12. Electronic Presentations

If you are unfamiliar with the courtroom technology, you shall contact IT staff at the Spokane Clerk's Office to schedule a tech-readiness meeting. The tech-readiness meeting must be conducted in-person no later than **August 26, 2026, based on IT staff availability.**

13. Courtroom Protocol

Trial days are Monday-Friday, 8:00 - 5:00 p.m., with the exception of the first day of trial, unless the Court orders otherwise. The Court will take a 15-minute break around 9:45 a.m. and a short 10-minute break about 11:00 a.m. Lunch recess is normally 12:00 p.m. to 1:00 p.m. There will be two breaks during the afternoon session usually around 2:45 p.m. and 4:00 p.m.

Counsel are expected to be early to Court and prepared for trial each day with sufficient witnesses for the entire day. The Court will not recess trial early due to a parties' lack of

witnesses. Counsel will stand when addressing the Court. The Court is always addressed as “Your Honor” or “Judge,” not “Sir”. Counsel must always use and stay at the podium when addressing the Court, the jury, and questioning witnesses.

Food and drink are not allowed in the courtroom, with the exception of bottled water.

14. Jury Verdict

After the case has been submitted to the jury, each party must designate an attorney to be contacted during jury deliberations and provide that attorney’s contact phone number, preferably a cellular phone number. When the jury has reached a verdict, each party and counsel will have 20 minutes to be in the courtroom to hear the verdict.

Please familiarize yourselves with the Local Rules of the Eastern District of Washington, in particular, LR 83.1, “Courtroom Practice and Civility.”

I look forward to seeing you on the first day of trial.

Very truly yours,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Thomas O. Rice

THOMAS O. RICE
United States District Judge