Justin D. Leigh (WSBA No. 55307)
LAW OFFICE OF JUSTIN D. LEIGH
601 W. 1st Ave., Ste. 1400, PMB #17389612
Spokane, WA 99201
509-250-1748

**IN UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRIAN TACKETT, an individual, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T.<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENCE SACRED HEART MEDICAL CENTER and KAVITHA CHAGANUR,<br><br>Defendants. | CASE NO. **2:24-CV-00262-TOR**<br><br>**PLAINTIFF'S MOTION TO PERMIT REMOTE TRIAL TESTIMONY OF TAMMY ALBERSON PURSUANT TO FED. R. CIV. P. 43(a), AND REQUEST FOR EXPEDITED CONSIDERATION (LCivR 7(i)(2)(C))** |

## I. RELIEF REQUESTED

Plaintiff respectfully moves the Court, under Federal Rule of Civil Procedure 43(a), for an order permitting witness Tammy Alberson to testify at trial by contemporaneous two-way video transmission from a location in or near Ashland, Mississippi, with appropriate safeguards. The motion is based on Ms.

Alberson's medical inability to travel to Spokane for trial, on the advice of her treating physician, as set out in the accompanying Declaration of Justin D. Leigh.

## II. STATEMENT REGARDING LOCAL RULE CONSULTATION

Undersigned counsel has attempted to confer with counsel for Defendants regarding this request. As of the time of filing, Defendants have not responded to Plaintiff's request.

## III. BACKGROUND

1. Ms. Alberson is the Deputy Coroner for Benton County, Mississippi, and was the coroner investigator on the death of Robbie Ann Tackett. She is a foundational lay witness regarding the death investigation, the scene, and the decedent's presentation. Her testimony is unique and otherwise only represented by her deposition transcript.

2. Ms. Alberson resides in Ashland, Mississippi—cross-country from Spokane, well beyond 100 miles and outside the State of Washington. She was served with a trial subpoena in this matter on August 13, 2026.

3. On August 14, 2026, the day after service, Ms. Alberson advised undersigned counsel by telephone that she suffers from chronic obstructive pulmonary disease ("COPD"), among other medical conditions, and that her treating physician has advised her not to travel to Spokane for trial. Ms. Alberson

stated that she would obtain and provide written documentation from her physician.

4. As of the filing of this motion, undersigned counsel has not received that documentation, notwithstanding follow-up with Ms. Alberson. Trial is set to begin on August 31, 2026, approximately two weeks from the date of this filing. Plaintiff files this motion now, rather than waiting for the documentation, so that the Court and the parties have sufficient time to address the logistics of remote testimony before trial. Plaintiff will supplement the record with the physician's documentation promptly upon receipt, and without it will require her presence as subpoenaed.

## IV. ARGUMENT

### A. <u>Rule 43(a) permits remote testimony in compelling circumstances, and unexpected illness is the paradigm case</u>.

Rule 43(a) provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As this Court explained in denying an earlier request on different grounds, the Rule "is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.'" ECF No. 242 at 3 (quoting the

advisory committee's note to Fed. R. Civ. P. 43(a)). The Court further noted that courts "most frequently allow remote testimony in special circumstances." Id.

**B. <u>If substantiated, Ms. Alberson's medical inability to travel is precisely the "unexpected . . . illness" the Rule contemplates, and is distinct from the grounds previously denied</u>.**

The Court's prior order (ECF No. 242) denied remote testimony where the asserted reasons were scheduling conflicts and distance—a witness's international travel, another witness's simultaneous trial, and out-of-state residence. The Court held those reasons did not rise to compelling circumstances. This motion presents a materially different circumstance: a substantiated and unexpected medical impediment, disclosed to counsel the day after the subpoena was served, that physically prevents this witness from traveling. According to her, and to be verified by counsel, Ms. Alberson suffers from COPD and related conditions. She reports that her treating physician has advised against cross-country travel to Spokane. If true, Ms. Alberson's inability to travel rests on her treating physician's advice, not on convenience or scheduling.

Plaintiff will supplement the record with the physician's documentation upon receipt.

**C. <u>The requested relief is narrow, and appropriate safeguards are proposed</u>.**

Plaintiff proposes the following safeguards to preserve the integrity of the testimony: (i) Ms. Alberson will be placed under oath by the Court or a person authorized to administer oaths at her location; (ii) testimony will proceed by real-time, two-way audio-video transmission allowing the Court, the jury, and all counsel to see and hear the witness and the witness to see and hear the courtroom; (iii) counsel for all parties will have a clear view of the witness for cross-examination; (iv) any exhibits to be used with the witness will be provided to her location in advance and displayed on screen; and (v) Plaintiff will coordinate with the Clerk's IT staff for a tech-readiness check consistent with the Court's trial procedures (ECF No. 266). Because Ms. Alberson's testimony is unique and limited in scope, the remote format poses minimal risk to the truth-seeking function while allowing the jury to observe her live.

**D. <u>In the alternative, Ms. Alberson is an unavailable witness whose deposition may be used</u>.**

Should the Court decline remote testimony, Ms. Alberson is "unavailable" within the meaning of Fed. R. Civ. P. 32(a)(4): she is more than 100 miles from the place of trial (Rule 32(a)(4)(B)) and is now unable to attend because of illness (Rule 32(a)(4)(C)). Plaintiff has designated her deposition testimony and would

present it by that means. Live remote testimony is preferable and is the primary relief requested.

## V. REQUEST FOR EXPEDITED CONSIDERATION (LCivR 7(i)(2)(C))

Plaintiff respectfully requests that the Court consider this motion on an expedited basis and shorten the time for any response, so that it may be resolved before trial begins on August 31, 2026.

Good cause supports expedited consideration: Ms. Alberson's medical inability to travel arose after the trial subpoena was served and became known to Plaintiff only recently; trial begins August 31, 2026, leaving insufficient time for ordinary motion noticing; the relief sought is narrow and requires little of the Court's time; and Defendants previously indicated agreement in principle to remote trial testimony in this matter, subject to the Court's authorization. See ECF No. 209 at 1.

Additionally, the undersigned counsel has attempted to confer with counsel for Defendants regarding this request. As of the time of filing, Defendants have not responded.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave for Tammy Alberson to testify at trial by contemporaneous two-way video

transmission under Rule 43(a), with the safeguards described above, and grant such further relief as the Court deems just.

DATED this 18th day of August, 2026.

Respectfully submitted,

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

DATED this 18th day of August, 2026.

/s/ Justin D. Leigh
Justin D. Leigh, WSBA No. 55307