**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**
**SPOKANE DIVISION**
**CIVIL NO. 2:24-cv-00262-TOR**

**BRIAN TACKETT individually, as Personal Representative of the Estate of Robbie Ann Tackett, and as Guardian of Minor Children G.T. and G.T.** **PLAINTIFF**

**vs.**

**PROVIDENCE SACRED HEART MEDICAL CENTER, KAVITHA CHAGANUR, M.D.**

**DEFENDANTS**

# PLAINTIFF BRIAN TACKETT'S REPLY IN SUPPORT OF NOTICE OF ELECTION TO PROCEED PRO SE AS TO HIS INDIVIDUAL CAPACITY AND MOTION FOR ORDER OF SUBSTITUTION

## I. INTRODUCTION

Defendants' response turns on a premise that is both broader than the motion and inaccurate under Washington wrongful-death law. ECF No. 271 does not ask Brian Tackett to appear pro se for the Estate, the personal representative in a representative capacity, or either minor child. Justin D. Leigh remains counsel for every representative interest. ECF No. 273 ¶ 2. The motion seeks only to terminate Mr. Leigh's representation of Mr. Tackett in his individual capacity and permit Mr. Tackett to act for himself, subject to this Court's control of the trial.

Defendants answer a different motion. They repeatedly assert that the wrongful-death claim 'belongs to the Estate' and therefore that Mr. Tackett has no personal interest that can support self-representation. ECF No. 274 at 2, 5-8. Washington's Supreme Court says the opposite as to ownership and beneficial interest: a wrongful-death action is for the statutory beneficiaries, not the decedent or the estate; the personal representative holds the cause only in a nominal statutory capacity. *Kellogg v. Nat'l R.R. Passenger Corp.*, 199 Wn.2d 205, 216, 504 P.3d 796 (2022); *Deggs v. Asbestos Corp. Ltd.*, 186 Wn.2d 716, 721, 381 P.3d 32 (2016).

That distinction resolves most of the dispute. Mr. Tackett does not dispute that the personal representative is the statutory vehicle through which the wrongful-death action is maintained. Nor does he seek to practice law for anyone else. He asks to represent only himself as the surviving spouse and presently the only named statutory beneficiary whose wrongful-death damages are being pursued. Mr. Leigh remains counsel for the personal representative. Nothing in 28 U.S.C. § 1654, the cases cited by Defendants, or LCivR 83.2(d)(2) requires dismissal of that arrangement.

II. CLARIFICATION OF THE RELIEF REQUESTED

Defendants seize on the phrase 'individual claims' in ECF No. 271 as though Mr. Tackett were attempting, six days before trial, to invent a new tort claim. He is

not. To eliminate any ambiguity, "individual claims and interests" means Mr. Tackett's existing individual capacity and his own statutory-beneficiary interest and damages arising from the pleaded wrongful-death action. ECF No. 271 seeks no amendment to ECF No. 148, no survival claim, no new cause of action, no new damages category, and no representation of another person or entity.

The operative pleading confirms that the capacity distinction is substantive, not merely caption language. The Second Amended Complaint names "BRIAN TACKETT individually" in the caption; paragraph 3 identifies "Plaintiff Brian Tackett" as an individual; and the pleading alleges injuries personal to him, including loss of his marriage, Robbie's comfort, aid and support, and alleged business loss. ECF No. 148 *at* 1, ¶¶ 3, 12, 17–21, 39–40. The Court expressly authorized that revised pleading after finding the added facts did not materially alter Plaintiff's claims, caused Defendants no prejudice, and were not futile. ECF No. 147 at 3–4. ECF No. 271 seeks no amendment to that pleading; it asks only for a defined allocation of representation.

That is also precisely what LCivR 83.2(d)(2) contemplates procedurally. A party who has appeared by an attorney may not thereafter act pro se "unless a motion has been filed and properly served and an order of substitution is entered by the Court." Mr. Tackett filed that motion and served it. The question is therefore

not whether he may bypass the Local Rule; it is whether the Court should enter the substitution order contemplated by it.

## III. DEFENDANTS' PREMISE THAT THE WRONGFUL-DEATH CLAIM "BELONGS TO THE ESTATE" MISSTATES WASHINGTON LAW

Washington distinguishes a survival claim, which preserves a cause of action belonging to the decedent, from wrongful death, which compensates the living statutory beneficiaries for their own loss. *Warner v. McCaughan*, 77 Wn.2d 178, 179, 460 P.2d 272 (1969). The Washington Supreme Court recently restated the rule in *Kellogg*: the wrongful-death action is "for the benefit of statutory heirs, not the decedent or the decedent's estate." 199 Wn.2d at 216 (quoting *Deggs*, 186 Wn.2d at 721).

*Kellogg* goes further. It explains that the right of action belongs to neither the decedent nor the personal representative; it vests in the personal representative only nominally, because the personal representative is a statutory agent or trustee for the beneficiary class. Id., *at* 216-17 (*citing Gray v. Goodson*, 61 Wn.2d 319, 326-27, 378 P.2d 413 (1963)). The beneficiaries' interests vest when the wrongful-death cause accrues, and damages such as loss of love, care, protection, guidance, companionship, and services are unique to each beneficiary. Id., *at* 216-17.

Defendants actually acknowledge the critical fact: Mr. Tackett is "the only named statutory beneficiary pursuing a wrongful-death claim here" and the pleaded damages include his loss of his marriage and Robbie's comfort, aid, and support. ECF No. 274 *at* 3. Thus, while the personal representative is the required nominal plaintiff under RCW 4.20.010, the beneficial interest presently being tried is Mr. Tackett's own. Calling that interest property of the "Estate" does not make it so.

Mr. Tackett does not rely on this distinction to displace the personal representative. RCW 4.20.010 and cases such as *Ginochio v. Hesston Corp.*, 46 Wn. App. 843, 848, 733 P.2d 551 (1987), require the wrongful-death action to be maintained through the personal representative. That remains true here. Mr. Leigh remains counsel for that representative capacity. The motion therefore preserves, rather than violates, the representative structure Washington law requires.

## IV. SECTION 1654 AND THE NINTH CIRCUIT CASES CITED BY DEFENDANTS DO NOT BAR THIS REQUEST

Section 1654 provides that parties in federal court may "plead and conduct their own cases personally or by counsel." The limitation is equally settled: a nonlawyer may not use that statute to represent someone else. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). Mr. Tackett

accepts that limitation. It is why ECF No. 271 expressly leaves Mr. Leigh in place for all representative interests.

*C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987), illustrates the difference. There, a trustee could not appear pro se because he was not the actual beneficial owner of the trust claims and was attempting to act for others. Id., *at* 697-98. The Ninth Circuit framed the question as whether the pro se litigant is the person who, under substantive law, possesses the right being enforced. Id., *at* 697. Here, Washington law identifies Mr. Tackett as the statutory beneficiary and beneficial owner of his own wrongful-death damages; *Kellogg* holds that those beneficiary interests are vested and unique. 199 Wn.2d at 216-17.

*Simon v. Hartford Life, Inc.*, 546 F.3d 661 (9th Cir. 2008), is likewise distinguishable. The ERISA participant there was trying to prosecute a fiduciary-breach claim whose recovery belonged to the ERISA plan itself. Id., *at* 664-65. *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), barred a nonlawyer parent from litigating a minor child's claim. *Stoner* barred a relator from representing the United States. None involved a natural person seeking to appear solely for his own vested beneficial interest while licensed counsel remained for the representative plaintiff.

Defendants therefore prove an undisputed proposition—that Mr. Tackett cannot act as the lawyer for the Estate, the personal representative acting for other beneficiaries, or the children. ECF No. 271 does not ask him to do any of those things.

Defendants' remaining reliance on *Kellogg*'s statement that the personal representative is the "only person authorized to bring the wrongful death action" does not change this. *Kellogg*, 199 Wn.2d at 217. That statement describes who brings and maintains the action. It does not address who may participate in presenting the beneficiary's own vested interest once the action is properly brought. Mr. Tackett does not seek to bring, maintain, or control the action. The personal representative does that, through counsel, exactly as *Kellogg* requires. Mr. Tackett asks only to be heard as to the beneficial interest *Kellogg* confirms is his—an interest that vests when the cause accrues and is "unique to each beneficiary's relationship to the decedent." *Id.* at 216-17. Neither *Kellogg* nor *Hatch v. Tacoma Police Department*, 107 Wn. App. 586, 27 P.3d 1223 (2001), on which Defendants rely, addresses that narrower question.

## V. NO AMENDMENT IS SOUGHT, AND THE OPPOSITION'S LONDON / WAIVER ARGUMENT IS BESIDE THE POINT

Defendants argue that Mr. Tackett cannot now amend ECF No. 148 to add an individual cause of action and cite *London v. Coopers & Lybrand*, 644 F.2d

811, 814 (9th Cir. 1981). ECF No. 274 *at* 7. That argument has no target. ECF No. 271 asks to change representation, not pleadings. It expressly states that substitution changes no claim or defense. There is consequently no Rule 15 issue and no abandoned claim being revived.

Nor should this procedural motion be used to recharacterize the merits that remain for trial. Earlier, Defendants themselves moved for summary judgment against the medical-negligence, informed-consent, and corporate-negligence claims pleaded in ECF No. 148. ECF No. 172. This Court dismissed informed consent but held that factual disputes precluded summary judgment on medical negligence and that Plaintiff presented sufficient expert evidence to proceed on corporate negligence. *Tackett*, 2026 WL 900912, at *8-*10. Whatever shorthand is used for the wrongful-death remedy, ECF No. 274 cannot transform a substitution motion into a new dispositive motion against claims this Court has already ruled will proceed.

## VI. THERE IS NO CONCRETE PREJUDICE, AND THE COURT CAN CONTROL THE PRESENTATION

The response identifies no discovery that must be reopened, no witness who must be re-deposed, no exhibit or expert opinion that changes, no new claim or defense, and no requested continuance. More importantly, Defendants' objection

comes after years of litigating this controversy directly against Mr. Tackett pro se.

The Providence claims were transferred to this Court in July 2024, and Mr. Tackett personally litigated them here until Mr. Leigh appeared in May 2026—approximately **twenty-one months of pro se litigation in this District alone**, and substantially longer in the underlying litigation. During that period Defendants litigated the operative pleading, discovery, experts, and dispositive motions directly against him. The Court's published summary-judgment order itself identifies "*Brian Tackett, Troy, MT, Pro Se*." *Tackett v. Providence Sacred Heart Med. Ctr.*, 2026 WL 900912, at *1 (E.D. Wash. Apr. 1, 2026). Defendants identify no earlier motion seeking dismissal on the theory that Mr. Tackett was categorically incapable of personally prosecuting this controversy. Plaintiff does not argue waiver; the history instead powerfully negates surprise or practical prejudice from his participation now.

Any concern about duplication is readily addressed by the Court's ordinary trial-management authority. Mr. Tackett and Mr. Leigh have already represented that they will coordinate examinations and argument. ECF No. 271 *at* 3. The Court may assign witnesses or subjects, prohibit repetitive questioning, and require one examination per witness as appropriate. See Fed. R. Evid. 611(a); Fed. R. Civ. P. 16. Those tools address trial efficiency directly; extinguishing Mr. Tackett's requested individual appearance does not.

## VII. DEFENDANTS' DISMISSAL ARGUMENT ADDRESSES A HYPOTHETICAL THAT NO ONE HAS PROPOSED

Section III.C of the response argues that the action must be dismissed if Mr. Tackett "forgo[es] counsel altogether" for the personal representative. ECF No. 274 at 7-8. He is not doing that. Mr. Leigh expressly declares that he will remain counsel of record for the Estate and representative interests. ECF No. 273 ¶ 2. The condition on which Defendants' dismissal argument depends therefore does not exist.

The requested order leaves a licensed Washington attorney in the case and leaves counsel in place for the precise representative capacity Defendants say requires counsel. Dismissal would not be a remedy for the motion before the Court.

## VIII. ALTERNATIVELY, THE COURT MAY PERMIT LIMITED TRIAL PARTICIPATION WITHOUT ALTERING COUNSEL'S APPEARANCE

If the Court concludes that Washington's statutory structure prevents the precise capacity-based substitution requested in ECF No. 271, Plaintiff *respectfully requests narrower relief rather than denial* of Mr. Tackett's participation altogether.

The Court may leave Mr. Leigh as counsel of record in all capacities while permitting Mr. Tackett to conduct designated witness examinations. Federal Rule of Evidence 611(a) does more than permit the Court to manage examinations. It

directs the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The requested arrangement is not an appeal to the Court's grace. It invokes the Rule's own criteria. Assigning the examination of the technical medical witnesses to the person who knows that record best makes those examinations more effective for determining the truth. Fed. R. Evid. 611(a)(1). Confining Mr. Tackett to one questioner per witness, with witnesses assigned in advance and no additional trial time, avoids wasting time. Fed. R. Evid. 611(a)(2). And the safeguards set out below protect the witnesses. Fed. R. Evid. 611(a)(3). Where a request satisfies each of the Rule's stated purposes, granting it is the reasoned exercise of the control the Rule directs, not a discretionary favor. The Court's independent authority to manage the conduct of trial confirms the point. See Fed. R. Civ. P. 16(c)(2). Ninth Circuit law recognizes that hybrid participation is not an absolute right but may be permitted in the trial court's discretion. See *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir. 1986). Those decisions arise under the Sixth Amendment, where permitting a criminal defendant to participate alongside counsel implicates the defendant's own trial rights and the orderly conduct of a criminal prosecution. If a court may permit

such participation there, the discretion to permit it is at least as broad in this civil trial, where licensed counsel remains lead and fully responsible and the participant is not a stranger to the claim. Mr. Tackett is the real party in interest as to the beneficial interest being tried. The governing test for self-participation is "whether one seeking to represent himself pro se is a person who by substantive law has the right sought to be enforced." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Washington law identifies Mr. Tackett as the vested beneficial owner of his own wrongful-death damages. *Kellogg*, 199 Wn.2d at 216-17. A limited, court-controlled examination role for the beneficial owner of the claim, with counsel remaining lead throughout, presents the strongest case for the discretionary accommodation these authorities permit.

This case presents unusually strong grounds for a narrow accommodation. Mr. Tackett personally developed and litigated the technical medical record for years. The remaining issues include detailed chronology, ejection-fraction measurements, cardiomyopathy, guideline-directed medical therapy, sudden-cardiac-death prevention, ICD/CRT distinctions, electrophysiology referral, and competing expert interpretations. Limited assignment of technical examinations to the person most familiar with that record can shorten and focus the presentation.

The proposed limits eliminate ordinary hybrid-representation concerns: Mr. Leigh remains counsel of record, present and responsible to the Court; witnesses

are assigned in advance; only one Plaintiff questioner examines any witness absent leave; Mr. Tackett's participation is confined principally to medical and technical examinations; no additional trial time is requested; and the Court may modify or terminate the accommodation at any time. That the Court retains complete control—assigning witnesses, limiting questioning, and modifying or terminating the arrangement at will—is the feature that distinguishes a permissible, court-managed accommodation from any surrender of the courtroom to a nonlawyer.

Plaintiff presently anticipates that Mr. Tackett would conduct the direct examination of Plaintiff's expert witness, the technical medical examinations, the cross-examinations of defense experts Dr. Nazer and Dr. Yakovlevitch, and any examination in rebuttal, together with any other medical or technical witnesses the Court approves at the final pretrial conference. Mr. Leigh would deliver the opening statement and closing argument, conduct the human and family witnesses, and remain lead counsel. Mr. Tackett and Mr. Leigh reserve the right to adjust this allocation in the interest of judicial efficiency, subject to the Court's approval.

This alternative does not substitute a nonlawyer for counsel for the Estate, minors, or any other person. Counsel remains in place throughout. It therefore presents a trial-management question within the Court's discretion, not the unauthorized-representation problem addressed in Defendants' cases.

IX. CONCLUSION

Mr. Tackett respectfully requests that the Court grant ECF No. 271 and substitute him pro se for Mr. Leigh solely as to Mr. Tackett's individual capacity and his own statutory-beneficiary interest and damages arising from the pleaded wrongful-death action, while confirming that Mr. Leigh remains counsel of record for the Personal Representative and all representative interests.

**Alternatively**, if the Court concludes that the formal structure of the wrongful-death action prevents that capacity-based substitution, Plaintiff requests that Mr. Leigh remain counsel of record in all capacities and that the Court exercise its discretion under Federal Rule of Evidence 611(a) and its trial-management authority to permit Mr. Tackett to conduct designated medical and technical witness examinations, subject to the safeguards described above.

Date: 8-25-2026. Respectfully submitted,

/S/ Brian Tackett

Brian Tackett
POB 448, Troy MT 59935
662/544-4500
Tackett59935@gmail.com

Certificate of Filing and Service

I, the undersigned, hereby certify that I have filed the above with all attachments with the electronic filing system constituting service upon all parties.

/S/ Justin D. Leigh
Justin D. Leigh